Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977

Plaintiff in Pro Per

FILED

08 FEB 14 PM 3:36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  IP  DEPUTY

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

"VIA FAX"

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, <br><br> Plaintiff, <br><br> vs. <br><br> TOUCH ASIA OUTSOURCING SOLUTIONS, INC., dba TOUCH ASIA CALL CENTER, INC.; RUDY NGAW; dba/aka/ PACIFIC CALL CENTERES; STRATASOFT INC LANE MCCARTY individually and as an employee and/or agent of STRATASOFT INC.; JASON PACE individually and as an employee and/or agent of STRATASOFT, INC.; MIKE BRIDGES individually and as an employee and/or agent of STRATASOFT, INC.; MICHIEL BRIDGES, JR., individually and as an employee and/or agent of STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; COLO 6 LLC, a California Corporation, and NAVROZ HAJI, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 08 CV 0138 WQH POR <br><br> NOTICE OF AND PLAINTIFF'S APPLICATION FOR WRIT OF POSSESSION, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF NOREEN RUCINSKI <br><br> CCP § 512.010 <br><br> FRCP 64 <br><br> Hearing Date: 3/24/08 <br> In courtroom #4 <br><br> no oral argument |

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on 3/24/08, at 11:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above captioned court, located at 940 Front

1

---

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION

Street, San Diego, California 92101, Plaintiff, SCHNEIDER RUCINSKI ENTERPRISES, a California company will, pursuant to *Federal Rules of Civil Procedure Rule 64* and *California Code of Civil Procedure, §512.010*, apply to the Court for an Order for Writ of Possession as to Defendants, TOUCH ASIA OUTSOURCING SOLUTIONS, INC., dba TOUCH ASIA CALL CENTER, INC.; RUDY NGAW; STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; (hereinafter sometimes collectively referred to as "Defendants") for possession of certain equipment specified in the Application for Writ of Possession. The Application will be based upon this Notice, the Application for Writ of Possession filed herewith, the Memorandum of Points and Authorities filed herewith, the Declaration of Noreen Rucinski accompanying this motion, the pleadings and papers filed herein and on such other and further evidence and argument as may be presented at or before the time of the hearing of the motion.

Dated: January 22, 2008                                             Respectfully Submitted,

                                                                    *[signature]*

                                                                    NOREEN RUCINSKI,
                                                                    Plaintiff, In Pro Per

---

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION

2

## APPLICATION FOR WRIT OF POSSESSION

### (CLAIM & DELIVERY)

1. Plaintiff, SCHNEIDER RUCINSKI ENTERPRISES, a California Company, ("Plaintiff") has filed a complaint and makes a claim for delivery of property in the possession of Defendants, TOUCH ASIA OUTSOURCING SOLUTIONS, INC., dba TOUCH ASIA CALL CENTER, INC.; a California Corporation, RUDY NGAW; STRATASOFT, INC.; INX., a Texas Corporation formerly known as I-SECTOR CORPORATION; pursuant to *Federal Rules of Civil Procedure Rule 64* and *California Code of Civil Procedure, §512.010.*

2. The basis for Plaintiff's claim and right to possession of the claimed property is set forth in Plaintiff's Verified Complaint and in the accompanying Declaration of Noreen Rucinski In Support of Plaintiff's Application for Writ of Possession.

3. The description of the personal property to which Plaintiff claims the right to possession is described in the attached Equipment List. Pursuant to the Declaration of DENNIS ROBERT McBROOM, the Equipment has a forced liquidation value of less than $1,000.00

4. A showing that the claimed property is wrongfully detained by Defendants, of how the Defendants came into possession of the claimed property, and, according to Plaintiff's best knowledge, information, and belief, of the reason for the Defendants detention of the claimed property, is made in the Verified Complaint and accompanying Declaration of Noreen Rucinski In Support of Plaintiff's Application for Writ of Possession.

