1  John E. McOsker (SBN 169191)
   jmcosker@wallerlaw.com
2  Stephen K. Lubega (SBN 126849)
   slubega@wallerlaw.com
3  WALLER LANSDEN DORTCH & DAVIS, LLP
   333 S. Grand Avenue, Suite 1800
4  Los Angeles, California 90071
   Telephone: (213) 362-3680
5  Facsimile: (213) 362-3679

6  Attorneys for Defendant INX, Inc.

7

8                UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | SCHNEIDER RUCINSKI ENTERPRISES, a California Company, | ) | Case No. 08 CV 0138 WQH POR |
|---|---|---|---|
| 12 | | ) | Date:  March 24, 2008 |
| | Plaintiff, | ) | Time:  11:00 a.m. |
| 13 | | ) | |
| | vs. | ) | Judge: Hon. William Q. Hayes |
| 14 | | ) | |
| | TOUCH ASIA OUTSOURCING SOLUTIONS, | ) | **MEMORANDUM OF POINTS AND** |
| 15 | INC. dba TOUCH ASIA CALL CENTER, INC., | ) | **AUTHORITIES IN SUPPORT OF** |
| | a California Corporation; RUDY NGAW, an | ) | **DEFENDANT INX, INC.'S MOTION TO** |
| 16 | individual; STRATASOFT, INC.; INX, INC., a | ) | **DISMISS COMPLAINT FOR LACK OF** |
| | Texas Corporation formerly known as I-SECTOR | ) | **SUBJECT MATTER JURISDICTION OR,** |
| 17 | CORPORATION; and DOES 1 through 20, | ) | **IN THE ALTERNATIVE, TO DISMISS FOR** |
| | inclusive, | ) | **FAILURE TO STATE A CLAIM** |
| 18 | | ) | |
| | Defendants. | ) | [NO ORAL ARGUMENT UNLESS |
| 19 | | ) | REQUESTED BY THE COURT] |
| | | ) | |
| 20 | _____ | ) | Complaint Filed:  January 23, 2008 |

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  Introduction .................................................................................................................. 1

II. Argument ..................................................................................................................... 1

    A.  A Defendant May Challenge the Complaint by Bringing a Motion to Dismiss Pursuant to Fed. R. Civ. Pro 12(b)(1) on the Ground that the Court Lacks Subject Matter Jurisdiction over the Action ................... 1

    B.  The Complaint Facially Establishes that there is Lack of Complete Diversity Between Plaintiff and Each of the Defendants ................................ 2

    C.  Alternatively, the Complaint Should Also be Dismissed as Against Defendant INX Pursuant to Fed R. of Civ. Pro 12(b)(6) Because None of the Counts Presented State any Claim Upon Which Relief Can be Granted Against INX ............................................................................ 3

        1.  The First Cause of Action for Specific Performance, the Second Cause of Action for Breach of Contract, and the Seventeenth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing All Fail to Allege the Existence of Any Contractual Commitment by INX to Plaintiff .................................................................................................. 3

        2.  The Third Cause of Action for Breach of Lease Agreement Fails to State a Claim for Relief Against Defendant INX because INX was not a Party to the Alleged Lease Agreement ................................................................................................ 5

        3.  The Fourth Cause of Action for Breach of Guaranty Fails to State a Claim for Relief Against Defendant INX because INX was not a Party to any Guaranty .................................................. 6

        4.  The Fifth Cause of Action for Claim and Delivery and the Sixth Cause of Action for Conversion Fail to State any Claim for Relief Against Defendant INX because they do not allege that INX has Possession of the Alleged Equipment or owes any Enforceable Obligations to Plaintiff with Respect to the Alleged Equipment ............................ 6

        5.  The Seventh Cause of Action for Fraud and Deceit, the Eighteenth Cause of Action for Negligent Misrepresentation, and the Nineteenth Cause of Action for Fraudulent Inducement All Fail to State a Claim for Relief Against INX because the Allegations Therein Fail to Plead Fraud with Specificity. ............................................................... 7

