**Noreen Rucinski**
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977
Plaintiff in Pro Per
Appearing *pro se*

FILED

08 MAR -7 PM 4:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:      CP      DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SCHNEIDER RUCINSKI ENTERPRISES, )
                                )
            Plaintiff,          )
                                )
vs.                             )   Case No.: 08 CV 0138 WQH POR
                                )
TOUCH ASIA OUTSOURCING          )   Date: March 24, 2008
SOLUTIONS, INC., dba TOUCH ASIA )   Time: 11:00 a.m.
CALL CENTER, INC.; RUDY NGAW;   )
STRATASOFT, INC. PACIFIC CALL   )
CENTERES; LANE MCCARTY          )   Judge: Hon. William Q Hayes
individually and as an employee and/or )
agent of STRATASOFT, INC.; JASON )
PACE individually and as an employee )
and/or agent of STRATASOFT, INC.; )   **PLAINTIFF'S MEMORANDUM IN**
MIKE BRIDGES individually and as an )  **OPPOSITION TO DEFENDANT'S**
employee and/or agent of STRATASOFT, ) **MOTION TO DISMISS**
INC.; MICHIEL BRIDGES, JR.,     )
individually and as an employee and/or )
agent of STRATASOFT, INC.; INX, INC., )
a Texas Corporation formerly known as I- )
SECTOR CORPORATION; COLO 6 LLC, )
a California Corporation, and NAVROZ )
HAJI, an individual, and DOES 1 through )
20, inclusive,                  )
                                )
            Defendants.         )
_____

SCHNEIDER RUSINISKI ENTERPRISES ("SRE") respectfully submits this Memorandum in Opposition to Defendant's Motion to Dismiss.

**INTRODUCTION**

Through an Asset Purchase Agreement dated MAY 11, 2004, as SRE entered into an agreement with INX in which INX through it's agent STRATASOFT agreed to

1

sell equipment to SRE in the sum of $128,000. Plaintiff paid INX's agent STRATASOFT $128,000.

I. *All rights and ownership of Telephony servers and software equipment, including source code, Licenses, source documentation, source listings and annotations and all equipment listed below*:

- 1 – StrataDial.VC2 Telephony Server
- 1 – 120 Agent Station Ports
- 1 – 360 Telephone Line Ports
- 1 – StrataDial.VC2 Supervisor Voice Monitoring Unit
- 1 – StrataDial.VC2 Engine Software 120 Agent by 360 Line License
- 1 – StrataDial.VC2 List Management and Reporting System License
- 1 – StrataDial.VC2 Prospect Management and Reporting System License
- 120 – Telephone Sale Representative (TSR) Agent Licenses
- 1 – DynaCall Software License
- 2 - StrataQA Software Licenses

In addition to the collateral equipment, as follows:
- Excel Hardware switches (32 T-1s & 24 E-1s) [Serial 086068]
- 1 -- EXPU Card with I/O
- 1 -- Power Supply Card
- 1 -- SS7 LC Card
- 1 – ISDN Pri Card

II. All of [SRE's] rights pertaining to any hardware and software licenses and any other contracts to which [INX/STRATASOFT] is a party or by which it is bound and which pertains to the "EQUIPMENT"

Subsequent to the Asset Purchase Agreement INX through it's agent STRATASOFT represented the following:

a) That STRATASOFT, specifically through its agents JASON PACE and MICHAEL BRIDGES, in the event of a default on the lease agreement with TOUCH ASIA, would assist Plaintiff in reselling the equipment to "any of it's sales in the pipeline"

b) that STRATASOFT maintained specific policies and procedures for this type of transaction – i.e., a sale to a lessor and/or leasing company;

c) that STRATASOFT would follow its specific policies and procedures with respect to the negotiation and sale of Equipment with Plaintiff;

d) that STRATASOFT fully understood and agreed that it was selling the Equipment to Plaintiff;

e) that STRATASOFT fully understood and agreed that Plaintiff would thereafter lease the Equipment to TOUCH ASIA and NGAW;

f) that free and clear title to the Equipment would vest in Plaintiff's name;

g) that PLAINTIFF, as owner of the Equipment, would have full access to and **control of the toggle and/or software keys** (as described in the services and maintenance contract) **and**

