John E. McOsker (SBN 169191)
jmcosker@wallerlaw.com
Stephen K. Lubega (SBN 126849)
slubega@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (213) 362-3680
Facsimile: (213) 362-3679

Attorneys for Defendants Stratasoft, Inc. and INX, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California Company,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCH ASIA OUTSOURCING SOLUTIONS, INC. dba TOUCH ASIA CALL CENTER, INC., a California Corporation; RUDY NGAW, an individual; STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:08-cv-00138-WQH-POR<br><br>Date: April 21, 2008<br>Time: 11:00 a.m.<br><br>Judge: Hon. William Q. Hayes<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STRATASOFT, INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]<br><br>Complaint Filed: January 23, 2008 |

## I. INTRODUCTION

Defendant STRATASOFT is another of several corporate and individual defendants who have been sued by Plaintiff Noreen Rucinski doing business as "Schneider Rucinski Enterprises"). As previously pointed out in Defendant INX, Inc.'s motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1), Plaintiff's invocation of this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332 is infirm. Accordingly, Defendant STRATASOFT moves this Court for an order dismissing the Complaint because, on its face, the Complaint fails to allege

facts sufficient to satisfy the "complete diversity" requirements necessary for such subject matter jurisdiction. The Complaint establishes that Plaintiff is a citizen of California and that at least one of the Defendants is also a citizen of California.

## II. ARGUMENT

### A. A Defendant May Challenge the Complaint by Bringing a Motion to Dismiss Pursuant to Fed. R. Civ. Pro 12(b)(1) on the Ground that the Court Lacks Subject Matter Jurisdiction over the Action

Fed. R. Civ. Pro 12(b)(1) provides that the objection of lack of subject matter jurisdiction may be asserted by motion. "A motion asserting [this objection] must be made before pleading if a responsive pleading is allowed." (*See* Fed. R. Civ. Pro 12(b)(1).) The Court is required to first rule on the Rule 12(b)(1) objection before ruling on other objections made under Rule 12. Lack of subject matter jurisdiction is a non-waivable defect in the pleadings because federal diversity cannot be conferred by consent of the parties.

### B. The Complaint Facially Establishes that there is Lack of Complete Diversity Between Plaintiff and Each of the Defendants

Complete diversity of citizenship is required in order for subject matter jurisdiction to exist under the diversity requirements of Title 28 of the United States Code. Federal diversity jurisdiction requires that all parties to the action be "citizens of different states." 28 U.S.C. §1332(a). This has been interpreted to mean that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F. 3d 1061, 1067 (9th Cir. 2001). The burden of establishing diversity jurisdiction is on the plaintiff *to both plead and prove such facts. McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936); *Bautista v. Pan American World Airways, Inc.* 828 F.2d 546, 562 (9th Cir. 1987).

Plaintiff Noreen Rucinski fails to plead facts sufficient to establish the existence of diversity. Rucinski lists her address as being in San Diego, California. She alleges, in Paragraph 1 of the Complaint, that she is the sole proprietor of "Schneider Rucinski Enterprises, a California company licensed to conduct business in the County of San Diego,

1  State of California." It should be noted based on the exhibits attached to the Complaint, that
2  "Schneider Rucinski Enterprises" has the same California address as that listed in the caption
3  of the Complaint (3344 N. Mt. View Dr., San Diego, CA 92116). The exhibits to the
4  Complaint include an "Equipment Lease Agreement," a "UCC Financing Statement," and
5  various invoices and checks, all of which bear the same California address listed as the
6  Plaintiff's address in the Complaint. Plaintiff's allegations and the exhibits attached to her
7  Complaint suggest that Plaintiff is indeed domiciled in California, and is a California citizen.

8  On the other hand, Plaintiff alleges, in Paragraph 2 of the Complaint, that Defendant
9  Rudy Ngaw is an individual *residing* in Sacramento, California, and doing business in the
10 County of San Diego. In Paragraph 3, she alleges that Defendant Touch Asia Outsourcing
11 Solutions, Inc. ('Touch Asia") is a corporation *incorporated in California with its principal*
12 *place of business in Sacramento, California*, which conducts business in this State. In
13 Paragraph 10, Plaintiff alleges that Defendant Navros Haji was at all times mentioned *a*
14 *resident of California* and doing business in San Diego. In Paragraph 11, she alleges that
15 Defendant Colo 6 LLC dba U.S. Colo *is a California corporation with its principal place of*
16 *business in Los Angeles, California*.

17 On the face of the Complaint, Plaintiff has alleged facts establishing that there is lack of
18 complete diversity between her and at least four of the Defendants. Because Plaintiff bears the
19 burden of pleading and proving the facts establishing diversity, and because she has failed to
20 meet her pleading burden, the Court must dismiss her Complaint.

21 **III.    CONCLUSION**

22 The Court should dismiss this Complaint because Plaintiff failed to meet her pleading
23 burden of establishing that this Court has subject matter jurisdiction on the basis of diversity.

1
2  Dated: March 14, 2008                    Respectfully submitted
3                                           WALLER LANSDEN DORTCH & DAVIS, LLP
4
5
                                            By:  _____/s/_____
6                                                John E. McOsker
                                                 Attorneys for Defendants
7                                                Stratasoft, Inc. and INX, Inc.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28