John E. McOsker (SBN 169191)
jmcosker@wallerlaw.com
Stephen K. Lubega (SBN 126849)
slubega@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (213) 362-3680
Facsimile: (213) 362-3679

Attorneys for Defendants Stratasoft, Inc. and INX, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California Company, <br><br> Plaintiff, <br><br> vs. <br><br> TOUCH ASIA OUTSOURCING SOLUTIONS, INC. dba TOUCH ASIA CALL CENTER, INC., a California Corporation; RUDY NGAW, an individual; STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 3:08-cv-00138-WQH-POR <br><br> Date: March 24, 2008 <br> Time: 11:00 a.m. <br><br> Judge: Hon. William Q. Hayes <br><br> **DEFENDANT INX, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** <br><br> [NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT] <br><br> Complaint Filed: January 23, 2008 |

**I.     INTRODUCTION**

Defendant INX, Inc. hereby submits this Reply Memorandum in reply to Plaintiff Noreen Rucinski's Opposition to INX's motion to dismiss. Plaintiff miscomprehends the law and arguments in the motion to dismiss and therefore fails to effectively address the issues raised in the motion. Accordingly, the Court should dismiss the complaint on the basis and arguments stated in the motion.

/ / /

/ / /

## II. PLAINTIFF UTTERLY FAILS TO ADDRESS THE COURT'S LACK OF SUBJECT MATTER JURISDICTION

Understandably, Plaintiff's appearance in this case pro se might explain her failure to fully grasp that the Court lacks subject matter jurisdiction of this action because there are non-diverse parties on both sides of the case. However, even a party who appears in her own stead and chooses to represent herself must be bound by the requirements of law even if she does not fully comprehend them. In that respect, Fed. R. Civ. Pro 11 states, in relevant part:

> "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> \*\*\*
>
> (2) the claims, defenses, and other legal contentions' are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;"

(Emphasis added.) Plaintiff has completely failed to articulate why the Court has subject matter jurisdiction when her complaint alleges on its face that there are non-diverse parties on both sides. She likely is in violation of the standards set forth in Rule 11.

With respect to Plaintiff's purported support for the basis of the Court's subject matter jurisdiction in this case, Plaintiff focuses solely on the amount in dispute and the alleged, but irrelevant, fact that "INX is a corporation located and doing business in Texas, [and Plaintiff's company] is a company doing business in California." (See Opposition at 5.) Plaintiff fails completely to address the requirements of complete diversity of the parties, a circumstance necessary in order to vest this Court with diversity jurisdiction. However, and as fully developed in moving party's initial filing, Plaintiff freely acknowledges in her complaint that "Schneider Rucinski Enterprises" is a business entity organized and residing in San Diego,

California. She further pleads that both Defendants Rudy Ngaw and Touch Asia Outsourcing Solutions, Inc. reside in California. Accordingly, the Defendant INX's motion essentially stands unopposed on this basis and the Court should grant it.

### III. PLAINTIFF ALSO FAILS TO RESPOND TO ANY OF THE ARGUMENTS UPON WHICH DEFENDANT INX'S RULE 12(B)(6) MOTION IS BASED

Plaintiff dances a not so delicate jig around the grounds that Defendant INX presented for the alternative dismissal of Plaintiff's complaint under Rule 12(b)(6). While Plaintiff accurately states that the Court must construe the allegations of the complaint in the light most favorably to her and presume those allegations to be true (Opposition at 5), the fact of the matter is that she has not alleged *sufficient* facts to substantively state the claims she purports to state. Her Opposition does not in any way show why the facts she has alleged in the complaint are actionable conduct on the part of INX. Even if the Court presumes her allegations to be factually true, for the reasons stated in INX's motion, those allegations fail to demonstrate that INX engaged in any actionable conduct. The Court is not required to re-write Plaintiff's pleading for her.

Furthermore, Plaintiff also ignores the fact that her allegations of fraud are not governed by the "short and plain statement" standards of Rule 8, but by the enhanced pleading requirements contained in Rule 9. Plaintiff's Opposition also completely fails to address the specificity requirements for fraud actions, and fails to justify why the fraud allegations in her complaint should not be discounted. Accordingly, the Court has no choice but to dismiss the complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### IV.     CONCLUSION

For the reasons stated in Defendant INX's motion and accompanying memorandum, this Court should dismiss the complaint.

Dated:  March 17, 2008               Respectfully submitted

                                              WALLER LANSDEN DORTCH & DAVIS, LLP

By:    /s/
      John E. McOsker
      Attorneys for Defendants
      Stratasoft, Inc. and INX, Inc.