**Noreen Rucinski**
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977
noreenr@cox.net
Plaintiff in Pro Per
Appearing *pro se*

FILED
08 APR 11 PM 3:08
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TOUCH ASIA OUTSOURCING ) <br> SOLUTIONS, INC., dba TOUCH ASIA ) <br> CALL CENTER, INC.; RUDY NGAW; ) <br> STRATASOFT, INC. PACIFIC CALL ) <br> CENTERES; LANE MCCARTY ) <br> individually and as an employee and/or ) <br> agent of STRATASOFT, INC.; JASON ) <br> PACE individually and as an employee ) <br> and/or agent of STRATASOFT, INC.; ) <br> MIKE BRIDGES individually and as an ) <br> employee and/or agent of STRATASOFT, ) <br> INC.; MICHIEL BRIDGES, JR., ) <br> individually and as an employee and/or ) <br> agent of STRATASOFT, INC.; INX, INC., ) <br> a Texas Corporation formerly known as I- ) <br> SECTOR CORPORATION; COLO 6 LLC, ) <br> a California Corporation, and NAVROZ ) <br> HAJI, an individual, and DOES 1 through ) <br> 20, inclusive, ) <br> ) <br> Defendants. | Case No.: 08 CV 0138 WQH POR <br><br> Date: May 19 2008 <br> Time: 11:00 AM <br><br> Judge: Hon. William Q Hayes <br><br> **PLAINTIFF'S EX PARTE MOTION TO STRIKE DEFENDANTS REPLY (ANSWER) USCOLO, COLO 6 LLC** <br><br> "Oral argument not required unless requested by the courts" |

<u>**PLAINTIFF'S EXPARTE MOTION TO STRIKE DEFENDANTS REPLY (ANSWER) USCOLO, COLO 6 LLC**</u>

The Plaintiff Schneider Rucinski Enterprises (SRE)("Plaintiff") requested a Exparte motion for the Judge to strike defendants answer to complaint. The rules of procedure pursuant to Rule 12(a)(F)(2) of the Federal Rules of Civil

1

Procedure, hereby requests the Judge to allow the motion to strike against the Defendants, USCOLO LLC/DBA UCCOLO6., on the grounds that the Defendants have failed to answer or otherwise respond to the Plaintiff's Complaint on file.

Plaintiff ("SRE") respectfully submits this Exparte request to Strike the response, denying the Defendant's Answer or response to Complaint, herein in accordance with the *Code of Civil Procedure*[1] *section 435 entirety on the grounds a corporation cannot file a pleading in propria persona and Federal rules, 12F(2) Motion To Strike. (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.* behalf of the corporation in court proceedings, e.g., an officer or director, is not an attorney, that person would be engaged in the unlicensed practice of law thus putting out side the 20 days rules of procedure pursuant to Rule 55(a) allowed by the courts for a correct response from an attorney with regard to corporation to the Plaintiff's Complaint on file herein. USCOLO response is defective it could not be cured because it was "void," insofar as USCOLO could not represent itself.  Therefore, the SRE request, the court  dismiss the action because no valid complaint was filed within the statute of limitations. *Paradise v. Nowlin* (1948) 86 Cal.App.2d 897 (*Paradise*),

1. Plaintiff filed their original Petition with this court on January 26 2008. Plaintiff served Defendants by certified process server on or about February 1, 2008, attached hereto as Exhibit "A" is plaintiff's certificate of service and acceptance of documents by manager Rick Fisch.

---

[1] All further section references are to the Code of Civil Procedure.

2. Defendant's Manager, Rick Fisher acknowledges receipt of service in compliance of the Rules of Procedures for USCOLO LLC/DBA UCOLO6 LLC (exhibit B) and has submitted an answer to the courts February 21 2008. however, defendants' reply is defective (exhibit C) because it has not conformed in accordance within the rules of his court, in compliance with the Federal Rules of Civil Procedures, pursuant to *Code of Civil Procedure[2] section 435, entirety on the grounds a corporation cannot file a pleading in propria persona* and additionally not in accordance with the State Department of California Corporation Codes and Civil Local Rule 3-9(b). Taking in to consideration all of the above the defendants are a Corporation, and therefore must comply with the rules of representation of counsel in matters before this court. Defendants reply is signed by a manager, not licensed counsel. Therefore, the plaintiff requests that defendants reply be struck from the record and not be considered a timely response or answer to complaint. If the corporate agent who would likely appear on behalf of the corporation in court proceedings, e.g., an officer or director, is not an attorney, that person would be engaged in the unlicensed practice of law. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 730 (*Merco*).) A motion to strike under section 435 et seq. is traditionally used to reach pleading defects that are not subject to demurrer. (5 Witkin, Cal. Proc., 4th ed., Pleading, § 960, p. 420.) Every pleading must be subscribed, i.e., signed, by the party or his or her attorney. (§ 446, subd. (a).)

