**Noreen Rucinski**
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977
noreenr@cox.net
Plaintiff in Pro Per
Appearing *pro se*

FILED
08 APR 11 PM 3:08
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, <br><br> Plaintiff, <br><br> vs. <br><br> TOUCH ASIA OUTSOURCING SOLUTIONS, INC., dba TOUCH ASIA CALL CENTER, INC.; RUDY NGAW; STRATASOFT, INC. PACIFIC CALL CENTERES; LANE MCCARTY individually and as an employee and/or agent of STRATASOFT, INC.; JASON PACE individually and as an employee and/or agent of STRATASOFT, INC.; MIKE BRIDGES individually and as an employee and/or agent of STRATASOFT, INC.; MICHIEL BRIDGES, JR., individually and as an employee and/or agent of STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; COLO 6 LLC, a California Corporation, and NAVROZ HAJI, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 08 CV 0138 WQH POR <br><br> Date: May 19 209 <br> Time: 11:00 AM <br><br> Judge: Hon. William Q Hayes <br><br> **PLANITIFF'S EX PARTE MOTION TO AN ORDER TO ENTER INTO DEFAULT ON USCOLO DBA UCOLO6 LLC** <br><br> "Oral argument not required unless requested by the courts" |

**PLANITIFF'S EX PARTE MOTION TO AN ORDER
TO ENTER INTO DEFAULT ON USCOLO DBA UCOLO6 LLC**

The Plaintiff Schneider Rucinski Enterprises (SRE)("Plaintiff") requested a Exparte motion for the Judge to Order the clerk of the courts to ENTER INTO DEFAULT. Plaintiff hereby requests the Clerk of this Court to enter a default

1

against the Defendants, USCOLO LLC/DBA UCCOLO6., on the grounds that the Defendants have failed to answer or otherwise respond to the Plaintiff's Complaint on file herein in accordance with the *Civil Local Rule 3-9(b)*, *a corporation may* **appear** *in the federal courts only through licensed counsel also, The rules of procedure pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Code of Civil Procedure[1] section 435 entirety on the grounds a corporation cannot file a pleading in propria, and 21 Cal.3d 724, 730, ., an officer or director, is not an attorney, that person would be engaged in the unlicensed practice of law,* voiding and nullifying any reponse. Making USCOLO's response void and untimely. `Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.)` Plaintiff ("SRE") respectfully submits this Exparte request to enter into default, denying the void defendant's Answer or response to Complaint.

   1. Plaintiff filed their original Petition with this court on January 26 2008.

Plaintiff served Defendants by certified process server on or about February 1, 2008, attached hereto as Exhibit "A" is plaintiff's certificate of service and acceptance of documents by manager Rick Fisch.

   2. Defendant's Manager, Rick Fisher acknowledges receipt of service in compliance of the Rules of Procedures for USCOLO LLC/DBA UCOLO6 LLC (exhibit B) and has submitted an answer to the courts February 21 2008. however, defendants' reply is defective (exhibit C) by reasons

   1a. Of the corporation's lack of power to represent itself in an action in court." *Paradise* state cases expressing the rule that a corporation can only be represented by an attorney. *Land Management v. Department of Envir. Protec.* (1977 Me.) 368 A.2d 602 *Paradise's* summary conclusion that a notice of appeal (or, impliedly, another document) filed on behalf of a corporation by a nonattorney is automatically void, that is, of no legal effect whatever, an absolute nullity. (`Black's Law Dict. (7th ed. 1999), p. 1568, col. 1.)`

---

[1] All further section references are to the Code of Civil Procedure.

