1  John E. McOsker (SBN 169191)
   jmcosker@wallerlaw.com
2  Stephen K. Lubega (SBN 126849)
   slubega@wallerlaw.com
3  WALLER LANSDEN DORTCH & DAVIS, LLP
   333 S. Grand Avenue, Suite 1800
4  Los Angeles, California 90071
   Telephone: (213) 362-3680
5  Facsimile: (213) 362-3679

6  Attorneys for Defendants Stratasoft, Inc. and INX, Inc.

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 SCHNEIDER RUCINSKI ENTERPRISES, a ) Case No. 3:08-cv-00138-WQH-POR
   California Company,                )
12                                     ) Date:  April 28, 2008
            Plaintiff,                 ) Time:  11:00 a.m.
13                                     )
       vs.                             ) Judge: Hon. William Q. Hayes
14                                     )
   TOUCH ASIA OUTSOURCING              ) **DEFENDANT STRATASOFT'S**
15 SOLUTIONS, INC. dba TOUCH ASIA      ) **MEMORANDUM OF POINTS AND**
   CALL CENTER, INC., a California     ) **AUTHORITIES IN REPLY TO**
16 Corporation; RUDY NGAW, an individual;) **PLAINTIFF'S OPPOSITION TO**
   STRATASOFT, INC.; INX, INC., a Texas ) **MOTION TO DISMISS;**
17 Corporation formerly known as I-SECTOR) **DECLARATION OF STEPHEN K.**
   CORPORATION; and DOES 1 through 20,  ) **LUBEGA IN SUPPORT THEREOF**
18 inclusive,                           )
                                        )
19          Defendants.                 ) Complaint Filed: January 23, 2008
                                        )
20  _____ )

21 I.   **INTRODUCTION**

22      On March 28, Plaintiff Noreen Rucinski (doing business as Schneider Rucinski

23 Enterprises) filed an opposition to Defendant Stratasoft, Inc.'s motion to dismiss this action

24 pursuant to Fed. R. Civ. P. 12(b)(1). Although not entirely clear, Plaintiff's opposition

25 apparently argues that this Court has both federal question and diversity subject matter

26 jurisdiction of this case. Despite the fact that Plaintiff's arguments are somewhat confusingly

27 set forth, when the wheat is separated from the chaff, it remains clear at the end of the day that

28 the Court has no subject matter jurisdiction of this case.

Waller Lansden
Dortch & Davis, LLP

7078327.1    DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
             TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

II. **THE COMPLAINT DOES NOT ALLEGE ANY FACTS STATING CLAIMS ARISING UNDER FEDERAL LAW**

In Plaintiff's opposition, rather than in her complaint, Plaintiff for the first time purports to allege that Defendant Stratasoft, Inc. ("Stratasoft") somehow violated certain federal statutes, thereby creating federal question jurisdiction. Plaintiff alleges that the federal statutes implicated are as follows:

> "Federal Statute of Frauds §2-212 - §2-716, Computer Fraud and Abuse Act, 18 U.S.C. §§1030 *et seq*. A, Electronic Fund Transfer Act of 1978 ACT U.S.C. Section 7001 (sub-sec-7003 Section 2 Title 18 UC Codes Section 1029 (relating to fraud and related activity in connection with Access Devises. section {sic] CC-1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 section (relating to financial institution fraud), sections 2314 and 2315, (relating to interstate transportation of stolen property section 1956 (relating to the laundering of monetary instruments)."

(See Plaintiff's Memorandum in Opposition to Defendant's [Stratasoft's] Motion to Dismiss ("Opposition") at 2, lines 10-17 and at 4, lines 23-28.)

Plaintiff further alleges that its claims also arise under the due process clause of the Fifth Amendment of the United States Constitution. (Opposition at 4.)

Plaintiff's complaint, however, does not allege any of the purported violations of these federal statutes referred to in her opposition. A plaintiff may not simply manufacture federal claims as it suits her in order to create jurisdiction. Federal subject matter jurisdiction must exist as of the time the action is commenced and must be disclosed in the first complaint filed by a plaintiff. *See Morongo Band of Mission Indians v. California state Board of Equalization* 858 F.2d 1376, 1380-81; fn.2 (9th Cir. 1988). In order for general federal question jurisdiction to exist pursuant to 28 U.S.C. §1331, the action must "arise under" federal law. This means either federal law must create the cause of action that the plaintiff is alleging or the plaintiff's right to relief must necessarily depend on the resolution of a substantial question of federal law. W. Schwarzer, A. Wallace Tashima, and J. Wagstaffe, Calif. Practice Guide, <u>Civil</u>

