John E. McOsker (SBN 169191)
jmcosker@wallerlaw.com
Stephen K. Lubega (SBN 126849)
slubega@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (213) 362-3680
Facsimile: (213) 362-3679

Attorneys for Defendants Stratasoft, Inc. and INX, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California Company,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCH ASIA OUTSOURCING SOLUTIONS, INC. dba TOUCH ASIA CALL CENTER, INC., a California Corporation; RUDY NGAW, an individual; STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:08-cv-00138-WQH-POR<br><br>Date: April 28, 2008<br>Time: 11:00 a.m.<br><br>Judge: Hon. William Q. Hayes<br><br>**DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT STRATASOFT**<br><br>Complaint Filed: January 23, 2008 |

**I.   INTRODUCTION:**

Defendant Stratasoft, Inc. ("Stratasoft") hereby opposes Plaintiff Noreen Rucinski's[1] motion requesting the Court to enter default against Stratasoft. The Court has construed Plaintiff's moving papers, filed on April 3, 2008, to be a motion requesting the Court to direct the Clerk to enter Stratasoft's default in this action. The Court also authorized Stratasoft to file

---

[1] Plaintiff Rucinski is apparently doing business as Schneider Rucinski Enterprises, which is named as the plaintiff in the case caption.

an Opposition. (See Court Minute Order of April 4, 2008.) Plaintiff's request for entry of default against Stratasoft is based on the purported grounds that Stratasoft failed to answer or otherwise respond to Plaintiff's complaint in this action and that the Clerk is therefore required to enter Stratasoft's default. Plaintiff is mistaken in her requested relief on several grounds.

First, Plaintiff is mistaken in her request because Stratasoft filed a motion to dismiss the complaint on March 14, 2008. Such a motion constitutes an appearance by Stratasoft thereby precluding entry of default. Second, Stratasoft's response was not due on the date on which Plaintiff apparently contends it was due, because Stratasoft contends the summons and complaint were not properly served on February 5, 2008, upon which date Plaintiff apparently bases her calculation of when Stratasoft's responsive pleading would be due.[2] However, even had the complaint had been properly served on February 5, 2008 (which Stratasoft does not concede), this Court lacks subject matter jurisdiction of the action and cannot properly direct entry of the requested default. Third, in any event, Plaintiff's motion for request for default does not competently show when the complaint was actually properly served on Stratasoft. Therefore, there is no valid basis for this Court to conclude that Stratasoft's responsive pleading was due any earlier than the date on which Stratasoft filed its responsive motion.

## II.    ARGUMENT:

### A.    Plaintiff's Motion Should be Denied Because Defendant Stratasoft Filed a Responsive Motion Prior to Plaintiff's Request for Entry of Default.

Plaintiff apparently contends that Stratasoft should have filed a responsive pleading or motion by February 25, 2008 based on Plaintiff's purported service of the complaint allegedly on February 5, 2008. Stratasoft does not concede that Plaintiff properly served the complaint on February 5. Nevertheless, Stratasoft filed a motion to dismiss the complaint on March 14, 2005, almost two weeks before Plaintiff purportedly requested for the clerk's entry of

---

[2] February 5, 2008 is one of the dates appearing in Plaintiff's Return of Service as a date when service was allegedly attempted.

Waller Lansden
Dortch & Davis, LLP

7077919.1

-2-
DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

1  Stratasoft's default. The filing of the motion to dismiss before a request for entry of default
2  negates Plaintiff's request for default.

3      A request for entry of a default judgment if made under Fed R. of Civ. Pro 55(b)(1) is
4  made to the clerk to enter the defendant's default, that is, if the plaintiff's claim is for a sum
5  certain.[3] However, no default can be entered in the first place if the defendant has filed a
6  response indicating its intent to defend the action. *See Direct Mail Specialists, Inc. v. Eclat*
7  *Computerized Technologies, Inc.* 840 F.2d 685, 689 (9th Cir. 1988). As stated by the court in
8  *Direct Mail Specialists*, "a default entered by the clerk is void *ab initio*" if the defendant has
9  appeared in the action. *Id.* (emphasis in original.) Moreover, default judgments are
10 "disfavored" and the policy of courts is to construe appearances liberally.[4] *Id.*

11     Even a late-filed responsive pleading filed after the expiration of the time allowed for a
12 response prevents entry of a default. *Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d
13 1309, 1317 (11th Cir. 2002) (default entry refused where motion to dismiss was filed shortly
14 after the deadline to file a responsive pleading).

15     Because Stratasoft filed a motion to dismiss (which constitutes an appearance) before
16 Plaintiff's request for entry of default, the Clerk was not (and is not) permitted to enter a
17 default against Stratasoft. Since the Court has construed Plaintiff's motion for entry of default
18 as a motion to direct the Clerk to enter default, the motion must be denied on the ground that
19 Stratasoft filed a responsive motion prior to Plaintiff's motion requesting entry of default.

---

[3] As an aside, Plaintiff would not be entitled to a Rule 55(b)(1) default judgment because, despite Plaintiff's putative contention to the contrary, there is no sum certain pled against Straasoft in the complaint.

[4] Thus, even if the Clerk had entered Stratasoft's default, Defendant would be entitled to move to set the default aside under Fed. R. Civ. P. 60 because of the policy disfavoring default judgments and favoring merit determinations. Stratasoft would be able to show that it has a meritorious defense and that it did not culpably neglect to file a response thereby entitling it to relief from the default.

