1

2

3

4

5

6

7

8     **UNITED STATES DISTRICT COURT**

9     **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    SCHNEIDER RUCINSKI ENTERPRISES, a                CASE NO. 08CV138 WQH (POR)
      California company,
12                                                      ORDER GRANTING DEFENDANTS'
                                       Plaintiff,       MOTIONS TO DISMISS PLAINTIFF'S
13            vs.                                        COMPLAINT FOR LACK OF SUBJECT
                                                        MATTER JURISDICTION
14    TOUCH ASIA OUTSOURCING
      SOLUTIONS, INC. dba TOUCH ASIA
15    CALL CENTER, INC., a California
      company; STRATASOFT, INC.; RUDY
16    NGAW, individually and as an employee
      and/or agent of STRATASOFT, INC.;
17    STRATASOFT, INC.; LANE MCCARTY,
      individually and as an employee and/or agent
18    of STRATASOFT, INC.; JASON PACE,
      individually and as an employee and/or agent
19    of STRATASOFT, INC.; MIKE BRIDGES,
      individually and as an employee and/or agent
20    of STRATASOFT, INC.; INX, INC., a Texas
      corporation formerly known as I-SECTOR
21    CORPORATION; COLO 6 LLC dba U.S.
      COLO, a California corporation; HAJI
22    NAVROZ, an individual; and DOES 1
      through 20, inclusive,
23
                                       Defendants.
24
      HAYES, Judge:
25
              Pending before the Court are motions to dismiss Plaintiff's Complaint filed by Defendants
26
      Stratasoft, Inc. and INX, Inc.  (Docs. # 7, 8, 17, 18).  The Court heard oral argument on these matters
27
      on Monday, April 28, 2008.
28

**PROCEDURAL BACKGROUND**

On January 23, 2008, Plaintiff Schneider Rucinski Enterprises filed the Complaint in this matter against Defendants Touch Asia Outsourcing Solutions, Inc. (Touch Asia), Rudy Ngaw, Stratasoft, Inc. (Stratasoft), INX, Inc. (INX), Lane McCarty, Jason Pace, Mike Bridges, Michael Bridges, Jr., Navros Haji, and U.S. Colo dba Colo 6 (US Colo).  (Doc. # 1).  The Complaint asserts twenty claims for relief, including claims for specific performance, breach of contract, breach of lease agreement, breach of guarantee, claim and delivery, conversion, fraud and deceit, declaratory relief, account stated, imposition of constructive trust, injunctive relief, unfair competition, intentional and negligent interference with contractual relations, intentional and negligent interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent inducement, and civil conspiracy.  (Doc. # 1).

On February 19, 2008, and March 14, 2008, Defendants INX, Inc. and Stratasoft, Inc. filed the presently pending motions to dismiss for lack of subject matter jurisdiction.  (Docs. # 7, 8, 17, 18).  On February 21, 2008, Defendants Colo 6 LLC and Haji Navroz filed an answer.  (Doc. # 9).  On March 7, 2008, and April 3, 2008, Plaintiff filed oppositions to Defendants' motions to dismiss.  (Docs. # 10, 24, 31).  On March 17, 2008, and April 21, 2008, Defendants INX and Stratasoft filed replies to support the motions to dismiss.  (Doc. # 19, 45, 47).

On April 3, 2008, Plaintiff filed motions requesting that the Court allow oral argument on Defendants' motions to dismiss for lack of subject matter jurisdiction.  (Docs. # 24, 33).  On April 3, 2008, the Court granted Plaintiff's motions for oral argument, and set oral argument on Defendants' motions to dismiss for April 28, 2008.  (Doc. # 34).

On April 28, 2008, the parties appeared for oral argument.

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff Schneider Rucinski Enterprises "was and now is a sole proprietorship licensed to conduct business in the County of San Diego . . ., State of California."  *Complaint* (Doc. # 1), ¶ 1.  Defendant Rudy Ngaw "is and at all times herein mentioned was an individual residing in Sacramento, County of Sacramento, California and doing business in the County of San Diego, California."  *Compl.*, ¶ 2.  Defendant Touch Asia "is duly organized under the laws of the State of California with

1   its principal place of business at 7214-B Florrin Mall Drive, Sacramento, County of Sacramento,

2   California 95823." *Compl.*, ¶ 3. Defendant Stratasoft is "a corporation duly organized under the laws

3   of the State of Texas with its principal place of business at 519 N. Sam Houston Pkwy E., Ste 550

4   Houston, TX 77060-4074." *Compl.*, ¶ 4. Defendant Lane McCarty "is and at all times herein

5   mentioned was an individual residing in Houston, Texas and doing business in the County of San

6   Diego, California." *Compl.*, ¶ 5. Defendant Jason Pace "is and at all times herein mentioned was an

7   individual residing in Houston, Texas and doing business in the County of San Diego, California."

