MARK WRAY, #101524
mwray@markwraylaw.com
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
Attorney for Defendant
US COLO AT ONE WILSHIRE, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STRATASOFT, INC. a Texas corporation; INX/I-SECTOR, INC. a Texas corporation; U.S. COLO ONE WILSHIRE, LLC; TOUCH ASIA OUTSOURCING SOLUTIONS, INC., et al., <br><br> Defendants. | Case No. 08-CV-0138 WQH POR <br><br> **POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION** <br><br> Hon. William Q. Hayes <br> Dept. 4, Fourth Floor, U.S. Courthouse <br><br> Hearing Date: July 28, 2008 <br> Hearing Time: 11:00 am <br><br> NO ORAL ARGUMENT REQUESTED |

On May 30, 2008, Plaintiff filed its *First Amended Complaint* against U.S. COLO AT ONE WILSHIRE, LLC improperly identified therein as "U.S. COLO One Wilshire, LLC." Plaintiff's *First Amended Complaint*, ¶ 7 alleges:

> Plaintiff Noreen Rucinski is a California citizen and Acknowledged-Women Owned Small Business of Schneider Rucinski Enterprises. Plaintiff's principal place of business is located at 3344 N Mt View Dr San Diego Ca. 92116.

Plaintiff's *First Amended Complaint*, ¶ 10 alleges:

> Defendant US COLO One Wilshire (to be known as COLO Defendant) is a Nevada company Registered with a Foreign LLC, it [sic] primary place of

1

business in Nevada. It has three closed door Co-Location (**Colo**) facilities for leasing of network and connectivity to Telecommunications Carriers in Los Angeles, Seattle, and Nevada. The main office is in Nevada.

However, there is no Nevada limited liability company by the name of U.S. COLO AT ONE WILSHIRE, LLC or U.S. COLO ONE WILSHIRE, LLC. **Exhibit A, Declaration of Max McCombs; Exhibit B, Affidavit of Robert Simon.**

There is a California limited liability company named U.S. COLO AT ONE WILSHIRE, LLC. **Exhibit A, Declaration of Max McCombs. Exhibit C, California Secretary of State.** This California limited liability company's principal place of business is California. **Exhibit A, Declaration of Max McCombs.**

## ARGUMENT

Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 28 USCA § 1332.[1] *First Amended Complaint,* ¶ 2. 28 USCA § 1332 states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>     (1) citizens of different States;
>     (2) citizens of a State and citizens or subjects of a foreign state;
>     (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>     (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> . . .
> (c) For the purposes of this section and section 1441 of this title—
>     (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381,

---

[1] Plaintiff's *First Amended Complaint* cites to 28 USCA § 1333. This statute refers to jurisdiction over disputes involving admiralty or maritime law. Since Plaintiff identified its reliance on diversity jurisdiction in parentheses and there are no issues of maritime law involved, Defendant assumes Plaintiff intended to cite to 28 USCA § 1332.

2

1  388 (1998) *citing Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990). The rule extends to
2  corporations: "Jurisdiction does not exist if *one* of the plaintiffs and *a defendant corporation* are
3  citizens of the same state." *Balian Ice Cream Co. v. Arden Farms Co,* 104 F.Supp. 796, 808, fn.
4  31 (D.C.Cal.1952) *citing Mitchell v. Maurer*, 293 U.S. 237, 242 (1934) (emphasis in original).

Plaintiff admits that it is a California business with its principal place of business in California. *First Amended Complaint,* ¶ 7. Defendant U.S. COLO AT ONE WILSHIRE, LLC is a California limited liability company with its principal place of business in California. **Exhibit A, Declaration of Max McCombs.**

Therefore, Plaintiff's *First Amended Complaint* must be dismissed for lack of diversity jurisdiction or Defendant U.S. COLO AT ONE WILSHIRE, LLC. must be dismissed as a party as it is a non-diverse defendant. *See* FRCP 21.

```
DATED:   June 19, 2008        BY:   /MARK WRAY/
                                    MARK WRAY
                                    Attorney for Defendant
                                    US COLO AT ONE WILSHIRE, LLC.
```

# CERTIFICATE OF SERVICE

The undersigned employee of the Law Offices of Mark Wray certifies pursuant to FRCivP 5 that a true copy of the foregoing document was sealed in an envelope with first class U.S. Postage prepaid thereon and deposited in the U.S. Mail at Reno, Nevada on June 19, 2008 addressed to the following:

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N. Mt. View Dr.
San Diego, CA 92116

John E. McCosker
Stephen Lubega
Waller Lansden Dortch & Davis, LLP
333 S. Grand Ave., Suite 1800
Los Angeles, CA 90071

_____/Mark Wray/_____