MARK WRAY, #101524
mwray@markwraylaw.com
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
Attorney for Defendant
US COLO AT ONE WILSHIRE, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>STRATASOFT, INC. a Texas corporation;<br>INX/I-SECTOR, INC. a Texas corporation;<br>U.S. COLO ONE WILSHIRE, LLC;<br>TOUCH ASIA OUTSOURCING<br>SOLUTIONS, INC., et al.,<br><br>                    Defendants. | Case No. 08-CV-0138 WQH POR<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**<br><br>Hon. William Q. Hayes<br>Dept. 4, Fourth Floor, U.S. Courthouse<br><br>Hearing Date: July 28, 2008<br>Hearing Time: 11:00 am<br><br>NO ORAL ARGUMENT REQUESTED |

On May 30, 2008, Plaintiff filed its *First Amended Complaint* against U.S. COLO AT ONE WILSHIRE, LLC improperly identified therein as U.S. COLO ONE WILSHIRE, LLC. This *First Amended Complaint* is 27 pages long, contains 188 different sections, is conclusory, argumentative, and fails to identify the nature and basis for Plaintiff's claims against the individual Defendants.

/ / /

/ / /

/ / /

1

## ARGUMENT

### *A.   Plaintiff has Failed to Provide a Short and Plain Statement.*

FRCP 8 (a) states:

(a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996), the court stated: "[i]f a pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then this purpose [of FRCP 8] is defeated."

Plaintiff's *First Amended Complaint* fails to provide a short, concise, and plain statement of the nature of the dispute, the evidence supporting these allegations, or the alleged actions and/or omission giving rise to the liability of Defendants. For example, Plaintiff identifies Defendant U.S. COLO AT ONE WILSHIRE, LLC as the "Landlord". *First Amended Complaint,* ¶ 6. Yet Plaintiff fails to identify itself as a tenant or provide any description of the nature, terms, conditions, or alleged violations of any alleged lease agreement.

Plaintiff also fails to identify the essential elements of each claim for relief or provide facts supporting these elements. Therefore, it fails to state a claim for which the Court may grant relief. FRCP 12 (b)(6).

In addition, Plaintiff's *First Amended Complaint* contains numerous citations to irrelevant cases and excerpts from various legal treatises.

Furthermore, Plaintiff's *First Amended Complaint* contains conclusory statements that do not aid the Court or the Defendants in identifying the alleged wrongdoing or the purported harm to Plaintiff. The failure to "give notice of the basic events and circumstances of which the plaintiff complains. . . are meaningless as a practical matter and, as a matter of law, insufficient

1  to state a claim." *Ruderman v. Police Dept. of City of New York*, 857 F.Supp. 326, 330 (S.D.N.Y.
2  1994) *citing Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y. 1987).

### B. Alternatively, Defendant Requests a More Definite Statement.

FRCP 12 (e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

This moving party submits that the entire *First Amended Complaint* is so vague, ambiguous, and argumentative that a defendant cannot properly respond.

To cure the defects of this *First Amended Complaint,* Plaintiff should identify each alleged claim for relief against U.S. COLO AT ONE WILSHIRE, LLC showing that Plaintiff is entitled to relief.

DATED:  __June 19, 2008__          BY:___/MARK WRAY/_____
                                     MARK WRAY
                                     Attorney for Defendant
                                     US COLO AT ONE WILSHIRE, LLC.

3

## CERTIFICATE OF SERVICE

The undersigned employee of the Law Offices of Mark Wray certifies pursuant to FRCP 5 that a true copy of the foregoing document was sealed in an envelope with first class U.S. Postage prepaid thereon and deposited in the U.S. Mail at Reno, Nevada on June 19, 2008 addressed to the following:

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N. Mt. View Dr.
San Diego, CA 92116

John E. McCosker
Stephen Lubega
Waller Lansden Dortch & Davis, LLP
333 S. Grand Ave., Suite 1800
Los Angeles, CA 90071

_____/Mark Wray/_____

4