5. To Plaintiff's best knowledge, information, and belief, the location of the claimed property or some part of it is set forth in the accompanying Declaration of Noreen Rucinski In Support of Plaintiff's Application for Writ of Possession, and is commonly known as Los Angeles Telecommunications Hub, including One Wilshire, 650 S Grand, in Los Angeles, CA 90010.

6. Facts showing probable cause for belief that the claimed property or some part of it is located in the private place referred to above are set forth in the accompanying Declaration of Noreen Rucinski In Support of Plaintiff's Application for Writ of Possession.

7. The property has not been taken for a tax, assessment, or fine, pursuant to statute, and has not been seized under an execution against Plaintiff's property.

8. This action is not subject to the Unruh Retail Installment Sales Act (California Civil Code sections 1801-1812.10).

9. This action is not subject to the Rees-Levering Motor Vehicle Sales Finance Act (California Civil Code sections 2981-2984.4).

10. Facts showing this is the proper trial court are set forth in the Verified Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

This application is executed on January 22, 2008 at San Diego, CA.

*[signature]*

NOREEN RUCINSKI,
Declarant

4

## MEMORANDUM OF POINTS & AUTHORITIES

Plaintiff SCHNEIDER RUCINSKI ENTERPRISES ("Plaintiff") submits the following memorandum of points and authorities in support of the order for issuance of writ of attachment or, alternatively, temporary protective order against Defendants TOUCH ASIA OUTSOURCING SOLUTIONS, INC., dba TOUCH ASIA CALL CENTER, INC. ("TOUCH ASIA") and RUDY NGAW ("NGAW") (Collectively referred to hereinafter as "Defendants") as follows:

### STATEMENT OF FACTS

#### Equipment Lease Agreement, ["ELA"]

On or about May 11, 2004, Plaintiff and TOUCH ASIA (collectively, "LESSEE") entered into an Equipment Lease Agreement (the "ELA") by which Plaintiff agreed to lease the Equipment in return for which LESSEE agreed to pay a single deposit of $30,000.00 due upon signing the Agreement, followed by eighteen (18) consecutive monthly payments of $9,000.00, plus applicable taxes. A true and correct copy of the Lease is attached hereto as Exhibit "A" and incorporated herein by this reference as though fully set forth in full.

On or about June of 2004, TOUCH ASIA confirmed delivery of the Equipment, from co-Defendant STRATASOFT. Co-Defendant has sole possession of the delivery confirmation and receipt of the equipment specified in the ELA, but has failed to delivery possession of said document to the Plaintiff, further necessitating this action herein. However, Defendant TOUCH ASIA'S acceptance of this equipment is further demonstrated by it's performance on the ELA by it's payment to Plaintiff the first four (4) payment due under the ELA. Plaintiff has performed all of the conditions, covenants, and agreements on its part to be performed in accordance with the terms of the Lease.

In or about January 2005, LESSEE TOUCH ASIA breached the Lease by failing to make the monthly installment due on that date and all subsequent payments due thereafter. Pursuant to

the terms of the Lease, Defendant must pay to Plaintiff an amount equal to the additional fourteen (14) payments, plus late fees, interest and penalties. Therefore, Plaintiff has declared the entire unpaid balance due under the Lease in the principal amount of 555,000.00 plus late fees, interest, penalties and other reasonable charges, all due and payable and has notified the LESSEE of same.

There is now due, owing and unpaid from TOUCH ASIA to Plaintiff, the principal amount of $555,000.00, loss of future revenues on the equipment, interest at a rate of 18%, and late charges in an amount to be determined.

Despite numerous demands by Plaintiff, LESSEE has failed and continues to fail and refuse, to pay any sums whatsoever due and owing to Plaintiff pursuant to the terms of the Lease.

Under the terms of the Lease at § 14, LESSEE agreed to pay all costs and expenses, including reasonable attorneys' fees and legal costs incurred by Plaintiff in exercising its rights and remedies under the Agreement.