        6.  The Eighth Cause of Action for Declaratory Relief Fails to State a Claim for Relief Against Defendant INX because there is no Allegation of a Justiciable Dispute Between Plaintiff and INX .................................................................................... 8

        7.  The Ninth Cause of Action for an "Account Stated" Fails to State a Claim for Relief Against Defendant INX because

|   |   |   |   |
|---|---|---|---|
|   |   | the Only Account Alleged in the Complaint is Between Touch Asia/Ngaw and Plaintiff | 8 |
|   | 8. | The Tenth Cause of Action for Imposition of an Implied or Constructive Trust Against Defendant INX Fails to State a Claim for Relief Against Defendant INX | 9 |
|   | 9. | The Eleventh Cause of Action for Injunctive Relief Fails to Specify Any Basis for Injunctive Relief Against Defendant INX | 9 |
|   | 10. | No Claim for Relief is Set Forth by the Allegations in the Twelfth Cause of Action for Unfair Competition in Violation of Calif. Business & Professions Code §17200 et seq. | 10 |
|   | 11. | Plaintiff has not Alleged How Defendant INX Interfered with any of Plaintiff's Purported Contracts and the Thirteenth Cause of Action for Intentional Interference with Contract and the Fourteenth Cause of Action for Negligent Interference with Contractual Relations do not State a Claim for Relief Against INX | 10 |
|   | 12. | The Fifteenth and Sixteenth Causes of Action for Intentional and Negligent Interference with Prospective Economic Advantage Respectively Fail to Allege Any Facts as Against Defendant INX and Therefore do not State a Claim for Relief Against this Defendant | 11 |
|   | 13. | The Twentieth Cause of Action for Civil Conspiracy Fails to Set Forth A Claim for which this Court can Grant Relief Against Defendant INX | 11 |
| III. | Conclusion | | 12 |

Waller Lansden
Dortch & Davis, LLP

7073265.1

# TABLE OF AUTHORITIES

## CASES

*American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal. App. 4th 1017, 117 Cal Rptr, 2d 685 .................................................................. 13

*Bautista v. Pan American World Airways, Inc.* 828 F.2d 546, 562 (9th Cir. 1987) ............ 6

*Commercial & Sav. Bk. V. Foster* (1930) 210 Cal. 76, 79, 290 P. 583 ............................ 10

*In re GlenFed, Inc. Secur. Litig.* 42 F.3d 1541, 1547 (9th Cir. 1994) .............................. 11

*In re GlenFed, Inc. Secur. Litig.* 42 F.3d 1541, 1547 (9th Cir. 1994), fn, 7 (en banc) ................................................................................................................. 11

*Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) .................................................... 11

*Mattei v. Hopper* (1958) 51 Cal. 2d 119, 122, 330 P.2d 625 .......................................... 8

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936) ........................................................................................................ 6

*Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (9th Cir. 1989) ................. 11

*Morris v. Princess Cruises, Inc.* 236 F. 3d 1061, 1067 (9th Cir. 2001) ........................... 6

*Palo Alto-Menlo Park Yellow Cab Co. v. Santa Clara County Transit Dist.* (1976) 65 Cal. App. 3d 121, 133, 135 Cal. Rptr. 129 .................................................. 7

*Patterson v. Reddish* (1922) 56 Cal. App. 197, 202, 204 P. 565 .................................... 7

*Rail Truckloads, Inc. v. Pullman, Inc.* (1982) 131 Cal. App. 3d 511, 514-515 ............. 10

*Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) .......................... 11

*Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.* (1967) 255 Cal. App. 2d 300, 306, 63 Cal. Rptr. 148 ................................................................................ 13

*Unruh v. Truck Ins. Exch.* (1972) 7 Cal. 3d 616, 631, 102 Cal. Rptr. 815 .................... 16

*Wehen v. Lundgaard* (1940) 41 Cal. App. 2d 610, 613, 107 P.2d 491 ........................... 7

## I. INTRODUCTION

Defendant INX is one of several corporate and individual defendants which have been sued in this action by Plaintiff Noreen Rucinski (who apparently operates a sole proprietorship in San Diego County known as "Schneider Rucinski Enterprises"). Plaintiff invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332. Defendant INX moves this Court for an order dismissing the Complaint because, on its face, the Complaint fails to allege facts sufficient to satisfy the "complete diversity" requirements necessary for such subject matter jurisdiction. The Complaint establishes that Plaintiff is a citizen of California and that at least one of the Defendants is also a citizen of California. Accordingly, this Court has no alternative but to dismiss the action.