3

**could fully control when they were activated or deactivated**;

h) that no written contract was needed for this transaction;

i) that upon payment and clearance of funds to STRATASOFT, Plaintiff would receive a bill of sale/purchase order reflecting the sale to Plaintiff and ship-to/installation at TOUCH ASIA;

j) that after payment and installation, STRATASOFT would enter into a contract with TOUCH ASIA/NGAW for service and maintenance of the Equipment only;

k) that a copy of the service and maintenance contract would be sent to Plaintiff after the serial numbers on the Equipment were confirmed and the Equipment installed at TOUCH ASIA;

l) that a purchase order and cancelled checks was proof of ownership of the Equipment;

m) that the Equipment would not be installed at TOUCH ASIA until a waiver was signed by the landlord;

n) that after STRATASOFT received payment for installation and the funds cleared; it would send an invoice to Plaintiff for the remainder of the balance due for the purchase of the Equipment.

Plaintiff wishes to further state as a matter of fact that on or about June 28th, 2004 INX through it's agent STRATASOFT conspired to defraud SRE of their ownership rights of the "Equipment", by shipping the "Equipment" at dispute, over state lines to SRE's client TOUCH ASIA. During which time INX/STRATASOFT illegally transferred SRE"s ownership of said equipment to SRE's client TOUCH ASIA.

## STANDARD OF REVIEW

In considering a motion to dismiss, a court must take the allegations of the complaint at face value and must construe them favorably to the plaintiff. The allegations in the plaintiff's complaint are presumed true. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). A court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff could prove no set of facts supporting the claim which would entitle plaintiff to relief. *Huxall v. First State Bank*, 842 F.2d 249, 250- 51 (10th Cir. 1988). The court's function on a Rule 12(b)(6) motion is merely "to assess whether the plaintiffs complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller*, 948 F.2d at 1565.

## ARGUMENT

INX/STRATASOFT claims in its Motion to Dismiss that the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. SRE argues that this court does have subject matter jurisdiction as the amount in dispute is greater than $75,000 and is proper pursuant to 28 U.S.C. Sec. 1332. The claims in SRE's complaint arise out of inter-state transactions. INX is a corporation located and doing business in Texas, SRE is a company doing business in California. As alleged above INX/STRATASOFT sent the "Equipment" to SRE's client TOUCH ASIA in California over state lines. All transactions/shipping were via us mail, private mail carrier and by email traveling over state lines. Therefore the court does have subject matter jurisdiction over this dispute and the defendant claim of lack of subject matter jurisdiction should be dismissed.

INX also claims that SRE has not alleged damages with sufficient particularity under Rule 12(b)(6) of the Federal Rules of Civil Procedure to support its under which relief can be granted. Again, INX, has attempted to elevate a simple standard to something it is not. Rule 12(b)(6) only requires a plaintiff to plead damages in a manner that apprises the defendant of the claims at issue and the damages alleged to flow from those claims.

## I. SRE IS THE OWNER OF THE INX/STRATASOFT "EQUIPMENT" PURSUANT TO THE ASSET PURCHASE AND INX/STRATASOFT'S STATEMENTS TO SRE.

In its Complaint, SRE alleges in several places that it is the sole and exclusive owner of all rights, title, and interest in the "Equipment". SRE's allegations, together with the plain language of the Lease agreement, emails and Checks submitted to INX/STRATASOFT that were cashed, are sufficient to establish SRE's ownership of the "Equipment". INX/STRATASOFT asks this Court to ignore the allegations in SRE's Complaint and declare that SRE does not own the "Equipment" because INX/STRATASOFT claims that the Asset Purchase is not sufficient to transfer ownership.

The Asset Purchase, is clearly sufficient. The issue, if any, is an interpretation of the actions of all parties under the transaction - not whether a writing exists transferring ownership. INX/STRATASOFT, of course, ignores their own and their agents own actions in its Answer and Motion.

INX also made representation to SRE that it would "deliver" the equipment to the Leasee on the Closing Date while retaining SRE's ownership of the "Equipment". INX/STRATASOFT's argument is meritless. The allegations in the Complaint make it clear and must be accepted as true. INX/STRATASOFT's Motion should be denied.

## II. SRE HAS SUFFICIENTLY ALLEGED DAMAGES.

INX/STRATASOFT also claims SRE's Complaint should be dismissed because SRE has not sufficiently alleged damages. In order to state a claim damages have to be shown that it was "naturally and necessarily result from the harm done".