3. Defendants USCOLO and COLO6 in last 6 years has had many court actions pressed upon the company, which we would and will show at trial, including one other one lawsuit, I am aware of and was made part of by the state of California. The state filed a complaint against this corporation with the same directors and managers. In all other cases with matter of the courts it has

answered with an attorney who still shows the same attorney or record, Mr. Oberg. We contend as in all dealing with USCOLO with regard to SRE, they behave as they want, they do as they desire with no regard of the law. They add additional work as shown here. Yet in this matter to further add to the courts paper work and lack of respect. Has filed a response with no regard of the courts rules, with full knowledge of their identity as a corporation as they have done on previous summons and documents from the courts. (*Paradise's* summary conclusion was that any response (or, impliedly, other document) filed on behalf of a corporation by a non-attorney is automatically void, that is, of no legal effect whatever, an absolute nullity. (Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.).

Therefore it is my request, the court should not allow leave of the court for an opportunity of answer, beyond what it has done that was not with in the rules.

4. I would like to make the courts aware, On February 4 they filed on February 21 and again discussed with them again March 9, 2008. It was discussed with this with the management, Rick , Haji an Max of USColo6. I was told they had an attorney and would be sending a response. It is now April 10, 2008, with no response from an attorney on file or appearance of.

4. Pray for relief, to be determined for losses and return of funds paid for said equipment, losses for profits, losses for resale of equipment and or usage or property and losses property held in facilities in the amount of $555,000.00.

5. To the extent the opposing party is burdened by having to bring a motion to strike the complaint of a corporation not represented by counsel, the court, may order the corporation to pay the opposing party's additional unwarranted, expenses for bringing the motion. Had USCOLO otherwise timely filed complaint brief, minimal, and essentially inconsequential causing more undo time and extra work for the Pro Se Planitiff.

Wherefore, premises considered, the Plaintiff hereby requests the Clerk of this Court to enter into default the complaint, dated January 26, 2008 against the Defendant's USCOLO LLC/DBA UCLOLO6. a Nevada Corporation.

Respectfully submitted,

*[signature]*

Noreen Rucinski

On behalf of Schneider Rucinski Enterprises

## Points and Authorities

1. *Code of Civil Procedure[3] section 435, entirety on the grounds a corporation cannot file a pleading in propria persona*

2. Rule 12(a)(F)(2) of the Federal Rules of Civil Procedure, hereby requests the Judge to allow the motion to strike against the Defendants, USCOLO LLC/DBA UCCOLO6., on the grounds that the Defendants have failed to answer or otherwise respond to the Plaintiff's Complaint on file.

3. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 730 (*Merco*).) A motion to strike under section 435 et seq. is traditionally used to reach pleading defects that are not subject to demurrer. (5 Witkin, Cal. Proc., 4th ed., Pleading, § 960, p. 420.)

4. Every pleading must be subscribed, i.e., signed, by the party or his or her attorney. (§ 446, subd. (a).)

5. corporation by a non-attorney is automatically void, that is, of no legal effect whatever, an absolute nullity. (Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.).

6. Civil Local Rule 3-9(b).

7. A party against whom a complaint is filed has 30 days to demur or move to strike. (§§ 430.40; 435, subd. (b)(1).)

7. The USCOL filed its response on February 21, 2008 it was notified by SRE on February 29 and again, March 8 2008. Allowing time for additional 30 days for response with an Attorney.

_____

6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document :

MOTION FOR DEFAULT JUDGEMENT

A copy was served as follows:

[X] **BY E-MAIL**: I sent a true copy via e-mail to all known parties of record who have provided e-mail addresses.

[X] **BY MAIL**: I sent a true copy via first-class mail to all known parties of record.

Executed in San Diego Ca , on the **11th** day of April 2008 .

Dated: April 11, 2008

SCHNEIDER RUCINSKI ENTERPRISES

By: _____
Fred Rucinski,
An Individual