2

  2a. It must be represented by licensed counsel in proceedings before courts of record. (*Caressa Camille, Inc. v. Alcoholic Beverage Control Appeals Bd.* (2002) 99 Cal.App.4th 1094, 1101-1103 & citations therein

  3a. *Code of Civil Procedure[2] section 435, entirety on the grounds a corporation cannot file a pleading in propria persona.*

2. If the corporate agent who would likely appear on behalf of the corporation in court proceedings, e.g., an officer or director, is not an attorney, that person would be engaged in the unlicensed practice of law. (*Merco Constr. Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 730 (*Merco*).) *Land Management v. Department of Envir. Protec.* (1977 Me.) 368 A.2d 602  Taking in to consideration all of the above the defendants are a Corporation, and therefore must comply with the rules of representation of counsel in matters before this court. Defendants reply is signed by a manager, not licensed counsel. Therefore, the plaintiff requests that defendants reply be considered "null and void" and granted default for response not be considered a timely response or answer to complaint.

3. Defendants USCOLO and COLO6 in last 6 years has had many court actions pressed upon the company, which we would and will show at trial, including one other one lawsuit, I am aware of and was made part of by the state of California. The state filed a complaint against this company with the same directors and a managers, it answered with an attorney who still shows as attorney or record. Mr. Oberg. Yet in this matter to further add to the courts paper work and lack of respect. Has filed a response with no regard of the courts rules, with full knowledge of their identity as a corporation as they have done on previous summons and documents from the courts. Therefore it is my request,

---

[2] All further section references are to the Code of Civil Procedure.

the court should not allow leave of the court for an opportunity of answer and enter in to default .

4. I would like to make the courts aware, On February 4 and again on March 9, 2008. I discussed this with the management of USColo6 and supposed Attorney, not yet to have appeared. On February 4 2008 I was told they had an attorney and would be sending a response. It is now April 10, 2008, with no response from an attorney on file or appearance of.

4. Pray for relief, to be determined for losses and return of funds paid for said equipment, losses for profits, losses for resale of equipment and or usage or property and losses property held in facilities in the amount of $555,000.00.

Wherefore, premises considered, the Plaintiff hereby requests the Clerk of this Court to enter into default (*The rules of procedure pursuant to Rule 55(a) of the Federal Rules of Civil Procedure* )the complaint dated January 26, 2008 against the Defendant's USCOLO LLC/DBA UCLOLO6. a Nevada Corporation.

Respectfully submitted,

*[signature]*

Noreen Rucinski

On behalf of Schneider Rucinski Enterprises

## Points and Authorities

*Code of Civil Procedure*[3] *section 435, entirety on the grounds a corporation cannot file a pleading in propria persona*   See, e.g., *Housing Authority of Cook County v. Tonsul* (Ill. 1983) 450 N.E.2d 1248: judgment void even if layperson merely signs complaint and all other appearances are by attorney; *Land Management v. Department of Envir. Protec.* (1977 Me.) 368 A.2d 602: complaint signed by layperson a nullity and action dismissed; *Massongill v. McDevitt* (1989 Okla.) 828 P.2d 438, same; *Tracy-Burke v. Department of Employment Sec.* (Utah 1985) 699 P.2d 687: petition for review signed by nonattorney corporate officer dismissed, .

*Waite v. Carpenter* (Neb. 1992) 496 N.W.2d 1: trial court's decision to refuse corporation opportunity to obtain attorney measured by abuse of discretion standard;
*Land Management v. Department of Envir. Protec.* (1977 Me.) 368 A.2d 602: complaint signed by layperson a nullity and action dismissed; *Massongill v. McDevitt* (1989 Okla.) 828 P.2d 438, same; *Tracy-Burke v. Department of Employment Sec.* (Utah 1985) 699 P.2d 687: petition for review signed by nonattorney corporate officer dismissed,

.

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document :

MOTION FOR DEFAULT JUDGEMENT

A copy was served as follows:

[X] **BY E-MAIL**:  I sent a true copy via e-mail to all known parties of record who have provided e-mail addresses.

[X] **BY MAIL**: I sent a true copy via first-class mail to all known parties of record. Executed in San Diego Ca , on the **11th** day of April 2008 .

Dated:  April 10,, 2008

SCHNEIDER RUCINSKI ENTERPRISES

By: _____
Fred Rucinski,
An Individual