Procedure Before Trial §2:93 (The Rutter Group 2007) (hereinafter "*Rutter*"). The statutory grant of federal question jurisdiction must "appear on the face of a 'well-pleaded' complaint"[1] *Id.* at §2:95. The complaint must present "a *plausible* assertion of a '*substantial*' federal right." *Rutter* §2:102. "A federal claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or … is wholly insubstantial and frivolous.'" *Rutter* §2:118.1 citing *Bell v. Hood* (327 U.S. 678, 682-683, 66 S. Ct. 773 (1946). The issue is not merely whether the complaint has ineptly pled the federal claim, but whether "the nature of the federal right is clearly set forth." *Rutter* §2:119 citing *North American Phillips Corp. v. Emery Air Freight Corp.* 579 F.2d 229, 233-234 (2nd Cir. 1978).

Moreover, if the plaintiff's claim can be supported by alternative theories, some of which are state law theories, the claim is insufficient for federal question jurisdiction unless federal law is essential to each of the alternative theories. *Christianson v. Colt Industries Operating Corp.* 486 U.S. 800, 810, 108 S. Ct. 2166 (1988). Accordingly, where the complaint alleges several claims and states alternative state law theories to support each of these claims, federal question jurisdiction does not exist. *Duncan v. Stuetzle* 76 F. 3d 1480, 1486 (9th Cir. 1996) (where complaint alleged claims for misappropriation of proprietary information and unfair competition, the action did not arise under federal law where each of the claims could be based on either federal patent and trademark law or a state trade secrets statute). Moreover, unless a state law cause of action presents a "substantial dispute" over the effect of federal law and the result must turn on the federal question, a state law cause of action that merely incidentally presents a federal element will not create federal question jurisdiction. *Berg v. Leason* 32 F. 3d 422, 423 (9th Cir. 1994).

Plaintiff Rucinski's complaint does not set forth any federal question claims. First, the complaint in its entirety *only alleges state law causes of action*. The complaint specifically

---

[1] The concept of a "well-pleaded complaint" means that the court will "consider only what *necessarily appears* in plaintiff's statement of his or her claim, *unaided by anything alleged in anticipation or avoidance of defenses* the defendant may interpose." *Rutter* §2:116 citing *Taylor v. Anderson* 234 U.S. 74, 75-76, 34 S. Ct. 724 (1914) (emphasis in original).

alleges that the basis of subject matter jurisdiction is diversity jurisdiction, based on the citizenship of the parties, and does not allege the existence of any federal question. (See Complaint at ¶ 13.) Plaintiff fails to allege in the complaint that any federal statutes are implicated. The reference to federal causes of action comes only as an after-thought that is now expressed in Plaintiff's opposition to Stratasoft's motion to dismiss. Based upon the conduct alleged in the complaint, however, there is nothing indicating that Stratasoft or any other defendant violated the federal statutes referenced in the opposition. On the face of her allegations in the complaint, there does not exist any reference to any purported federal causes of action. Plaintiff's mere allusion to federal statutes in her opposition does not create any federal question.

Moreover, Plaintiff's allegations in the opposition about purported federal violations are not decipherable in the context of the conduct alleged in the complaint. Stratasoft is unable to discern to what Plaintiff is referring when she refers to a "Federal Statute of Frauds" or how that reference relates to the allegations in the complaint. Furthermore, although the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq., does provide for a private right of action, there is no conduct alleged in the complaint that remotely implicates Stratasoft in any such violation. A violation of that statute generally requires knowingly accessing a computer without authorization or exceeding the authorization given, or knowingly transmitting information or codes in order to cause damage to a protected computer. The complaint also does not allege any conduct relating to Stratasoft allegedly trafficking in unauthorized access devises or devises for the purpose of altering telecommunication information so as to trigger an alleged violation of Title 18, Section 1029. Neither does the complaint even allege that a private right of action is permitted under that statute. Further, the complaint does not allege any conduct showing any violations relating to electronic funds transfers, or relating to criminal violations of the mail and wire fraud statutes, and Plaintiff has not even shown that those statutes allow private rights of action.