Waller Lansden
Dortch & Davis, LLP

7077919.1

-3-
DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

B. **The Court Lacks Subject Matter Jurisdiction and Cannot Direct Entry of a Default Judgment in This Case.**

Another reason this Court cannot grant Plaintiff's request is that Stratasoft and a co-defendant, Defendant INX, Inc., have both filed motions to dismiss under Fed. R. Civ. P. 12(b)(1) and raised the defense that the Court lacks subject matter jurisdiction because Plaintiff has not shown that there is complete diversity in the parties. Plaintiff has not effectively opposed these motions or made an appropriate showing that this Court indeed has subject matter jurisdiction. Therefore, even if the Court were to believe that Stratasoft did not effectively make an appearance in this case, the fact that Defendant INX, Inc. has raised the Court's lack of subject matter jurisdiction in this case for lack of diversity precludes the Court from entering a judgment based on default against Stratasoft or against INX, Inc. on any ground, until the Court has determined whether it has jurisdiction. Defendant INX, Inc.'s timely filed motion properly challenging subject matter jurisdiction preserved this issue for all similarly situated defendants.

When a federal court lacks subject matter jurisdiction in a case, *it is without power to do anything* except to declare as much and dismiss the case. *Steel Co. v. Citizens for a Better Environment* 523 U.S. 83, 94, 118 S. Ct. 1003 (1998). In *Steel Co.*, the Supreme Court was confronted with the question of whether a federal court could "assume" the existence of jurisdiction in the face of a subject-matter jurisdictional challenge and proceed to decide threshold issues in the case based upon the concept of "hypothetical jurisdiction." The Court rejected any notion that a federal court could "assume" the existence of jurisdiction and do anything but dismiss the case. The Court aptly and pointedly observed as follows:

> "We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers. … Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. … [T]he first

Waller Lansden
Dortch & Davis, LLP

7077919.1

-4-
DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

and fundamental question is that of jurisdiction …. The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception."

*Id.* at 94-95 (internal citations and quotations omitted.)

Accordingly, this Court has no alternative but to first determine if it has jurisdiction and if does not, must reject Plaintiff's request to enter default against Stratasoft because without regard to Stratasoft's other arguments against Plaintiff's request, the Court is without power to direct the entry of default for lack of subject matter jurisdiction in the case.

### C. Plaintiff's Motion for Request for Default Does not Competently Show that the Complaint was Properly Served on Stratasoft on February 5, 2008 so as to Make Stratasoft's Responsive Pleading Due Prior to the Date Plaintiff Filed Her Motion Requesting Default.

Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

However, before default can be entered for failure to respond to the complaint, the plaintiff must competently show that the court acquired personal jurisdiction over the defendant as of the date service is contended to have occurred. For service to have been effective against a corporation, it must be competently shown that service was made upon an authorized representative of the corporation or a representative "so integrated with the organization that he [would] know what to do with the papers." *See Direct Mail Specialists, supra,* 840 F.2d at 688. Plaintiff's motion presents no such showing.

In support of her motion, Plaintiff has attached a very ambiguous Return of Service wherein the process server alleges that at 2:50 p.m. on February 5, 2008, he "substitute served" the summons and complaint by delivering it to someone whose name was given as "Unknown"

but who was employed by Stratasoft and authorized to accept service of process for Stratasoft.[5] There is no indication how the process server came to these conclusions. Moreover, the process server also alleges in the same Return of Service that at 2:40 p.m. he left a copy of the summons and complaint " at the front desk at Stratasoft inc. [sic] Gentelmen [sic] of India [sic] decent (no name given) From Stratasoft, inc. [sic]." (See Return of Service attached to Plaintiff's Moving Papers.) Finally, the process server's Return of Service muddies the method of service even further by stating that he returned to Stratasoft on March 3, 2008 at 1:50 p.m. "to obtain a signature" and left another copy of the summons and complaint "with the recipient named Marge Esposito, the office manager. It is not possible from Plaintiff's submissions to the Court for this Court to determine conclusively that Stratasoft was properly served with the summons via personal service on February 5, 2008 thereby entitling the Plaintiff to take Stratasoft's default for not having pleaded by February 25, 2008.

### III. CONCLUSION:

Plaintiff's motion requesting entry of default against Defendant Stratasoft must be denied. Stratasoft filed a responsive motion prior to Plaintiff's request for default. That constitutes an appearance and an indication of intent to defend, precluding entry of default by the Clerk. Moreover, this Court has no power to direct entry of default when there is a pending challenge to its subject matter jurisdiction without first determining the existence of jurisdiction. Finally, Plaintiff has not shown that Stratasoft was properly served with the complaint on the date she contends service was made.

Dated: April 21, 2008                               WALLER LANSDEN DORTCH & DAVIS, LLP


By: s/John E. McOsker
Attorneys for Defendants
Stratasoft, Inc. and INX, Inc.
E-mail: jmcosker@wallerlaw.com

---

[5] That averment is incompetent because it is a mere conclusion and does not establish the basis of the process server's knowledge of the alleged fact.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

On April 21, 2008, I served on the interested parties in said action the within:

DEFENDANT STRATASOFT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT STRATASOFT

by placing true copies thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
Tel (619) 282-7977
Plaintiff in Pro Per
Appearing pro se

[X]   (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by UPS, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on April 21, 2008, at Los Angeles, California.

_____Rosie A. Ortiz_____          _____(signature)_____
(Type or print name)                     (Signature)