8   *Compl.*, ¶ 5. Defendant Mike Bridges "is and at all times herein mentioned was an individual

9   residing" in "Houston, Texas." *Compl.*, ¶ 7. Defendant Michael Bridges, Jr. "is and at all times herein

10  mentioned was an individual residing in Houston, Texas." *Compl.*, ¶ 8. Defendant INX is "a Texas

11  corporation." *Compl.*, ¶ 9. Defendant Navros Haji is "a resident of the State of California, County

12  of Los Angeles." *Compl.*, ¶ 10. Defendant US Colo is "a corporation duly organized under the laws

13  of the State of California with its principal place of business at 650 S. Grand Ave. Los Angeles CA

14  90001." *Compl.*, ¶ 11. "Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332, since the

15  parties in this action are citizens of different states, and the amount in controversy, excluding interest

16  is greater than $75,000.00." *Compl.*, ¶ 13.

17          "On or about May 11, 2004," Plaintiff and Defendant Stratasoft entered into an agreement

18  whereby Defendant Stratasoft "agreed to sell and Plaintiff agreed to buy telephony servers and

19  software equipment for the sum of [$]555,000.00." *Compl.*, ¶ 17. "[P]ursuant to the terms of the

20  Agreement, Plaintiff paid Stratasoft the sum of $128,000.00 as a deposit for the purchase of the

21  Equipment," and at that time, the "Equipment had a reasonable value of $555,000.00." *Compl.*, ¶¶

22  17-18.

23          On or about May 11, 2004, and "[i]n reliance on the Agreement to purchase the Equipment,"

24  "Plaintiff and [Defendant] Touch Asia entered into an Equipment Lease Agreement . . . by which

25  Plaintiff . . . agreed to lease" the recently purchased equipment to Defendant Touch Asia. *Compl.*, ¶

26  19. Defendant Stratasoft "fully understood and agreed that Plaintiff would . . . lease the Equipment

27  to Touch Asia and Ngaw," and that "after payment and installation, Stratasoft would enter into a

28  contract with Touch Asia/Ngaw for service and maintenance of the Equipment only." *Compl.*, ¶¶

20(e), 20(j). Defendant Stratasoft further agreed "that the Equipment would not be installed at Touch Asia until a waiver was signed by the landlord," and that Stratasoft would send a copy of the service and maintenance contract and an invoice to Plaintiff. *Compl.*, ¶¶ 20(k)-20(n).

"On June 28, 2004, without Plaintiff's knowledge or consent, [Defendants] Stratasoft and INX cause[d] the Equipment to be delivered to [Defendant] Touch Asia" at Defendant US Colo's property at "650 S. Grand Ave" in Los Angeles, California. *Compl.*, ¶ 22. "Thereafter, Plaintiff demanded an invoice, purchase order, and the maintenance and service contract as promised by Stratasoft and INX." *Compl.*, ¶ 22. "Plaintiff's request was refused by Stratasoft and INX," and "Stratasoft and INX thereafter ceased any and all communications with Plaintiff." *Compl.*, ¶ 22.

"Plaintiff has performed all of the conditions of the Agreement that are required to be performed by Plaintiff." *Compl.*, ¶ 23.

## STANDARD OF REVIEW

Unlike state courts, federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2. Federal courts "possess only that power authorized by the Constitution and statute, . . . and it is presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). The party which invokes jurisdiction bears the burden of demonstrating its existence. *Id.*, *see also McCune Motors v. New Century Buildings, LLC*, Case No. 08CV396 LAB (WMc), 2008 U.S. Dist. LEXIS 16850, 2-3 (S.D. Ca. Mar. 5, 2008).