### GUARANTY OF LEASE

On or about May 11, 2004, Defendant RUDY NGAW executed a Guaranty in favor of Plaintiff wherein he guaranteed all of the obligations of TOUCH ASIA to Plaintiff under the terms of the Lease. A true and correct copy of the Guaranty is attached to the Complaint as Exhibit "C" and incorporated herein by this reference. Due to the default in payments by TOUCH ASIA, Plaintiff has made demand on NGAW to pay all sums due and owing pursuant to the terms of the Guaranty.

Despite demand by Plaintiff in writing on May 06, 2005, Defendants TOUCH ASIA and its agent RUDY NGAW, have failed and refused and continue to fail and refuse to pay any sums due and owing to Plaintiff pursuant to the terms of the Guaranty. There is presently due and owing to Plaintiff pursuant to the terms of the Guaranty the principal sum of $555,000.00 plus late fees, interest, penalties and other reasonable charges, all due and payable. Plaintiff has duly notified

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION

NGAW of the same. A true and correct copy of the final demand for payment and forfeiture of equipment in the ELA, is attached hereto as Exhibit "D", and incorporated herein.

## UCC FINANCING STATEMENTS

In order to evidence its rights in the leased equipment under Equipment Lease Agreement and Guarantee thereto, Plaintiff caused to be filed UCC-1 Financing Statements. True and correct copies of the UCC-1 Financing Statements, and Defendant's FORM 8-K current report, are attached collectively as Exhibit "E" to the Declaration of Noreen Rucinski In Support of Writ of Possession.

## DEFAULT

Pursuant to the terms of the "lease agreement", Plaintiff has declared the entire unpaid balance due under the agreement as follows:

- The principal amount of $555,000.00 plus late fees, interest, penalties and other reasonable charges, all due and payable and has notified the LESSEE of same.

- In addition to the return or payment of the reasonable market value at the time of breach, of that collateralized equipment, as referenced in Plaintiff's complaint for damages

Under the terms of the Lease at § 14, LESSEE agreed to pay all costs and expenses, including reasonable attorneys' fees incurred by Plaintiff in exercising its rights and remedies under the Agreement. Pursuant to theses terms of the Agreement providing for the repossession of the Equipment in the event of default, Plaintiff has the right to immediate possession of the Equipment described in the Agreement. Plaintiff has demanded that Defendants TOUCH ASIA and NGAW deliver up possession of the Equipment; however, Defendants and each of them have failed and refused and continue to refuse to surrender possession of the Equipment and is presently wrongfully and unlawfully retaining same.

## ELA SCHEDULE

| | |
|---|---|
| Deposit $30,000 | Made on 5/11/04 |
| 1st rental payment $9,000 | received |
| 2nd rental payment $9,000 | received |
| 3rd rental payment $9,000 | received |
| 4rth rental payment $9,000 | received |
| 5th rental payment $9,000 | Default 01/2005 |
| 6th rental payment $9,000 | Not received |
| 7th rental payment $9,000 | Not received |
| 8th rental payment $9,000 | Not received |
| 9th rental payment $9,000 | Not received |
| 10th rental payment $9,000 | Not received |
| 11th rental payment $9,000 | Not received |
| 12th rental payment $9,000 | Not received |
| 13th rental payment $9,000 | Not received |
| 14th rental payment $9,000 | Not received |
| 15th rental payment $9,000 | Not received |
| 16th rental payment $9,000 | Not received |
| 17th rental payment $9,000 | Not received |
| 18th rental payment $9,000 | Not received |

| Option for buyout not allowed | |
|---|---|

### GUARANTIES

On or about May 11, 2004, Defendant NGAW executed a Guaranty in favor of Plaintiff wherein he guaranteed all of the obligations of TOUCH ASIA to Plaintiff under the terms of the Lease. A true and correct copy of the Guaranty is attached to the Complaint as Exhibit "C" and incorporated herein by this reference.