Alternatively, INX moves for dismissal pursuant to Fed. R. Civ. Pro 12(b)(6) because the Complaint, and each of its twenty Counts, fails to allege a single fact establishing any actionable conduct on the part of INX. Indeed, the factual allegations in the Complaint barely mention INX, and then only in a perfunctory and passing manner. It is impossible based upon the live pleadings to discern what, if anything, INX did for which it could be held liable on any claim presented by Plaintiff.

## II. ARGUMENT

### A. **A Defendant May Challenge the Complaint by Bringing a Motion to Dismiss Pursuant to Fed. R. Civ. Pro 12(b)(1) on the Ground that the Court Lacks Subject Matter Jurisdiction over the Action**

Fed. R. Civ. Pro 12(b)(1) provides that the objection of lack of subject matter jurisdiction may be asserted by motion. "A motion asserting [this objection] must be made before pleading if a responsive pleading is allowed." (*See* Fed. R. Civ. Pro 12(b)(1).) The Court is required to first rule on the Rule 12(b)(1) objection before ruling on other objections made under Rule 12. Lack of subject matter jurisdiction is a non-waivable defect in the pleadings because federal diversity cannot be conferred by consent of the parties.

///
///
///
///

### B. The Complaint Facially Establishes that there is Lack of Complete Diversity Between Plaintiff and Each of the Defendants

Complete diversity of citizenship is required in order for subject matter jurisdiction to exist under the diversity requirements of Title 28 of the United States Code. Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." 28 U.S.C. §1332(a). This has been interpreted to mean that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F. 3d 1061, 1067 (9th Cir. 2001). The burden of establishing diversity jurisdiction is on the plaintiff *to both plead and prove such facts.* *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936); *Bautista v. Pan American World Airways, Inc.* 828 F.2d 546, 562 (9th Cir. 1987).

Plaintiff Noreen Rucinski fails to plead facts sufficient to establish the existence of diversity. Rucinski lists her address as being in San Diego, California. She alleges, in Paragraph 1 of the Complaint, that she is the sole proprietor of "Schneider Rucinski Enterprises, a California company licensed to conduct business in the County of San Diego, State of California." It should be noted based on the exhibits attached to the Complaint, that "Schneider Rucinski Enterprises" has the same California address as that listed in the caption of the Complaint (3344 N. Mt. View Dr., San Diego, CA 92116). The exhibits to the Complaint include an "Equipment Lease Agreement," a "UCC Financing Statement," and various invoices and checks, all of which bear the same California address listed as the Plaintiff's address in the Complaint. Plaintiff's allegations and the exhibits attached to her Complaint suggest that Plaintiff is indeed domiciled in California, and is a California citizen.

On the other hand, Plaintiff alleges, in Paragraph 2 of the Complaint, that Defendant Rudy Ngaw is an individual *residing* in Sacramento, California, and doing business in the County of San Diego. In Paragraph 3, she alleges that Defendant Touch Asia Outsourcing Solutions, Inc. ("Touch Asia") is a corporation *incorporated in California with its principal place of business in Sacramento, California*, which conducts business in this State. In Paragraph 10, Plaintiff alleges that Defendant Navros Haji was at all times mentioned *a resident of California* and doing business in San Diego. In Paragraph 11, she alleges that Defendant Colo 6 LLC dba U.S. Colo *is a California corporation with its principal place of business in Los Angeles, California.*

On the face of the Complaint, Plaintiff has alleged facts establishing that there is lack of complete diversity between her and at least four of the Defendants. Because Plaintiff bears the burden of pleading and proving the facts establishing diversity, and because she has failed to meet her pleading burden, the Court must dismiss her Complaint.