In its complaint, SRE has pled precisely as to which damages it is asking for. Paragraph 26 of SRE's Complaint reads as follows:

a.  For an order that STRATASOFT and INX and its agents specifically perform the terms of the Agreement and deliver the bill of sale/purchase order reflecting the sale of the Equipment to Plaintiff;

b.  For an order that STRATASOFT and INX and its agents specifically perform the terms of the Agreement and deliver a service and maintenance contract for the Equipment; and,

c.  For an order that STRATASOFT and INX and its agents specifically perform the terms of the Agreement and deliver an invoice for the remainder of the balance due for the purchase of the Equipment.

d.  In the event the court does not order Specific Performance of the contract, for compensatory damages in the amount of $555,000.00 for breach of contract;

e.  For the principal sum of $555,000.00 plus interest, late fees, penalties and other reasonable charges;

f.  For reasonable attorneys' fees according to proof;

g.  For immediate possession of the equipment and software access remotely.

h.  For reasonable value of the Equipment in an amount to be proven at the time of trial;

i.  For all sums expended by Plaintiff in seeking the return of the Collateral, in an amount to be proven at the time of trial;

j.  For general damages in an amount to be proven at the time of trial;

k.  For special damages in an amount to be proven at the time of trial;

l.  For compensatory damages in an amount to be proven at the time of trial;

m.  For exemplary and punitive damages in an equitable amount to be proven at the time of trial;

n.  For a judicial determination by the court of the rights and duties of the Parties; specifically that Plaintiff is the rightful owner of the Equipment;

o.  For the principal sum of $555,000.00 plus interest, late fees, penalties and other reasonable charges;

p.  For the imposition on an implied and/or constructive trust against Defendants, and each of them, for the full monetary and material value, including all unpaid fees, costs and interest thereon, concerning the items, equipment, goods and services which are the subject of this action;

q.  That the Court issue appropriate injunctive relief and orders as the Court may deem just, equitable and proper;

r.  For general damages in an amount to be proven at the time of trial;

s.  For special damages in an amount to be proven at the time of trial;

t.  For compensatory damages in an amount to be proven at the time of trial;

u.  For costs of suit, legal and attorneys' fees herein incurred.

v.  For interest per the parties' agreement/lease from the date of Defendants' breach thereof;

w.  For additional monthly rental from the date of breach of the ELA, to the present, and for each successive rental period thereafter, in addition to the period's thereafter upon which

8

     Defendant's unlawfully remained in possession, pursuant to the parties' agreement/lease.

x. For all legal interest on all damages incurred from the date of Defendants' cause thereof;

y. For such other and further relief as the court may deem just and proper.

SRE has pled with sufficient particularity the damages it incurred and is continuing to incur as a result of INX/STRATASOFT's breach of SRE's title to the "Equipment". SRE's complaint has set forth the specific loss that SRE further suffers if its unable to ascertain the truth of ownership in the "Equipment" because of INX/STRATASOFT's wrongful acts. SRE's allegations are sufficiently particular to "apprise" INX/STRATASOFT of SRE's claims. Indeed, INX/SRATASOFT knows exactly what is at issue in this case and, as alleged in SRE's Complaint, INX/SRATASOFT has acted with the specific intent of causing SRE the precise type of damages SRE has alleged. SRE has met the pleading requirements for its claim of title in this action. INX/STRATASOFT's Motion to Dismiss should be denied.

**CONCLUSION**

For all of the foregoing reasons, INX/STRATASOFT''s Motion to Dismiss should be denied. SRE has properly alleged a claim for of title under the law.

DATED this 7 th day of March 2008

By: _____

**CERTIFICATE OF SERVICE**

1 | I HEREBY CERTIFY that on this 7th day of March 2004, I caused to be mailed a true and correct copy of the foregoing to the following by the method described below:

2

3

4

5

6

7 *By Mail Delivery:*

8 _____

9

10 *BY U.S. Mail, postage prepaid:*

11 *Mar 7-2008*

12 _____

13

14

15

16 Dated: March 7, 2008

17                                                 SCHNEIDER RUCINSKI ENTERPRISES

18

19

20                                                 By: _____
                                                        Noreen Rucinski,
21                                                     Dir. Strategic Business Development

22

23

24

25

26

27

28

10