Finally, under the facts alleged in the complaint, there is no indication of any constitutional issue arising under the federal constitution. Plaintiff's reference in the

opposition to an alleged violation of her "due process" rights by being deprived of her property without due process is unavailing because there is no governmental actor involved in the alleged conduct and thus no "due process" issue. In short, Plaintiff has simply failed to show any federal question jurisdiction.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE THE EXISTENCE OF DIVERSITY JURISDICTION

Plaintiff appears to argue that the Court has diversity jurisdiction because some of the various defendants she has sued cannot be located or have moved or changed their locations. (Opposition at 5.) She claims that Defendant Stratasoft is "guessing at locations of any … defendant without proof…." (Opposition at 5.) Plaintiff's argument is misplaced. Stratasoft is not "guessing" but rather relying on the very allegations contained in the Complaint. First, The burden of establishing diversity jurisdiction is on the plaintiff to both *plead and prove* such facts. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936); *Bautista v. Pan American World Airways, Inc.* 828 F.2d 546, 562 (9th Cir. 1987). It is Plaintiff's own complaint that establishes lack of complete diversity. She alleges that she resides in San Diego and is conducting business in California. (Complaint at ¶ 1.) She then alleges that Defendant Rudy Ngaw is an individual residing in Sacramento, California and doing business in the County of San Diego. (Complaint at ¶2.) She alleges that Defendant Touch Asia Outsourcing Solutions, Inc. ("Touch Asia") is a corporation incorporated in California with its principal place of business in Sacramento, California, which conducts business in California. (Complaint at ¶3.) She further alleges that Defendant Navros Haji is a California resident doing business in San Diego. (Complaint at ¶10.) Finally, she alleges that Defendant COLO 6 LLC dba U.S. COLO is a California corporation with its principal place of business in Los Angeles, California. (Complaint at ¶11.) These allegations, taken at face value, establish that there is no diversity of parties.

In her opposition, Plaintiff now claims that "Touch Asia [and] Rudy Ngaw [have] not been found per investigation[s] that are on going." [sic] (Opposition at 5.) Plaintiff claims that

1  Touch Asia and Ngaw "transits between the USA and the Philippines with no other current
2  location in California... [sic]." (Opposition at 5.) Plaintiff, of course, completely misses the
3  point with respect to diversity allegations. It is immaterial whether a defendant "transits"
4  between California and another location (such as, in this case, the Philippines). The issue is
5  where the defendant's domicile is located – and for a natural person, that person's domicile is
6  where he or she resides with the intention to remain or to which he intends to return. *Kanter v.*
7  *Warner-Lambert Co.* 265 F. 3d 853, 857 (9th Cir. 2001).
8       Plaintiff has alleged that Ngaw is a resident of California and she has not sufficiently
9  shown otherwise in her opposition. Plaintiff has attached a couple of purported press releases
10 to her opposition suggesting that Ngaw has moved to the Philippines. (See Exhibits attached
11 to Plaintiff's Opposition.) However, these press releases do not establish that Mr. Ngaw has no
12 intention to return to California and reside here. Moreover, although the press releases seem to
13 indicate that Touch Asia, which is alleged in the complaint to be a California corporation, has
14 moved its offices to Cebu City in the Philippines, that fact is not by itself significant. A
15 corporation is deemed to be a citizen of any state in which it is incorporated as well as a citizen
16 of the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). *Bank of*
17 *Calif. Nat'l Ass'n. v. Twin Harbors Lumber Co.* 465 F.2d 489, 491-492 (9th Cir. 1972).
18 California's Secretary of State records indicate that Touch Asia Outsourcing Solutions, Inc.
19 (although a suspended corporation) is a corporation incorporated in California. (See Exhibit
20 "A" to Declaration of Stephen K. Lubega.) Thus, even if Touch Asia has moved its principal
21 office to the Philippines, it remains a California citizen. Accordingly, this fact establishes that
22 there is no complete diversity in this case.
23     Plaintiff also alleges in her opposition that a company referred to as US COLO 6, LLC
24 is a Nevada resident and has attached unverified information purporting to prove that fact.
25 (See Exhibits attached to Plaintiff's Opposition.) However, the company named in the caption
26 of the complaint, "COLO 6 LLC," is identified in the California Secretary of States records as
27 a California limited liability company as of February 23, 2000, and its status is listed as active.
28 Its address is listed as 650 South Grand Avenue, Suite 600, Los Angeles, which is the same

1  address listed by Plaintiff in the complaint as the address of this defendant. (See Complaint at
2  ¶11.) (See also California Secretary of State Records for COLO 6 LLC, Exhibit "B" to
3  Declaration of Stephen K. Lubega.) Thus, there is no diversity as to this defendant either.
4      Moreover, Plaintiff is completely silent in her opposition papers about the citizenship of
5  Haji Navroz, another individual defendant indicated in the complaint to be a California
6  resident. (Complaint at ¶ 10.) Plaintiff's exhibits attached to her opposition indicate that
7  Navroz's address is in Los Angeles – further suggesting that her original allegations of
8  Navorz's residence in California were accurate. Plaintiff has offered no evidence to contradict
9  her original allegations of Navroz's residence contained in the complaint. This Court must
10 therefore accept those allegations at their face value and dismiss this complaint for lack of
11 diversity.