FED. R. CIV. P. 12(b)(1) allows for dismissal of a suit where there is a "lack of jurisdiction over the subject matter" of the suit. A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 33 (9th Cir. 1979). If a defendant brings a facial attack–arguing that the allegations in the complaint are insufficient to attain jurisdiction–the Court's inquiry is the same as when ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Organization for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005). Specifically, the reviewing court must accept as true the allegations of the complaint and must construe the complaint in favor of the complaining party. *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th

Cir. 2001).  If a defendant attacks jurisdiction as a matter of fact, "no presumptive truthfulness attaches to plaintiff's allegations," and the trial court determines whether there is jurisdiction based on the evidence submitted.  *Thornhill Pub. Co.*, 594 F.2d at 733.

As the party bring suit here, Plaintiff bears the burden of demonstrating the basis for subject matter jurisdiction.  *Kokkonen*, 511 U.S. at 377; *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986).

## DISCUSSION

Defendants INX and Stratasoft contend that this action has to be dismissed for lack of subject matter jurisdiction because the allegations of the Complaint do not provide a basis for diversity or federal question jurisdiction.  Specifically, Defendants contend that there is no diversity jurisdiction because the Complaint names Defendants which are not completely diverse from the Plaintiff, and there is no federal question jurisdiction because the Complaint does not allege any claim which arises under federal law.

Plaintiff contends that there is diversity jurisdiction because (1) at least one of the Defendants is from Texas, and (2) some of the Defendants identified as California residents in the Complaint may in fact be residents of other States or countries.  Though it is not entirely clear, Plaintiff appears to contend that there is federal question jurisdiction because it may be able to assert claims under federal law in the future.

## I.  Diversity Jurisdiction

28 U.S.C. § 1332(a) provides in pertinent part that,

> (a) the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different states . . . .

28 U.S.C. § 1332(a).  "Although the statute does not so require explicitly, the Supreme Court has repeatedly held . . . that § 1332(a) requires complete diversity, whereby 'in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'"  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v.*

1  *Allapattah Servs., Inc.*, 545 U.S. 546 (2005)).

2  Plaintiff's Complaint asserts diversity jurisdiction as the basis for subject matter jurisdiction.

3  *Compl.*, ¶ 13. However, the allegations of the Complaint allege that (1) Plaintiff Schneider Rucinski

4  Enterprises is "a sole proprietorship licensed to conduct business" in California (*Compl.*, ¶ 1), (2)

5  Defendant Rudy Ngaw resides and conducts business in California (*Compl.*, ¶ 2), (3) Defendant Touch

6  Asia is a California corporation with its principal place of business in California (*Compl.*, ¶ 3), (4)

7  Defendant Haji Navros is a resident of and conducts business in California (*Compl.*, ¶ 10), and (5)

8  Defendant US Colo is "a corporation organized under the laws of the State of California with its

9  principal place of business" in California (*Compl.*, ¶ 11). The Court concludes that the Complaint on

10  its face fails to establish complete diversity between Plaintiff and all the Defendants because (a) the

11  Complaint does not adequately allege the citizenship of each party, and (b) even assuming the

12  citizenship of the parties has been adequately alleged, Plaintiff appears to be a citizen of California,

13  and at least four Defendants appear to be citizens of California as well.

14  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able

15  to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert*, 265

16  F.3d 853, 857 (9th Cir. 2001). A "natural person's state of citizenship . . . is determined by her state

17  of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she

18  resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797

19  F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there,

20  and thus is not necessarily a citizen of that state." *Id.* For the purposes of diversity jurisdiction, a

21  corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State

22  where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A limited liability company,

23  or LLC, is deemed to be a citizen of "every state of which its owners/members are citizens." *Johnson*

24  *v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The citizenship of other

25  artificial business entities is generally determined by reference to the citizenship of each of the

26  artificial entities' owners, partners, or members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187-152

27  (1990).

28  In this case, Plaintiff Schneider Rucinski Enterprises alleges that it is a sole proprietorship

which conducts business in California.  However, there is no allegation indicating what person owns Schneider Rucinski Enterprises, and there is no allegation with respect to the citizenship of that person.  This deficiency makes it impossible to determine the citizenship of Schneider Rucinski Enterprises for the purpose of determining whether there is diversity jurisdiction in this case.[1]  *See Carden*, 494 U.S. at 187-192 (citizenship of artificial entities besides corporations determined by examining the citizenship of each of the artificial entities' partners or owners or members).  In addition to issues related to the citizenship allegations of Schneider Rucinski Enterprises, the Complaint names Rudy Ngaw and Navros Haji as Defendants, but fails to allege anything more than those persons' States of residence.  The Court concludes that allegations describing the residence of a person are insufficient to establish a person's citizenship for the purposes of diversity jurisdiction. *See Kanter*, 265 F.3d at 857, 858 (holding that allegations of residence are not sufficient to establish citizenship, and therefore fatal to assertion of diversity jurisdiction).  Plaintiff has the burden to affirmatively allege the citizenship of the parties and to establish diversity jurisdiction.  After reviewing the allegations of the Complaint, the Court concludes Plaintiff has not met its burden to affirmatively allege the citizenship of the parties, and therefore has not met its burden to establish diversity jurisdiction.