### POSSESSION OF EQUIPMENT

Pursuant to the terms of the Agreement providing for the repossession of the Equipment in the event of default, Plaintiff has the right to immediate possession of the Equipment described in the Agreement. Plaintiff has demanded that Defendants TOUCH ASIA and NGAW deliver up possession of the Equipment; however, Defendants and each of them have failed and refused and continue to refuse to surrender possession of the Equipment and is presently wrongfully and unlawfully retaining same.

### EQUIPMENT VALUE

As stated in the declaration of Noreen Rucinski, the reasonable present market value of the equipment at the time of the transaction was $555,000.

### PROCEDURE

*Federal Rule of Civil Procedure Section 64* provides for Seizure of Person or Property by means of replevin and attachment in the manner provided by the law of the state in which the District Court is held. *FRCP 64 states:*

> *At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the*

9

*district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action.*

<u>California Code of Civil Procedure, §512.010</u> states as follows:

*"(a) Upon the filing of the complaint or at any time thereafter, the plaintiff may apply pursuant to this chapter for a writ of possession by filing a written application for the writ with the court in which the action is brought.*
*(b) The application shall be executed under oath and shall include all of the following:*
*(1) A showing of the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property claimed. If the basis of the plaintiff's claim is a written instrument, a copy of the instrument shall be attached.*
*(2) A showing that the property is wrongfully detained by the defendant, of the manner in which the defendant came into possession of the property, and, according to the best knowledge, information, and belief of the plaintiff, of the reason for the detention.*
*(3) A particular description of the property and a statement of its value.*
*(4) A statement, according to the best knowledge, information, and belief of the plaintiff, of the location of the property and, if the property, or some part of it, is within a private place which may have to be entered to take possession, a showing that there is probable cause to believe that such property is located there.*
*(5) A statement that the property has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure.*
*(c) The requirements of subdivision (b) may be satisfied by one or more affidavits filed with the application.*

The Application and supporting Declaration of Noreen Rucinski, demonstrate that Plaintiff is entitled to possession of the Equipment due to the breach of the ELA by Defendants TOUCH ASIA "lessee". The Application contains a statement that the property has not been taken for a tax, assessment or fine pursuant to statute or seized under an execution against the property of the plaintiff.

//
/

10

---

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION

I. **AS PLAINTIFF IS A FINANCE LESSOR AND THE FINANCIAL LEASE AGREEMENT AND SCHEDULE IS A FINANCE LEASE, AND ALL WARRANTIES HAVE BEEN DISCLAIMED BY PLAINTIFF, PLAINTIFF IS NOT RESPONSIBLE FOR ANY MAINTENANCE OR WARRANTY AND ANY DEFECT, MALFUNCTION OR FAILURE TO MEET TERMS OF ANY WARRANTY OF THE EQUIPMENT IS NOT A DEFENSE TO PAYMENT UNDER THE FINANCIAL LEASE AGREEMENT AND SCHEDULES.**

Plaintiff is a finance lessor and the Equipment Lease Agreement ("ELA") involved in the instant matter is a finance lease. Therefore, any defense asserted by Defendants as to the performance, workmanship, or warranty claims of the equipment are improper and inapplicable defenses as to Plaintiff's enforcement of the finance lease terms. Further, the express and conspicuous disclaimers of warranties set forth in the ELA, are effective to negate any purported defense based on the performance, workmanship or warranties of the equipment, even if the leases at issue in this matter were not finance leases. § 19 of the ELA, which is incorporated by reference herein, entered into between Plaintiff and Defendants, sets for the Finance Lease nature of all transactions entered into pursuant to the ELA:

**§ 2 DISCLAIMER OF WARRANTIES**

"We are leasing this equipment to you "AS IS". WE MAKE NO WARRANTIES EXPRESS OR IMPLIED, INCLUDING THE MERCHANTIBILITY AND PERFORMANCE OF THE EQUIPMENT OR THE EQUIPMENT'S FITNESS FOR A PARTICULAR PURPOSE OR ITS COMPLIANCE WITH APPLICABLE LAW. You agree not to make any claim against us for consequential damages. You acknowledge you have been advised that you may have rights against the supplier of the Equipment and that you should contact the supplier for a description of such rights. So long as this lease is not in default, we assign to you any warranties received by us in connection with this equipment.