### C. Alternatively, the Complaint Should Also be Dismissed as Against Defendant INX Pursuant to Fed R. of Civ. Pro 12(b)(6) Because None of the Counts Presented State any Claim Upon Which Relief Can be Granted Against INX

None of the twenty Counts presented in the Complaint allege sufficient facts to state any claim upon which relief can be granted against Defendant INX. There simply is no conduct alleged on INX's part for which INX could conceivably be liable.

#### 1. The First Cause of Action for Specific Performance, the Second Cause of Action for Breach of Contract, and the Seventeenth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing All Fail to Allege the Existence of Any Contractual Commitment by INX to Plaintiff

Specific performance is an equitable action to procure the performance of a contract by the defendant. *Patterson v. Reddish* (1922) 56 Cal. App. 197, 202, 204 P. 565. Specific performance is available only where no other adequate relief is available to the plaintiff. *Palo Alto-Menlo Park Yellow Cab Co. v. Santa Clara County Transit Dist.* (1976) 65 Cal. App. 3d 121, 133, 135 Cal. Rptr. 129. To allege a claim for specific performance, there must exist a contractual commitment on the part of the promisor to render some unique performance under the contract such that the promisor's breach requires that the promise be specifically enforced, and a remedy for monetary damages would be inadequate to compensate the plaintiff for breach of the promise. *See Wehen v. Lundgaard* (1940) 41 Cal. App. 2d 610, 613, 107 P.2d 491. *Cf.* Calif. Com. Code §2716(1) (specific performance permitted when goods are unique and in other proper circumstances). Here, *Plaintiff does not allege any contract between she and INX* the breach of which would require specific performance.

///

It is axiomatic that a valid, enforceable contract is a necessary antecedent to a right to specific performance. No contract can be discerned between Plaintiff and INX based on these allegations. Plaintiff alleges that she and Defendants INX and Stratasoft, through their agents, entered into an agreement for the sale of certain telephony services and software equipment.[1] (Complaint ¶ 17.) Plaintiff allegedly paid Stratasoft $128,000 as a deposit for purchase of these services and equipment, and entered into a separate agreement with Defendant Touch Asia for the lease of the equipment by Touch Asia. (Complaint ¶¶ 17; 19.) INX allegedly made certain representations, through its agents, *to the effect that Stratasoft would sell the equipment to Plaintiff*, that Stratasoft would assist Plaintiff to resell the equipment if Touch Asia defaulted on the lease, and that Plaintiff would obtain "free and clear title" to the equipment. (Complaint ¶ 20.) None of these allegations reveal an enforceable obligation on INX's part. Plaintiff also alleges that Stratasoft and INX caused the equipment to be delivered to Touch Asia, and then refused to provide Plaintiff with an invoice, purchase order and a maintenance and service contract for the equipment. The allegations fail to set forth the essential elements of any contract *between INX and Plaintiff* or to allege that Plaintiff is entitled to specific performance against INX.

To begin with, there are no allegations specifying the mutual promises between INX and Plaintiff. *See Mattei v. Hopper* (1958) 51 Cal. 2d 119, 122, 330 P.2d 625 (bilateral contracts require mutuality of obligation). Plaintiff does not allege what INX's role was in the alleged contract to sell telephony services and equipment to Plaintiff. Nor does the Complaint allege that any services were to be provided by INX or what those services were, or that INX owned or ever even possessed the equipment that was allegedly sold to Plaintiff. All that can be garnered from the allegations is that there appears to have been an arrangement of some kind involving Stratasoft, not INX, and the plaintiff. There are no allegations that any consideration whatsoever passed between Plaintiff and

---

[1] However, the only allegations in the complaint involving any purported contractual obligations (apart from those in the alleged equipment lease) name Stratasoft as the obligor, not INX. An alleged deposit for the purchase of services and equipment was also allegedly made to Stratasoft, not INX.