### IV. CONCLUSION

The Complaint must be dismissed because plaintiff has failed to establish federal jurisdiction either under federal question or diversity jurisdiction.

Dated: April 21, 2008

Respectfully submitted

WALLER LANSDEN DORTCH & DAVIS, LLP


By: s/John E. McOsker
    Attorneys for Defendants
    Stratasoft, Inc. and INX, Inc.
    E-mail: jmcosker@wallerlaw.com

# DECLARATION OF STEPHEN K. LUBEGA

I, Stephen K. Lubega declare as follows:

1. I am an attorney at law duly admitted to appear before this Court and duly licensed to appear before all of the courts of the State of California. I am an attorney with the law firm of Waller Lansden Dortch & Davis, LLP, counsel of record for Defendants INX, Inc. and Stratasoft, Inc. in this action. I make this declaration in support of Defendant Stratasoft, Inc.'s memorandum of points and authorities in reply to Plaintiff's opposition to Defendant Stratasoft's motion to dismiss. I have personal knowledge of the facts stated herein and if called as a witness could and would competently testify to these facts.

2. On April 11, 2008, I electronically accessed the California Business Portal at the California Secretary of State internet address at www.sos.ca.gov.business in order to check the corporate status of two of the defendants named in the complaint in this case, Touch Asia Outsourcing Solutions, Inc. and COLO 6, LLC. I printed out the results of my electronic search and those results are attached hereto as Exhibit "A" in the case of Touch Asia Outsourcing Solutions, Inc. and Exhibit "B" in the case of COLO 6, LLC.

3. According to those Secretary of State records, which I have attached hereto, Touch Asia Outsourcing Solutions, Inc. is a currently suspended California corporation that filed for incorporation in California on 11/15/2002. COLO 6, LLC is an active California limited liability company whose articles of organization were filed on 2/23/2000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 21, 2008, at Los Angeles, California.

Stephen K. Lubega

## Exhibit Table of Contents

Page

Exhibit A  -  California Secretary of State Business Portal Record of Corporate Status for Touch Asia Outsourcing Solutions, Inc. as of April 11, 2008 located at www.sos.gov.business ....... 9

Exhibit B  -  California Secretary of State Business Portal Record of Corporate Status of COLO 6, LLC as of April 11, 2008 located at www.sos.gov.business ............................ 10

# EXHIBIT A

**California Business Portal**
Secretary of State DEBRA BOWEN

DISCLAIMER: The information displayed here is current as of APR 11, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation |||
|---|---|---|
| TOUCH ASIA OUTSOURCING SOLUTIONS, INC. |||
| **Number:** C2474521 | **Date Filed:** 11/15/2002 | **Status:** suspended |
| **Jurisdiction:** California |||
| Address |||
| 7214-B FLORIN MALL DR |||
| SACRAMENTO, CA 95823 |||
| Agent for Service of Process |||
| JOSE BRAGANZA |||
| 4440 OAK HOLLOW DR #164 |||
| SACRAMENTO, CA 95842 |||

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# EXHIBIT B

**California Business Portal**
Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Apr 11, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| COLO 6, LLC | | |
| **Number:** 200005610104 | **Date Filed:** 2/23/2000 | **Status:** active |
| **Jurisdiction:** CALIFORNIA | | |
| Address | | |
| 650 S GRAND AVE STE 600 | | |
| LOS ANGELES, CA 90017 | | |
| Agent for Service of Process | | |
| DAVID L OBERG | | |
| 23679 CALABASAS ROAD STE 541 | | |
| CALABASAS, CA 91302 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      )
                         )  ss.:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

On April 21, 2008, I served on the interested parties in said action the within:

DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; DECLARATION OF STEPHEN K. LUBEGA IN SUPPORT THEREOF

by placing true copies thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
Tel (619) 282-7977
Plaintiff in Pro Per
Appearing pro se

[X] (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by UPS, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on April 21, 2008, at Los Angeles, California.

_____        _____
        Rosie A. Ortiz                              (Signature)
      (Type or print name)