Even if the Court were to construe Plaintiff's allegations as alleging that Plaintiff was a citizen of California, Defendant Ngaw was a citizen of California, and Defendant Haji was a citizen of California, as appears to be Plaintiff's intention, the Court would still conclude that the Complaint fails to establish diversity jurisdiction because the Complaint fails to allege complete diversity amongst Plaintiff and the Defendants.  Assuming Plaintiff was a citizen of California for the purposes of diversity jurisdiction, diversity jurisdiction would still be lacking in this case because four Defendants are also alleged to be citizens of California.  *See Abrego*, 443 F.3d at 679 (noting that diversity jurisdiction fails where a single plaintiff is a citizen of the same State as a single defendant).  Accordingly, and assuming that the allegations of the Complaint properly alleged citizenship, there is not complete diversity between the Plaintiff and all Defendants, and therefore no diversity

---

[1] Plaintiff has not submitted any evidence with respect to the citizenship of Schneider Rucinski Enterprises.  In addition, Plaintiff indicated at oral argument that Schneider Rucinski Enterprises may in fact be a partnership, as opposed to a sole proprietorship.

1  jurisdiction.

2      The Court concludes that Plaintiff has not met its burden to establish diversity jurisdiction.

3  **II. Federal Question Jurisdiction**

4      28 U.S.C. § 1331 provides that, "the district courts shall have original jurisdiction of all civil

5  actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n

6  order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the

7  plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480,

8  1485 (9th Cir. 1996) (citing *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989)).

9  "Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of*

10 *Mission Indians v. Calif. St. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

11      Though it is not entirely clear, Plaintiff appears to contend that this Court has federal question

12 jurisdiction in this case because (1) certain equipment crossed "state lines," and (2) Plaintiff may be

13 able to allege federal claims for violation of the Federal Statute of Frauds, the Computer Fraud and

14 Abuse act, and the Electronic Fund Transfer Act. However, after reviewing the allegations of the

15 Complaint, the Court concludes that is not clear from the face of the Complaint that there is a cause

16 of action which arises under federal law. *See Duncan*, 76 F.3d at 1485. Indeed, the Complaint asserts

17 twenty claims pursuant to California state law, but does not assert or mention a single claim under

18 federal law. (Doc. # 1). In addition, the Complaint does not allege federal question jurisdiction as a

19 basis for jurisdiction, and the Court cannot assume federal question jurisdiction where each of the

20 claims for relief is pled under state law and no claim for relief depends upon the resolution of a

21 substantial question of federal law. *Duncan*, 76 F.3d at 1486; *see Compl.*, ¶ 13. The Court finds the

22 issue of whether equipment crossed state lines irrelevant to jurisdiction.

23      After reviewing the allegations of the Complaint and the moving papers, the Court concludes

24 that Plaintiff has not met its burden to establish federal question jurisdiction.

25                                   **CONCLUSION**

26      The Court concludes that Plaintiff has not met its burden to establish the existence of subject

27 matter jurisdiction, and "[i]f jurisdiction is lacking at the outset, the district court has no power to do

28 anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

1    Accordingly, the Court hereby GRANTS Defendants' motions to dismiss the Complaint for lack of

2    subject matter jurisdiction.  (Docs. # 7, 8, 17, 18).

3            Plaintiff's Complaint is hereby DISMISSED in its entirety without prejudice.  In addition, all

4    pending motions in this case are hereby DENIED as moot.  *See* (Docs. # 6, 26, 35, 36, 37, 42).  If

5    Plaintiff wishes to file and serve an Amended Complaint, she may do so on or before May 30, 2008.

6            **IT IS SO ORDERED**.

7    DATED:  April 29, 2008

8                                    *William Q. Hayes*

                                       **WILLIAM Q. HAYES**
9                                     United States District Judge