**§ 14 "DEFAULT AND REMEDIES."**

You are in default if you fail to pay any monthly rental when due, or fail to comply with any requirement of this lease or any requirement of any other obligation to us and/or any requirement of any software license agreement made between you and the supplier named herein. Upon such default, we may require you to immediately pay the remaining balance of this lease (discounted to its present value at a rate of 5% per year) and return the equipment to us in good condition. You agree that we are not required to repossess the equipment and, if the equipment is not returned to us, you agree to pay us the full value of the equipment at the date of your default. If we choose to repossess the equipment, you

11

agree that we can enter onto your premises and take possession of the equipment without liability to you for trespass or other damages. We may also use any remedies available to us under the California Commercial Code or any other law. You waive any rights you may have under Section 10508 through 10522 of the California Commercial Code. You agree to pay all of our costs required for the enforcement of this lease including Attorney's fees and the costs of repossessing, storing, and selling the equipment.:

**A.   The Lease at Issue Herein is a Finance Lease as Provided by the Commercial Code, and Therefore As a Matter of Law There are No Warranties of Merchantability or Fitness for a Particular Purpose From Plaintiff**

As set forth expressly in Paragraph 2 of the ELA, and further confirmed in the supplemental declaration of Noreen Rucinski, Plaintiff is a finance lessor and the ELA and is a statutory finance lease. The supplemental Declaration of Noreen Rucinski states clearly that Plaintiff's sole business is the financing of equipment designated by its lessees or obligors through the vehicle of leasing and secured lending, that Plaintiff is not a dealer or merchant for this Call Center equipment, The Declaration of Noreen Rucinski, as does the ELA itself, states clearly that Plaintiff relies upon its lessees to select the type, quality and quantity of equipment the lessee deems necessary for his use. Further, the ELA meets all of the requirements of a finance lease set forth in the Commercial Code.

*California Commercial Code 10103(7)* defines a Finance Lease as follows:

> "(7) Finance lease" means a lease with respect to which (A) the lessor does not select, manufacture, or supply the goods, (B) the lessor acquires the goods or the right to possession and use of the goods in connection with the lease, and (C) one of the following occurs:  iv. The lessor, before the lessee signs the lease contract, informs the lessee in writing (aa) of the identity of the person supplying the goods to the lessor, unless the lessee has selected that person and directed the lessor to acquire the goods or the right to possession and use of the goods from that person; (bb) that the lessee is entitled under this division to the promises and warranties, including those of any third party, provided to the lessor by the person supplying the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods, and (cc) that the lessee may communicate with the person supplying the goods to the lessor and receive an accurate and complete statement of those promises and warranties, including any disclaimers and limitations of them or of remedies."

Prongs (B) and (aa) of the test for finance lease status are undeniably met in the instant matter. The declarations of Noreen Rucinski, and the terms of the ELA make clear that Plaintiff did

not select, manufacture, or supply the goods, and that Plaintiff acquired the goods or the right to possession and use of the goods in connection with the lease. Without addressing whether any of the other criteria set forth in 10103(7) (C) i, ii or iii have been met by Plaintiff, Plaintiff has clearly met the standard set forth in Commercial Code 10103(7) (C)(iv) for finance lease status.