INX. It is therefore left to total speculation as to what INX's role and obligations were under the alleged contract.

Furthermore, the alleged contract, which apparently involves the sale of goods in excess of $500 (Complaint ¶¶ 17; 18), is specifically alleged to have been an oral agreement (Complaint ¶ 20(h)). The contract is therefore unenforceable as against INX in that it violates the statute of frauds for lack of a writing signed by INX, the party to be charged. *See* Calif. Com. Code §2201.

In addition, Plaintiff fails to allege at all why she would be entitled to specific performance from INX. Plaintiff appears to suggest that INX should be ordered to turn over some alleged bill of sale and purchase order to Plaintiff. The Complaint does not allege, however, that INX ever entered into a transaction with Plaintiff where INX promised to do so, or that INX is now or ever was in possession of such specific bill of sale with respect to any alleged contract. Neither does Plaintiff allege why compensatory damages for the alleged breach of a contract would not be an adequate remedy.

Finally, since there is no enforceable contract alleged between Plaintiff and Defendant INX, INX could also not have breached the implied covenant of good faith and fair dealing as alleged in Count 17, because the existence of that implied covenant presupposes a valid contract. Indeed, in the allegations contained in paragraphs 93 through 98, the only alleged contracts that Plaintiff addresses are the alleged equipment lease and guaranty, neither of which is alleged to have involved INX as a party. Accordingly, the Court should dismiss Counts 1, 2, and 17 of the Complaint against INX.

### 2. The Third Cause of Action for Breach of Lease Agreement Fails to State a Claim for Relief Against Defendant INX because INX was not a Party to the Alleged Lease Agreement

The Complaint alleges that Plaintiff and Touch Asia entered into an equipment lease agreement by which Plaintiff agreed to lease equipment to Touch Asia in exchange for certain agreed upon monthly rental payments. (Complaint ¶ 30.) There is nowhere alleged in the Complaint that INX was a party to the alleged lease agreement, or that it undertook to discharge any enforceable obligations to Plaintiff in connection therewith. Accordingly, the Court must dismiss Count 3.

///

### 3. The Fourth Cause of Action for Breach of Guaranty Fails to State a Claim for Relief Against Defendant INX because INX was not a Party to any Guaranty

Plaintiff alleges that Defendant Ngaw executed a guaranty in favor of Plaintiff guaranteeing Touch Asia's obligations under the lease. (Complaint ¶ 38.) The Complaint does not allege that Defendant INX was a party to that guaranty. Indeed, there is absolutely no allegation connecting INX with any obligation under the alleged guaranty. Accordingly, the Court must dismiss Count 4.

### 4. The Fifth Cause of Action for Claim and Delivery and the Sixth Cause of Action for Conversion Fail to State any Claim for Relief Against Defendant INX because they do not allege that INX has Possession of the Alleged Equipment or owes any Enforceable Obligations to Plaintiff with Respect to the Alleged Equipment

The Complaint alleges that pursuant to the terms of an unidentified agreement, Plaintiff has the right to repossess the alleged equipment in the event of default (apparently default by Touch Asia and Ngaw). (Complaint ¶ 43.) The Complaint also alleges that Touch Asia and Ngaw defaulted on their obligations and that Plaintiff demanded possession of the equipment, but "defendants" failed to deliver such possession. (Complaint ¶ 46.) There is no identification of which "defendants" Plaintiff is referring to.

In California, "claim and delivery" is sometimes the name given to a provisional remedy that may be asserted to secure possession of personal property pending the outcome of an action. Calif. Code of Civ. Proc. §512.010(a); *See Rail Truckloads, Inc. v. Pullman, Inc.* (1982) 131 Cal. App. 3d 511, 514-515. The procedure is sometimes referred to as a "writ of possession." *See Id.* An action for "claim and delivery," on the other hand, upon which the provisional remedy depends, requires a plaintiff to allege *a present right* to possession of personal property against a defendant that is alleged to be *detaining the property without right. See* Calif. Civ. Code §3380; *Commercial & Sav. Bk. V. Foster* (1930) 210 Cal. 76, 79, 290 P. 583.