In Paragraph 2 of the Equipment Lease, which is set forth in full above in this brief, in bold and conspicuous type Plaintiff informs Defendant that it can contact the equipment Provider as to all warranties on the equipment. The particular language which satisfies 10103(7) iv is set forth in Paragraph 2 of the Financial Lease, and states as follows:

> *"You acknowledge you have been advised that you may have rights against the supplier of the Equipment and that you should contact the supplier for a description of such rights. So long as this lease is not in default, we assign to you any warranties received by us in connection with this equipment."*

With regard to warranties of both Merchantability and Fitness for a Particular Purpose, the Commercial Code makes clear that there are no such implied warranties when the lessor is, as here, a finance lessor. With regard to the implied Warranty of Merchantability, <u>California Commercial Code 10212 states:</u>

> *"(a) Except in a finance lease, a warranty that the goods will be merchantable is implied in a lease contract if the lessor is a merchant with respect to goods of that kind." (emphasis added)* With regard to an implied Warranty for Particular Purpose, California Commercial Code 12013 states:
> *"(a) Except in a finance lease, if the lessor at the time the lease contract is made has reason to know of any particular purpose for which the goods are required and the lessee is relying on the lessor's skill or judgment to select or furnish suitable goods, there is in the lease contract an implied warranty that the goods will be fit for that purpose." (emphasis added)*

As set forth above, by the express terms of the ELA itself, the facts set forth in the declaration of Noreen Rucinski and the ELA and Schedules at issue herein are clearly finance leases, and there is no Warranty of Merchantability or Fitness for a Particular Purpose to seek to enforce or use as a defense against Plaintiff.

//

B. **All Warranties Related to the Equipment Have Been Properly and Effectively Disclaimed By Plaintiff In the ELA and Schedules in Accordance with UCC Requirements, and Therefore Even if Plaintiff is Not Viewed as a Finance Lessor There are No Warranties**

As set forth above, the ELA contains a clear, conspicuous waiver of all warranties, and directs lessee to pursue its warranty rights against the Provider of the equipment.

*Article 10 of the Commercial Code* (the California numbering system for article 2A of the Commercial Code) provides clearly for the legitimacy of warranty disclaimers, and sets forth clearly the manner of doing so. *California Commercial Code section 10214* provides in relevant part as follows:

> "(b) Subject to subdivision (c), to exclude or modify the implied warranty of merchantability or any part of it the language must mention 'merchantability,' be by a writing, and be conspicuous. Subject to subdivision (c), to exclude or modify any implied warranty of fitness the exclusion must be by a writing and be conspicuous. Language to exclude all implied warranties of fitness is sufficient if it is in writing, is conspicuous and states, for example, 'There is no warranty that the goods will be fit for a particular purpose.' (c) Notwithstanding subdivision (b), but subject to subdivision (d), (1) Unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," or "with all faults," or by other language that in common understanding calls the lessee's attention to the exclusion of warranties and makes plain that there is no implied warranty, if in writing and conspicuous."

The language set forth in the ELA easily meets the requirements of *Commercial Code 10214.* The disclaimer is set forth in writing, in LARGE CAPITALIZATION, it specifically mentions "merchantability," it sets forth that the equipment is leased "as is," it specifically mentions "fitness for a particular purpose" and states that the lessee acknowledges that lessor has no expertise or special familiarity about or with respect to the system, and specifically states that lessor has made no representation or warranty with respect thereto, including any implied warranties of merchantability or fitness for a particular purpose. This language, both in its content and in its conspicuous type size and style, more than satisfies the requirements of a valid waiver of warranties.

//

14

---

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION

## II. ACCEPTANCE OF THE EQUIPMENT UNDER A FINANCE LEASE CREATES AN IRREVOCABLE OBLIGATION TO PAY, AND ANY POSSIBLE ATTEMPT AT REJECTION MUST BE SEASONABLY MADE, WHICH DEFENDANTS CLEARLY FAILED TO DO IN THE INSTANT MATTER.

As set forth in Plaintiff's Application and supporting pleadings and declarations, as well as in the declaration of Noreen Rucinski, the ELA was executed on May 11, 2004, by TOUCH ASIA, and the guarantee thereto was executed by RUDY GNAW, on the same.