Plaintiff here has not alleged that Defendant INX has presently wrongfully detained any personal property of which it continues to retain possession. A claim and delivery action requires an

allegation that the defendant is in wrongful possession of property that the plaintiff has a right to personally possess. *Id.* Not only is such an allegation lacking in the Complaint with respect to Defendant INX, there is also no allegation that Defendant INX ever had possession of such equipment or owes Plaintiff any obligations with respect to the equipment.

A cause of action for conversion, on the other hand, must allege that the defendant wrongfully converted the property at issue and deprived the plaintiff of ownership thereof. *Commercial & Sav. Bk., supra,* 210 Cal. At 79; Calif. Civ. Code §3336. There is no allegation here that INX took wrongful ownership of the equipment from Plaintiff and now owns such property. Accordingly, no claim for conversion is stated against INX. Thus, Counts 5 and 6 must also be dismissed.

**5.     The Seventh Cause of Action for Fraud and Deceit, the Eighteenth Cause of Action for Negligent Misrepresentation, and the Nineteenth Cause of Action for Fraudulent Inducement All Fail to State a Claim for Relief Against INX because the Allegations Therein Fail to Plead Fraud with Specificity.**

To plead fraud, a plaintiff must plead: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) (citing *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).) Furthermore, Fed. R. Civ. Pro 9 imposes a requirement to plead these elements with specificity. The specificity requirement is satisfied only if the pleading "identifies the circumstances constituting fraud ... so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (9th Cir. 1989). The pleading is required to (1) specify the alleged fraudulent representation (or omissions), (2) allege the representations were false when made, (3) identify the specific speaker, (4) state when and where the statements were made, and (5) state the manner in which the representations (or omissions) were false or misleading. *See In re GlenFed, Inc. Secur. Litig.* 42 F.3d 1541, 1547 (9th Cir. 1994), fn, 7 (en banc).

The Complaint fails to allege the specific speakers of each alleged representations made to Plaintiff, where and when it was made, or to state the manner in which each representation was false or

misleading. (*See, e.g.,* allegations at Complaint ¶ 51 and 52.) First, although alleged agents of INX (identified in the complaint as Defendants Bridges, Pace and McCarty) made certain purported representations, there is no allegation of the relationship of these individuals with INX other than to identify them broadly as "agents." There is no allegation of their representative capacity or that they were actually (expressly or impliedly) authorized to speak for INX, or that they had ostensible authority. There is no allegation that any of the alleged representations were intended to bind INX or inured to INX's benefit, or that they even involved INX. There is no allegation as to which of the representations were false or that INX knew they were false when they were made. There is no allegation as to how Plaintiff justifiably relied on those representations. In short, Plaintiff has failed to adequately plead any of the various fraud theories set forth in Counts 7, 18 and 19.

    **6. The Eighth Cause of Action for Declaratory Relief Fails to State a Claim for Relief Against Defendant INX because there is no Allegation of a Justiciable Dispute Between Plaintiff and INX**

Plaintiff alleges in Paragraph 58 that a dispute has arisen between "Plaintiff and Defendants regarding their rights and obligations for the purchase of the Equipment." However, no dispute involving INX is identified with respect to rights and obligations over the equipment or in any other respect as against Plaintiff. Paragraph 58 further alleges (1) that Plaintiff's purported position is that is was purchasing the alleged equipment, (2) that Plaintiff allegedly made a good faith deposit, and (3) that Plaintiff believed she would receive a "maintenance agreement." However, Plaintiff does not allege that any of these purported "positions" involve a dispute with INX. Plaintiff does not even allege that INX was the recipient of the disputed deposit. The allegations therefore fail to reveal any justiciable dispute between Plaintiff and INX as to which this Court could issue a declaration. Accordingly, Count 8 fails to state a claim for relief against Defendant INX.