As also set forth in the set forth in the evidentiary documents attached to Plaintiff's Declarations, and supporting exhibits, Defendant TOUCH ASIA came into possession of said equipment on or about June of 2004, by way of delivery of said equipment from co-Defendant STRATASOFT. To date, co-defendant STRATASOFT has failed to delivery possession of said delivery receipt and confirmation, further necessitating this action herein. However, Defendant TOUCH ASIA acknowledged receipt and acceptance by way of it's performance on the ELA in performing pursuant to the terms of the ELA and schedule by making the first four (4) payments therein. In executing those Delivery and Acceptance Certificates, and commencing performance of the accepted telecommunication equipment by making the first (4) four payments pursuant to the ELA and schedule, Defendant TOUCH ASIA, and its agent RUDY GNAW, irrevocably accepted the equipment.

Further, as set forth in Declaration of Noreen Rucinski, Defendant's written unconditional and irrevocable acceptance of the equipment is a condition precedent to Plaintiff paying the co-defendant STRATASOFT in full for the equipment.

### As a Matter of Law, Acceptance of the Leased Equipment Creates a Binding and Independent Obligation to Make the Required Payments

*Commercial Code section 10407* provides as follows:

> *"(a) In the case of a finance lease that is not a consumer lease the lessee's promises under the lease contract become irrevocable and independent upon the lessee's acceptance of the goods.*
> *(b) A promise that has become irrevocable and independent under subdivision (a):*

15

> *(1) Is effective and enforceable between the parties, and by or against third parties including assignees of the parties; and*
> *(2) Is not subject to cancellation, termination, modification, repudiation, excuse, or substitution without the consent of the party to whom the promise runs.*
> *(c) This section does not affect the validity under any other law of a covenant in any lease contract making the lessee's promises irrevocable and independent upon the lessee's acceptance of the goods."*
>
> *As set forth in this Commercial Code Section, after acceptance of the equipment under a finance lease, the obligations of the lessee to pay for the equipment are irrevocable and independent, and are thoroughly enforceable by the lessor against the lessee. The lessee has its remedies against the Provider of the equipment, which it is free to pursue.*

Since Defendant's unequivocally accepted the leased equipment, their obligation to pay was unconditional, pursuant to the California Commercial Code, and therefore, this writ must issue.

### III. PLAINTIFF REQUESTS THAT THE REQUIREMENT OF AN UNDERTAKING BE WAIVED IN THIS CASE.

On January 1, 2003 <u>Code of Civil Procedure, §515.010(b)</u> was amended to read in part as follows: If the court finds that the defendant has no interest in the property, the court shall waive the requirement of the plaintiff's undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of subdivision (b) of <u>Section 515.020</u>. <u>Section §515.020(b) of the Code of Civil Procedure</u> states "that any undertaking filed by Defendant to retain the equipment must be sufficient to cover all of the costs that may be awarded Plaintiff at trial and all damages that the Plaintiff may sustain by reason of the loss of possession of the property." The damages recoverable by the plaintiff pursuant to <u>Section §515.020</u> include all damages proximately caused by the plaintiff's failure to gain or retain possession. As stated above the amount currently owed on the debt is an amount far greater than the value of the subject collateral. Therefore, Plaintiff requests the following order from the Court:

1. That Plaintiff's bond requirement be waived; and

16

2. That the Order for Issuance of Writ of Possession include the amount of the Defendant(s) undertaking sufficient to satisfy the requirements of subdivision (b) of *Section 515.020* in an amount not less than $555,000.00.

## IV. CONCLUSION

For all the aforesaid reasons, Plaintiff respectfully requests that the Court grant its application for a Writ of Possession.

Dated: January 22, 2008           SCHNEIDER RUCINSKI ENTERPRISES

By: *[signature]*

Noreen Rucinski,
Dir. Strategic Business Development

17

PLAINTIFFS APPLICATION FOR WRIT OF POSSESSION