    **7. The Ninth Cause of Action for an "Account Stated" Fails to State a Claim for Relief Against Defendant INX because the Only Account Alleged in the Complaint is Between Touch Asia/Ngaw and Plaintiff**

Paragraph 62 of the Complaint alleges that an account was stated between Plaintiff and Defendants Touch Asia and Ngaw for indebtedness in the sum of $555,000 on the part of Touch Asia

and Ngaw. The account alleged does not involve Defendant INX. No other account is alleged. Accordingly, Count 9 fails to allege a claim for relief against INX.

### 8. The Tenth Cause of Action for Imposition of an Implied or Constructive Trust Against Defendant INX Fails to State a Claim for Relief Against Defendant INX

A cause of action for constructive trust requires the allegation of a fraud, breach of fiduciary duty, or other act that entitles the plaintiff to recover property wrongfully acquired by the defendant. *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal. App. 4th 1017, 117 Cal Rptr, 2d 685. Here, there are no allegations that INX has ever been in wrongful possession of any property belonging to Plaintiff, let alone specific allegations that INX committed fraud or breached a fiduciary obligation owed to Plaintiff. Indeed, there is no allegation that INX possesses any property with respect to which it can be made an involuntary trustee. The allegations of the Tenth claim for relief, at Paragraphs 64 through 66, are merely conclusory statements totally devoid of any factual allegation. Thus, the Court must also dismiss Count 10 against Defendant INX.

### 9. The Eleventh Cause of Action for Injunctive Relief Fails to Specify Any Basis for Injunctive Relief Against Defendant INX

Apart from the fact that none of the factual allegations in the entire Complaint allege any specific wrongful conduct by Defendant INX for which any of the claims asserted could form a basis for relief in favor of Plaintiff, Plaintiff also fails to allege any facts supporting the granting of an injunction against INX or indeed any other Defendant. To obtain an injunction, Plaintiff must show that monetary damages are an insufficient remedy. Plaintiff has failed to allege facts showing why a remedy at law in the form of money damages would be inadequate. *See Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.* (1967) 255 Cal. App. 2d 300, 306, 63 Cal. Rptr. 148. Since Plaintiff has made no allegations showing that she would suffer any irreparable injury that could not be compensated by money, she is not entitled to injunctive relief. Count 11 must be dismissed against Defendant INX.

### 10. No Claim for Relief is Set Forth by the Allegations in the Twelfth Cause of Action for Unfair Competition in Violation of Calif. Business & Professions Code §17200 et seq.

Plaintiff alleges, in Paragraphs 73 through 76, on "information and belief," that Defendant Stratasoft and "all other Defendants" used "confidential information improperly from TOUCH ASIA" without its consent to compete against Plaintiff allegedly as further described in the Complaint. Plaintiff alleges that the use of Touch Asia's confidential information constituted "unlawful, unfair, and/or fraudulent business practices in violation of Section 17200." Plaintiff is required to set forth an unlawful act or practice that is undertaken *both as a business activity and is also forbidden by law.* *Farmers Ins. Exch. V. Sup. Ct.* (1992) 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487. Plaintiff fails to identify the unlawful predicate act undertaken by Defendant INX or to allege that such act was a business practice. A mere allegation, such as appears in the Complaint, of use of "confidential information" is insufficient. But, in any event, Plaintiff fails to identify the alleged "confidential information," or the persons who wrongfully used such information, or how the information was used to unfairly compete against Plaintiff, and how Plaintiff was injured thereby. Indeed, as is the case with every Count made against Defendant INX, Plaintiff fails to state *any* facts that could even remotely suggest that Defendant INX engaged in any wrongful conduct. Accordingly, the Court must dismiss Count 12 of the Complaint as against Defendant INX.

### 11. Plaintiff has not Alleged How Defendant INX Interfered with any of Plaintiff's Purported Contracts and the Thirteenth Cause of Action for Intentional Interference with Contract and the Fourteenth Cause of Action for Negligent Interference with Contractual Relations do not State a Claim for Relief Against INX

In Counts 13 and 14, Plaintiff purports to set forth claims for relief for intentional and negligent interference with contractual relations by "Defendants." A cause of action for intentional interference with contractual relations requires allegation of the contractual relationship and that interference was accomplished by wrongful means. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal. 4th 376, 381 n. 2, 392-393, 45 Cal. Rptr. 2d 436. Not only does Plaintiff fail to specify the alleged

contracts at issue[2], but Plaintiff also fails to allege any specific conduct by INX that she claims constituted the interference. (See Complaint ¶¶ 77-80 and 81-84.)

### 12. The Fifteenth and Sixteenth Causes of Action for Intentional and Negligent Interference with Prospective Economic Advantage Respectively Fail to Allege Any Facts as Against Defendant INX and Therefore do not State a Claim for Relief Against this Defendant

In Paragraph 86 of the complaint, Plaintiff alleges that "Defendant and DOES 1 through 20, willfully and deliberately committed the wrongful acts alleged herein with the intent to harm Plaintiff financially and to induce Plaintiff's existing employees, clients, prospective clients, and suppliers to sever their present and prospective business relationships with Plaintiff." Apart from the fact that Plaintiff fails to identify the "Defendant" to whom she is referring, there is nothing in the allegations set forth that can conceivably be construed as an interference by Defendant INX in Plaintiff's prospective business relationships let alone an allegation that such acts were wrongful. None of the allegations even mention INX by name. Paragraph 90 of the Complaint alleges that Defendant Stratasoft was an "incidental beneficiary" to a contract between Touch Asia and Plaintiff and that Stratasoft therefore owed Plaintiff a duty of care. However, there is no mention of Defendant INX in that allegation. Plaintiff also fails to set forth how she was injured by the alleged interference. Therefore, Plaintiff fails to even minimally meet the required standard of pleading actionable conduct.

### 13. The Twentieth Cause of Action for Civil Conspiracy Fails to Set Forth A Claim for which this Court can Grant Relief Against Defendant INX

In California, there is no independent cause of action for "civil conspiracy." "Conspiracy" is a theory of relief that is wholly dependent on the existence of an underlying tort. Accordingly, the plaintiff is required to allege *an actionable wrong* in which the defendant is alleged to have

---

[2] Plaintiff confusingly refers to contracts between herself and her employees, clients and suppliers as the relevant contracts, while the remainder of the complaint repeatedly refers only to a contract for sale of telephony services and equipment and an equipment lease.

11

participated, which caused damage to the plaintiff. *Unruh v. Truck Ins. Exch.* (1972) 7 Cal. 3d 616, 631, 102 Cal. Rptr. 815. As is shown in this motion, Plaintiff has completely failed to set forth a single actionable wrong in which Defendant INX engaged and by which Plaintiff was damaged. Accordingly, Count 20 must also be dismissed as failing to set forth a claim upon which relief can be granted.

### III. CONCLUSION

The Court should dismiss this Complaint because Plaintiff failed to meet her pleading burden of establishing that this Court has subject matter jurisdiction on the basis of diversity. Alternatively, the Complaint must be dismissed against Defendant INX pursuant to Fed. R. Civ. Pro 12(b)(6) on the basis that it fails to set forth any claim for relief against this Defendant.

Dated: February 18, 2008

Respectfully submitted

WALLER LANSDEN DORTCH & DAVIS, LLP

By: _____
John E. McOsker
Attorneys for Defendant INX, Inc.

Waller Lansden
Dortch & Davis, LLP

12

7073265.1

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           ) ss.:
COUNTY OF LOS ANGELES      )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

On February 19, 2008, I served on the interested parties in said action the within:

DEFENDANT INX, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPPORT THEREOF [FRCP 12(b)(1)] [FRCP 12(b)(6)]

by placing a true copy thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
3344 N. Mt. View Drive
San Diego, CA  92116

In Pro Se Plaintiff

[X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on February 19, 2008, at Los Angeles, California.

_____          _____
       Michelle D. Irick                              (Signature)
       (Type or print name)

7073265.1