1  John E. McOsker (SBN 169191)
   jmcosker@wallerlaw.com
2  Stephen K. Lubega (SBN 126849)
   slubega@wallerlaw.com
3  WALLER LANSDEN DORTCH & DAVIS, LLP
   333 S. Grand Avenue, Suite 1800
4  Los Angeles, California 90071
   Telephone:  (213) 362-3680
5  Facsimile:  (213) 362-3679

6  Attorneys for Defendants INX, Inc. and STRATASOFT, INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11 SCHNEIDER RUCINSKI ENTERPRISES, a         ) Case No. 08 CV 0138 WQH POR
   California Company,                        )
12                                            ) Date:   July 28, 2008
              Plaintiff,                      ) Time:   11:00 a.m.
13                                            )
        vs.                                   ) Judge:  Hon. William Q. Hayes
14                                            )
   TOUCH ASIA OUTSOURCING SOLUTIONS,          ) **MEMORANDUM OF POINTS AND**
15 INC. dba TOUCH ASIA CALL CENTER, INC.,     ) **AUTHORITIES IN SUPPORT OF**
   a California Corporation; RUDY NGAW, an    ) **DEFENDANT INX AND STRATASOFT'S**
16 individual; STRATASOFT, INC.; INX, INC., a ) **MOTION TO DISMISS COMPLAINT FOR**
   Texas Corporation formerly known as I-SECTOR ) **LACK OF SUBJECT MATTER**
17 CORPORATION; and DOES 1 through 20,        ) **JURISDICTION OR, IN THE**
   inclusive,                                 ) **ALTERNATIVE, TO DISMISS FOR**
18                                            ) **FAILURE TO STATE A CLAIM OR, IN**
              Defendants.                     ) **THE ALTERNATIVE, FOR A MORE**
19                                            ) **DEFINITE STATEMENT;**
                                              ) **DECLARATIONS OF STEPHEN K.**
20                                            ) **LUBEGA AND MAX McCOMBS**
                                              )
21                                            ) **[FRCP 12(b)(1); FRCP 12(b)(6); FRCP 12(e)]**
                                              )
22                                            ) [NO ORAL ARGUMENT]
                                              )
23 ──────────────────────────────────────    ) Complaint Filed:   January 23, 2008

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

I.   INTRODUCTION ...................................................................................................... 1

II.  ARGUMENT ............................................................................................................. 3

A.   A Defendant May Challenge The Complaint By Bringing A
     Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) On The
     Ground That The Court Lacks Subject Matter Jurisdiction Over
     The Action ...................................................................................................... 3

B.   There Is Lack Of Complete Diversity Between Plaintiff And Each
     Of The Defendants ......................................................................................... 3

C.   The Complaint Does Not Allege Any Viable Federal Claim And
     Therefore There Is No Federal Question Jurisdiction .................................... 6

     1.   The Complaint Fails To Set Forth Any Claim Under RICO ................ 7

D.   The Complaint Should Also Be Dismissed Pursuant To
     Fed.R. Civ. P. 12(b)(6) Because None Of The Alleged Claims
     State A Claim Upon Which Relief Can Be Granted ...................................... 10

     1.   The Complaint Fails To Adequately Plead A Claim For
          Relief Under RICO (No. 4 in Caption) .............................................. 10

     2.   The Purported Claims For "Computer Fraud"
          (No. 11 in Caption) And For "Telemarketing Fraud"
          (No. 13 in Caption) Do Not Set Forth Any Claims For
          Relief Against These Defendants ........................................................ 10

     3.   The Complaint Fails To Present Adequately Pled Claims
          For Negligent Misrepresentation (No. 7 in Caption), Fraud
          and Misrepresentation (No.'s 1, 2 and 12 in Caption),
          Breach of Fiduciary Duty (No. 15 in Caption) and
          Constructive Fraud ............................................................................. 12

     4.   Plaintiff's Allegations For Imposition Of A Constructive
          Trust Fail To State A Claim For Relief ............................................... 15

     5.   The Complaint Fails To Set Forth Any Basis For A Breach
          Of Contract Claim .............................................................................. 15

     6.   The Complaint Does Not Set Forth Any Semblance Of
          Claim For Intentional Interference With Contractual
          Relations (No. 6 in Caption) ............................................................... 16

     7.   The Complaint Does Not Set Forth Any Claim For Relief
          For Unfair Competition In Violation Of Calif. Bus. & Prof.
          Code §17200 et seq. ........................................................................... 17

     8.   Plaintiff's Miscellaneous References To Certain Claims For
          Relief (Negligence, Fraudulent Conversion and
          Conveyance (No. 17 In Caption), Breach Guaranty

(erroneously listed as No. 16 in Caption), Injunctive Relief
(No. 8 in Caption) and Civil conspiracy (No. 16 in Caption)
Must Be Disregarded As Mere Surplasage ........................................................ 18

E.     To The Extent The Court Should Not Grant The Motion To
       Dismiss Under Rule 12(b)(6), Defendants Request A More
       Definite Statement ............................................................................................ 19

III.   CONCLUSION ............................................................................................................... 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

### Federal Cases

Bautista v. Pan American World Airways, Inc.
    828 F.2d 546, 562 (9th Cir. 1987) ................................................................. 3

Bell v. Hood
    (327 U.S. 678, 682-683, 66 S. Ct. 773 (1946) ........................................... 6

Berg v. Leason
    32 F.3d 422, 423 (9th Cir. 1994) ............................................................... 7

Christianson v. Colt Industries Operating Corp.
    486 U.S. 800, 810, 108 S. Ct. 2166 (1988) ............................................. 6

Circle Industries U.S.A., Inc. v. Parke Construction Group, Inc.,
    183 F.3d 105, 108 (2d Cir. 1999) .............................................................. 5

Duncan v. Stuetzle
    76 F.3d 1480, 1486 (9th Cir. 1996) .......................................................... 6

Harris v. Black Clawson Co.,
    961 F.2d 547, 551 (5th Cir. 1992) ............................................................ 5

In re GlenFed, Inc. Secur. Litig.
    42 F.3d 1541, 1547 (9th Cir. 1994) ............................................. 11, 12, 13

McNutt v. General Motors Acceptance Corp.,
    298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936) ................................ 3

Midlantic Nat'l Bank v. Hansen,
    48 F.3d 693, 696 (3rd Cir. 1995) .............................................................. 5

Moore v. Kayport Package Express, Inc.
    885 F.2d 531, 540 (9th Cir. 1989) .......................................................... 12

Morris v. Princess Cruises, Inc.
    236 F. 3d 1061, 1067 (9th Cir. 2001) ....................................................... 3

North American Phillips Corp. v. Emery Air Freight Corp.
    579 F.2d 229, 233-234 (2nd Cir. 1978) ................................................... 6

Roberts v. Corrothers,
    812 F.2d 1173, 1177 (9th Cir. 1987) ........................................................ 4

Sedima S. P. R. L. v. Imrex,
    473 U.S. 479, 496 (1985) ................................................................ 7, 8, 10

Taylor v. Anderson
    234 U.S. 74, 75-76, 34 S. Ct. 724 (1914) ................................................ 6

Velasco v. Government of Indonesia,
    370 F.3d 392, 398 (4th Cir. 2004) ............................................................ 4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT INX AND STRATASOFT'S MOTION TO DISMISS

1

<strong><u>State Cases</u></strong>

2

3  Acheson v. Western Union Tel. Co.
       (1892) 96 Cal. 641, 644 ................................................................................. 16

4  American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton
       (2002) 96 Cal. App. 4th 1017 ........................................................................ 15
5
   Byrum v. Brand
6      (1990) 219 Cal. App. 3d 926, 937-938 ............................................................. 14

7  Color-Vue, Inc. v. Abrams
       (1996) 44 Cal. App. 4th 1599, 1603-1604 ........................................................ 5
8
   Daro v. Superior Court
9      (2007) 151 Cal. App. 4th 1079, 1098 ............................................................... 17

10 Della Penna v. Toyota Motor Sales, U.S.A., Inc.
       (1995) 11 Cal. 4th 376, 381 n. 2, 392-393 ....................................................... 17
11
   Farmers Ins. Exch. v. Sup. Ct.
12     (1992) 2 Cal. 4th 377, 383 .............................................................................. 17

13 Heller v. Norcal Mut. Ins. Co.
       (1994) 8 Cal. 4th 30, 45 ................................................................................. 17
14
   Main v. Merrill Lynch, Pierce, Fenner & Smith, Inc.
15     (1977) 67 Cal.App.3d 19, 32-33 ...................................................................... 14

16 Roberts v. Wachter
       (1951) 104 Cal. App. 2d 281, 284 ................................................................... 16
17
   Robinson Helicopter Co., Inc. v. Dana Corp.,
18     34 Cal. 4th 979 (2004) ................................................................................... 12

19 Unruh v. Truck Ins. Exch.
       (1972) 7 Cal. 3d 616, 631 .............................................................................. 18
20
   Wise v. Southern Pac. Co.
21     (1963) 223 Cal. App. 2d 50, 60 ....................................................................... 16

22

Federal Rules

23 Fed. R. Civ. P. 11 ................................................................................................ 1

24 Fed. R. Civ. P. 9(b) ...................................................................................... 10, 12

25 FRCP 12(b)(1) ..................................................................................................... 1

26 FRCP 12(b)(6) .............................................................................................. 1, 19

27 FRCP 12(e) .......................................................................................................... 1

28 Fed. R. Civ. Proc. 12(f) ........................................................................................ 8

1

### State Statutes

2

Bus. & Prof. Code §17500 ............................................................................................... 18

3

Calif. Rev. & Tax Code §23301 ......................................................................................... 5

4

5

### Other

6

Civil Procedure Before Trial §2:93 (The Rutter Group 2007) ............................................ 6, 8

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Defendants Stratasoft, Inc. ("Stratasoft") and INX, Inc. ("INX") collectively move this Court to dismiss the First Amended Complaint ("Complaint") on the alternative grounds of lack of subject matter jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim upon which relief can be granted (Rule 12(b)(6)). Defendants request that the Court dismiss the action with no further leave to amend, because it is not possible for Plaintiff to cure the apparent defects in the Complaint, and Plaintiff has already been given an ample opportunity to do so. However, if the Court is inclined to not grant the motion to dismiss on either of these alternative grounds, then Defendants move the Court to order Plaintiff to give a more definite statement of pleading pursuant to Rule 12(e).

Although it is understandable that the Court may indulge the Plaintiff because she is proceeding pro se, and although on the Rule 12((b)(6) motion (if the Court feels it necessary to even consider it), the Complaint must be construed in the light most favorable to Plaintiff, Defendants protest the necessity to expend an inordinate amount of attorney's fees and resources (to date, tens of thousands of dollars) challenging yet another unwieldy and unintelligible Complaint. Thus, even though Plaintiff is pro se, she is held to the same standard under Fed. R. Civ. P. 11, which states, in part, that:

> (b)      Representations to the Court.  By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it – an … unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying; or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …
>
> ***

At the appropriate time, if the Court does not sooner dismiss this action and should Plaintiff seek to amend and yet again plead in like manner, Defendants will be compelled to seek recourse to a Rule 11 motion for recompense of their reasonable expenses, including attorney fees, incurred for making the motion and to prevent Plaintiff's future abusive pleading.

1    In suing Defendants Stratasoft and INX, who are among four entity defendants named as

2 defendants in this suit, Plaintiff invokes both this Court's diversity jurisdiction pursuant to 28 U.S.C.

3 §1332 and federal question jurisdiction pursuant to 28 U.S.C. §1331.  The Complaint should be

4 dismissed because Plaintiff cannot establish "complete diversity" and also has not alleged any tenable

5 federal law claims.  Plaintiff is a citizen of California and at least one of the named Defendants is also

6 a citizen of California.  Second, Plaintiff's attempts to plead certain federal law claims, principally,

7 violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1961 et seq,

8 is unavailing.  Plaintiff does not allege sufficient facts to adequately set forth any claim under RICO.

9 In addition, Plaintiff's scattered references to other purported federal statutory violations, such as

10 alleged violations of 47 U.S.C. §227(2)(4) (Restrictions on Telephone Use); 15 U.S.C. §1601 et seq.;

11 (Truth in Lending Act) 15 U.S.C. §1963 (Electronic Funds Transfer Act); 49 U.S.C. §11707 (liability

12 of rail carriers where property is diverted in contravention of bill of lading) and 18 U.S.C. §1030 (fraud

13 and related activities in connection with computers) are equally unavailing.  Plaintiff has not set forth

14 any facts that constitute any viable claim under any of these statutes let alone indicate the existence of

15 a private right of action under those statutes.  Therefore, Plaintiff fails to properly invoke any federal

16 question jurisdiction.

17    Alternatively, Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because the

18 Complaint, and each of the purported claims for relief, fails to allege any facts establishing actionable

19 conduct on the part of any of the Defendants.  Even read in a light must favorable to the Plaintiff, the

20 Complaint is entirely deficient as a matter of law.  To the extent that the mishmash of allegations can

21 be reduced to their most elemental basis, the emergent facts do not reveal any conduct by which

22 moving parties could be found liable.  Accordingly, the Court should dismiss the Complaint without

23 leave to amend.  On this second opportunity to plead, Plaintiff has not demonstrated the ability to

24 allege tenable claims against Defendants.

25    Alternatively, and only if the Court is not inclined to dismiss the Complaint altogether, then the

26 Court should at the very least order Plaintiff to plead more definitively, because the manner in which

27 the present Complaint is pleaded makes it impossible for any Defendant to respond intelligently to the

28

1 alleged causes. The Complaint is simply too imprecise for any Defendant to be required to answer to

2 it.

**II.    ARGUMENT**

    **A.    <u>A Defendant May Challenge The Complaint By Bringing A Motion To</u>**

        **<u>Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) On The Ground That The</u>**

        **<u>Court Lacks Subject Matter Jurisdiction Over The Action</u>**

7       Fed. R. Civ. P. 12(b)(1) provides that the objection of lack of subject matter jurisdiction may be

8 asserted by motion. "A motion asserting [this objection] must be made before pleading if a responsive

9 pleading is allowed." (*See* Fed. R. Civ. P. 12(b)(1).) The Court is required to first rule on the Rule

10 12(b)(1) objection before ruling on other objections made under Rule 12. Lack of subject matter

11 jurisdiction is a non-waivable defect in the pleadings because federal diversity cannot be conferred by

12 consent of the parties.

    **B.    <u>There Is Lack Of Complete Diversity Between Plaintiff And Each Of The</u>**

        **<u>Defendants</u>**

15       Complete diversity of citizenship is required in order for subject matter jurisdiction to exist

16 under the diversity requirements of Title 28 of the United States Code. Federal diversity jurisdiction

17 requires that all parties to the action be "citizens of different states." 28 U.S.C. §1332(a). This has

18 been interpreted to mean that each of the plaintiffs must be a citizen of a different state than each of the

19 defendants. *Morris v. Princess Cruises, Inc.* 236 F. 3d 1061, 1067 (9th Cir. 2001). The burden of

20 establishing diversity jurisdiction is on the plaintiff *to both plead and prove such facts. McNutt v.*

21 *General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936); *Bautista v. Pan*

22 *American World Airways, Inc.* 828 F.2d 546, 562 (9th Cir. 1987).

23       The Court's file will reflect that Plaintiff Noreen Rucinski, who is a citizen of California,

24 originally brought this action naming *individual as well as entity defendants* that were also citizens of

25 California. The Court dismissed the original complaint giving Plaintiff leave to amend. In the instant

26 (amended) Complaint, Plaintiff has attempted to get around her diversity dilemma by dropping the

27 original individual defendants, Rudy Ngaw, who was alleged to be a resident of Sacramento, and

28 Navros Haji, who was allegedly a resident of San Diego. In the original complaint, Plaintiff also

1  named Defendant Touch Asia Outsourcing Solutions, Inc. ('Touch Asia"), and alleged that Touch Asia

2  was incorporated in California with its principal place of business in Sacramento.  In addition, Plaintiff

3  named an entity she referred to as "Colo 6 LLC dba U.S. Colo," which she alleged was a California

4  corporation with its principal place of business in Los Angeles.  In her briefing in opposition to

5  Defendants' original Rule 12(b)(1) motion, Plaintiff averred that Touch Asia was actually a Philippines

6  company, and that U.S. Colo was actually a Nevada limited liability company and allegedly a citizen

7  of Nevada. (*See* Plaintiff's Memorandum in Opposition to Defendants' original Motions to Dismiss,

8  filed April 3, 2008, at p.6, lines 1-4 and Exhibit 2 thereto.)

9          In the present Complaint, Plaintiff has named both "Touch Asia" and an entity called U.S.

10  COLO One Wilshire, LLC ("U.S. Colo") as defendants.  Plaintiff now alleges that Touch Asia is "a

11  suspended defunked [sic] LLC with unknown current domicile" and U.S. Colo is a Nevada LLC with

12  its "primary place of business in Nevada."  (Complaint at ¶¶ 10 and 11.)   As noted above, Plaintiff

13  bears the burden of pleading and proving the facts establishing diversity.  Furthermore, the Court may

14  consider extrinsic evidence in determining its jurisdiction, and may independently evaluate the basis of

15  its jurisdiction even when the facts are in dispute.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.

16  1987); *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

17          There is ample evidence for the Court to determine that it lacks diversity jurisdiction in this

18  case.  First, California's Secretary of State online records on corporations show that Touch Asia

19  Outsourcing Solutions, Inc. (which was the entity Plaintiff originally named in the initial complaint) is

20  indeed a suspended <u>California</u> corporation.  (See accompanying Declaration of Stephen K. Lubega and

21  Exhibit "1" hereto.)  The upshot of this, however, is *not* that Touch Asia lacks a known domicile as

22  Plaintiff appears to contend, but that Touch Asia is indeed a citizen of California for diversity

23  purposes.  Thus, there is no complete diversity in this case because Plaintiff is also a citizen of

24  California.

25          Plaintiff's apparent argument that Touch Asia is a defunct corporation "of unknown domicile"

26  and therefore not a California citizen is futile and without merit.  The fact that Touch Asia is a

27

28

1   suspended California corporation has no impact on its California citizenship.[1] A corporation is a

2   citizen of both its State of incorporation and the State of its principal place of business. *See* 28 U.S.C.

3   §1332(c)(1). With respect to a corporation's principal place of business, some federal courts hold that

4   a defunct corporation is a citizen of the State of its last business activity. Others hold that it has no

5   place of business and is thus a citizen only of its State of incorporation. Yet others examine in what

6   locale the corporation's last business activity had a continuing impact. Nonetheless, in all cases a

7   defunct corporation always remains a citizen of its State of incorporation. *See e.g., Circle Industries*

8   *U.S.A., Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105, 108 (2d Cir. 1999) (principal place of

9   business is where corporation last transacted business); *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693,

10  696 (3rd Cir. 1995) (no place of business therefore citizen only of its state of incorporation); *Harris v.*

11  *Black Clawson Co.,* 961 F.2d 547, 551 (5th Cir. 1992) (examining the factor of locale in which the

12  corporation's last business activities had a continuing impact as a relevant, but not dispositive, factor in

13  determining the principal place of business.) Thus, Plaintiff's naming of Touch Asia as a defendant in

14  this case destroys diversity regardless of whether Touch Asia is now a suspended and defunct

15  corporation.

16          Furthermore, as is shown in the declaration of Max McCombs, a member of U.S. Colo,

17  attached hereto and also provided in support of Defendant U.S. Colo's concurrently filed motion to

18  dismiss this Complaint, Defendant U.S. Colo, which is also a named defendant in this case, is a

19  California limited liability company. (See McComb Declaration at ¶ 2.) Accordingly, U. S. Colo is a

20  citizen of California, which again destroys complete diversity in this case. Accordingly, the Court has

21  no alternative but to dismiss this action for lack of subject matter jurisdiction on the basis of diversity.

22  As is explained below, there is also no federal question involved in this case and, therefore, the Court

23  lacks subject matter jurisdiction of this case on any basis.

24

25

26

27  [1] The only relevant effect of Touch Asia's suspended status is that in California, a suspended corporation cannot sue or defend suit. It lacks the capacity to do so. *See* Calif. Rev. & Tax Code §23301; *Color-Vue, Inc. v. Abrams* (1996) 44 Cal. App. 4th 1599, 1603-1604.

28

1  **C.    The Complaint Does Not Allege Any Viable Federal Claim And Therefore**

2  **There Is No Federal Question Jurisdiction**

3      In order for general federal question jurisdiction to exist pursuant to 28 U.S.C. §1331, the

4  action must "arise under" federal law.  This means either federal law must create the cause of action

5  that the plaintiff is alleging, or the plaintiff's right to relief must necessarily depend on the resolution

6  of a *substantial* question of federal law.  W. Schwarzer, A. Wallace Tashima, and J. Wagstaffe, Calif.

7  Practice Guide, Civil Procedure Before Trial §2:93 (The Rutter Group 2007) (hereinafter "*Rutter*").

8  The statutory grant of federal question jurisdiction must "appear on the face of a 'well-pleaded'

9  complaint"[2] *Id.* at §2:95.  The complaint must present "a *plausible* assertion of a '*substantial*' federal

10 right."  *Rutter* §2:102.  "A federal claim is not 'colorable' if it 'clearly appears to be immaterial and

11 made solely for the purpose of obtaining federal jurisdiction or … is wholly insubstantial and

12 frivolous.'"  *Rutter* §2:118.1 citing *Bell v. Hood* (327 U.S. 678, 682-683, 66 S. Ct. 773 (1946).  The

13 issue is not merely whether the complaint has ineptly pled the federal claim, but whether "the nature of

14 the federal right is clearly set forth."  *Rutter* §2:119 citing *North American Phillips Corp. v. Emery Air*

15 *Freight Corp.* 579 F.2d 229, 233-234 (2nd Cir. 1978).

16     Moreover, if the plaintiff's claim can be supported by alternative theories, some of which are

17 state law theories, the claim is insufficient for federal question jurisdiction unless federal law is

18 essential to each of the alternative theories.  *Christianson v. Colt Industries Operating Corp.* 486 U.S.

19 800, 810, 108 S. Ct. 2166 (1988).  Accordingly, where the complaint alleges several claims and states

20 alternative state law theories to support each of these claims, federal question jurisdiction does not

21 exist. *Duncan v. Stuetzle* 76 F.3d 1480, 1486 (9th Cir. 1996) (where complaint alleged claims for

22 misappropriation of proprietary information and unfair competition, the action did not arise under

23 federal law where each of the claims could be based on either federal patent and trademark law or a

24 state trade secrets statute).  Moreover, unless a state law cause of action presents a "substantial

25 _____

26 [2] The concept of a "well-pleaded complaint" means that the court will "consider only what *necessarily
   appears* in plaintiff's statement of his or her claim, *unaided by anything alleged in anticipation or*

27 *avoidance of defenses* the defendant may interpose." *Rutter* §2:116 citing *Taylor v. Anderson* 234 U.S.
   74, 75-76, 34 S. Ct. 724 (1914) (emphasis in original).

28

1    dispute" over the effect of federal law and the result must turn on the federal question, a state law

2    cause of action that merely incidentally presents a federal element will not create federal question

3    jurisdiction. *Berg v. Leason* 32 F.3d 422, 423 (9th Cir. 1994).

4          Plaintiff Rucinski's amended Complaint does not set forth any federal question claims and

5    based upon the previous inadequacies of the jurisdictional claims in the prior pleading and the

6    rudimental nature of Plaintiff's present federal claims, this Court can infer that Plaintiff's claims have

7    been forged specifically to create federal jurisdiction. Specifically, the Complaint purports to set forth

8    a RICO claim, but as is shown below in Section C.1, it fails to do so.

9          **1.     The Complaint Fails To Set Forth Any Claim Under RICO**

10         To allege a claim for relief under RICO §1964(c), a plaintiff must be a "person injured in his

11   [or her] business or property by reason of a violation of §1962." Section 1962(a)-(c) make it unlawful

12   for any person to use money derived from a "pattern of racketeering activity" to "invest" in an

13   "enterprise," to "acquire control" of an "enterprise" through a "pattern of racketeering activity," or to

14   "conduct" an "enterprise" through a "pattern of racketeering activity." A "pattern of racketeering

15   activity" requires that a defendant must have engaged in a pattern of designated predicate offenses.

16   *Sedima S. P. R. L. v. Imrex*, 473 U.S. 479, 496 (1985). To engage in a "pattern" of racketeering

17   activity, a defendant must commit "at least two acts of racketeering activity" – that is, must commit at

18   least two predicate acts. RICO, 18 U.S.C. §1961(5).

19         A plaintiff must allege each of the elements of Section 1962 in order to state a claim under

20   RICO. *Id.* Thus, the mere commission of the predicate offenses by a defendant is not enough to state

21   a claim under RICO. Nor is the mere conducting of an enterprise. *Id.* Moreover, simply because the

22   statute refers to "at least two" predicate acts to form a "pattern," the mere allegation of two predicate

23   acts is not necessarily sufficient. As the Supreme Court has pointed out, the commission of two

24   predicate acts does not translate automatically into the existence of a pattern; "[i]ndeed, in common

25   parlance two of anything do not generally form a 'pattern.'" *Id.* at 497, n. 14. Thus, to allege a

26   sufficient claim under RICO the plaintiff must allege "each element of the violation, the compensable

27   injury necessarily is the harm caused by predicate acts *sufficiently related to constitute a pattern*, for

28

1    the essence of the violation is the commission of those acts in connection with the conduct of an

2    enterprise." *Id.*

3        Plaintiff Rucinski's Complaint does not present "a *plausible* assertion of a '*substantial*' federal

4    right" under RICO in order to invoke federal question jurisdiction. *See Rutter* §2:102. In ¶12 of the

5    Complaint, Plaintiff alludes to an "evolving and recurring pattern" without identifying any predicate

6    RICO acts. In ¶13, Plaintiff refers to "predicate acts of mail and wire fraud" without more, and

7    identifies, in conclusory fashion, alleged "counts" committed under a series of federal statutes, without

8    even indicating whether the violation of those statutes qualifies as predicate acts under RICO. In ¶ 14,

9    Plaintiff impertinently refers to alleged white collar crimes and infers that Defendants are engaged in

10   similar pursuits.[3] But Plaintiff never says what crimes were committed, by whom, and how the

11   commission of those alleged crimes relates to her alleged injury.

12       To the extent that Plaintiff's allegations are in the least decipherable, she appears to allege that

13   Defendants Stratasoft and Touch Asia formed an "enterprise" with the assistance of Defendant U.S.

14   Colo to further "a scheme" involving some randomly named federal statutes. (See Complaint at ¶¶ 16-

15   18.) Plaintiff does not state how Defendant INX was involved in the "enterprise" other than to allege

16   that INX is Defendant Stratasoft's "parent". (Complaint at ¶¶ 6, 8.)[4] Allegedly, Stratasoft picked up

17   over $150,000 in American Express checks and a "purchase order" from Plaintiff's residence and used

18   "their U.S. Mail Delivery Service" twice in May and June of 2004 in order to do so, and then delivered

19   the same to Harris County, Texas. (Complaint at ¶17.) She then alleges that some unidentified person

20

21

22   [3] Defendants point out that such impertinent allegations of alleged crimes by others are themselves
     susceptible to a motion to strike pursuant to Fed. R. Civ. Proc. 12(f). Indeed, Plaintiff's similar
     allegations in ¶¶ 28-32, 53-54, and 58 of the Complaint, referring to, but barely identifying, other
23   alleged complaints and lawsuits in which Defendants or others are or were purportedly involved, seem
     singularly intended to slur Defendants rather than add anything substantive to the allegations of the
24   Complaint.

25   [4] Plaintiffs conclusory allegations that Stratasoft and INX "fraudulently and with Malicious Intent
     [sic]" concealed "the accountability of the purchase and ownership" of the alleged equipment in order
26   to damage and destroy Plaintiff's "small business" do not add anything substantive to the factual
     allegations. (See Complaint at ¶¶ 107-114.) These conclusory statements tell nothing about what
27   conduct INX engaged in so as to be liable under RICO or any other purported claims that Plaintiff
     attempts to assert.

28

1  (presumably Stratasoft) committed mail fraud by shipping some unidentified "equipment" from Harris

2  County to Los Angeles and to the Philippines in "violation of Interstate Commerce." (Complaint at ¶

3  18.) Plaintiff then repeatedly regurgitates RICO "buzz words" such as "enterprise" and "mail and wire

4  fraud" in an attempt to create the impression of a viable claim. (Complaint at ¶¶ 22-34.)

5      Elsewhere, Plaintiff describes that in May 2004, a Stratasoft sales manager "cold-called"

6  Plaintiff over the phone and solicited Plaintiff to finance certain equipment for one of Stratasoft's

7  customers, Touch Asia. Plaintiff alleges that she was initially not interested in financing Touch Asia,

8  because Touch Asia had a "bad track record," prior delinquencies, and Plaintiff's previous negative

9  experiences with Touch Asia. However, Stratasoft allegedly subsequently prevailed on Plaintiff to

10  finance Touch Asia by assuring Plaintiff that she would have "recourse" to the equipment if Touch

11  Asia defaulted, and that the equipment had a shut-off "dongle or toggle" by which Plaintiff could

12  remotely switch off the equipment. Stratasoft allegedly promised to provide Plaintiff with "all

13  documents," "warranties" and "licenses" for the equipment, and agreed to resell the equipment to a

14  current customer "in the pipeline" if Touch Asia defaulted. (Complaint at ¶¶ 70-91.)

15      Assuming that the foregoing conduct constitutes the alleged predicate acts committed by

16  Defendant Stratasoft, and that Stratasoft's agents "cold-called" Plaintiff and solicited her over the

17  phone to finance Touch Asia, and then "picked up" American Express checks from her using the mail,

18  delivering the checks to Texas and the equipment to Los Angeles and the Philippines, the alleged

19  predicate acts are nonetheless insufficient to allege a "pattern" of racketeering. First, there is an

20  insufficient showing of any "pattern." Second, Plaintiff has not alleged how Defendants used money

21  derived from a "pattern of racketeering activity" to "invest" in an "enterprise," or to "acquire control"

22  of an "enterprise" through a "pattern of racketeering activity," or to "conduct" an "enterprise" through

23  a "pattern of racketeering activity." At most, Plaintiff has alleged a solitary transaction involving

24  ordinary, run-of-the-mill sales conduct to which she has ascribed nefarious motives and intentions.

25  Moreover, although a "pattern of racketeering activity" requires that a defendant must have engaged in

26  a pattern of the designated predicate offenses, as the Supreme Court in *Sedima* noted, merely engaging

27  in the predicate acts does not in itself constitute a "pattern" of racketeering. Plaintiff is required to

28  allege facts that show that the harm she incurred *was necessarily caused by* a sufficiently related

1    pattern of those predicate acts, committed while the Defendants were investing in, acquiring, or

2    conducting the alleged enterprise. *Sedima, supra,* 473 U.S. at 497.  Plaintiff has simply not done so

3    here.

**D.    The Complaint Should Also Be Dismissed  Pursuant To Fed. R. Civ. P.**
**12(b)(6) Because None Of The Alleged Claims State A Claim Upon Which**
**Relief Can Be Granted**

7         Plaintiff's Complaint may be understandably inartful because she is proceeding in pro per; but

8    even discounting for the fact that she is not an attorney, the Complaint fails to set forth any cognizable

9    claim for relief.  Indeed, this amended Complaint is (regrettably) a regression from Plaintiff's initial

10   and similarly inadequate complaint in terms of meeting pleading requirements.  Plaintiff fails to even

11   number any of the claims for relief in the body of the Complaint (although she does so in the caption),

12   making it extremely difficult to identify the purported claims.  Further, Plaintiff fails to adequately

13   identify to which Defendant each purported claim for relief is directed.  Substantively, Plaintiff's

14   factual allegations are for the most part cursory, conclusory, or unintelligible.  Thus, the Court

15   should dismiss the Complaint with no further leave to amend since Plaintiff has not demonstrated that

16   she will be able to allege any other facts sufficient to state a claim.

**1.    The Complaint Fails To Adequately Plead A Claim For Relief Under**
**RICO (No. 4 in Caption)**

19        As is stated in Section C.1 above, Plaintiff does not properly set forth a claim for relief under

20   RICO and that purported claim for relief should therefore be dismissed pursuant to Rule 12(b)(6).

**2.    The Purported Claims For "Computer Fraud" (No. 11 in Caption)**
**And For "Telemarketing Fraud" (No. 13 in Caption) Do Not Set**
**Forth Any Claims For Relief Against These Defendants**

24        Plaintiff appears to allege, in ¶¶ 16 and 39, that Defendants accessed and used stolen and/or

25   fraudulently possessed telephony and computer equipment to engage in a RICO "enterprise" that was

26   unlawfully accessing computer equipment.  Allegedly, Defendants did so without paying the "rightful

27   owner" (presumably Plaintiff) for the equipment.  To the extent that Plaintiff is attempting to set forth

28   a fraud claim, Fed. R. Civ. P. 9(b) requires that she allege the elements of such fraud with specificity.

Waller Lansden
Dortch & Davis, LLP

7082138.3

-10-

1  This requires Plaintiff to set forth the names of the individuals involved, specify what they said and

2  did, to whom they said it, when they said what to whom, and where the alleged conversations and

3  deeds occurred. *See In re GlenFed, Inc. Secur. Litig.* 42 F.3d 1541, 1547 (9th Cir. 1994), fn, 7 (en

4  banc).  Conclusory allegations are insufficient.  Plaintiff's allegations here do not enable full

5  understanding of who was involved in the computer fraud, what was fraudulent, and when and how the

6  fraud occurred.

7      Since Plaintiff alludes to a violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et

8  seq., it is worth noting that although that statute does provide for a private right of action, Plaintiff does

9  not allege conduct in the Complaint that remotely implicates Defendants in any violation of the statute.

10  A violation of that statute generally requires knowingly accessing a computer without authorization or

11  exceeding the authorization given, or knowingly transmitting information or codes in order to cause

12  damage to a protected computer.  The Complaint appears to allege only that Plaintiff paid Defendants

13  for computer equipment purchased from Defendant that she had agreed to finance for Touch Asia.

14  There is no conduct alleged with respect to Defendants' unauthorized access of computers or improper

15  transmission of codes to damage computers.  Thus, no claim for relief for alleged computer fraud

16  under the Computer Fraud and Abuse Act is presented.

17      In an apparent attempt to throw in the kitchen-sink among her allegations, Plaintiff includes a

18  purported claim that Defendants also committed "telemarketing fraud."  It is unclear what statutory

19  violation allegedly creates this liability.  In ¶ 16 of the Complaint, Plaintiff refers to a variety of

20  statutes or rules: "Telemarketing Fraud, Truth in Lending Act, 15, U.S.C. 1601 et seq., Electronic Fund

21  Transfer Act, 15 U.S.C. 1693 et seq, Title 16: Commercial Practices PART 310- TELEMARKETING

22  SALES RULE §310.3."  The foregoing references are confusing and nonsensical.  Although Plaintiff

23  implicitly suggests that "cold-calls" that she allegedly received from Defendants constitutes the

24  "telemarketing fraud," Plaintiff has not set forth any facts that show the statutory or other basis by

25  which such conduct constitutes telemarketing fraud and is actionable.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT INX AND STRATASOFT'S MOTION TO DISMISS

3. **The Complaint Fails To Present Adequately Pled Claims For Negligent Misrepresentation (No. 7 in Caption), Fraud and Misrepresentation (No.'s 1, 2 and 12 in Caption), Breach of Fiduciary Duty (No. 15 in Caption) and Constructive Fraud**

To plead a fraud claim under California law, a plaintiff must plead: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) (citing *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).) Negligent misrepresentation is a species of fraud in California, differing only from intentional misrepresentation in that to commit negligent misrepresentation, the defendant need only have made the representation without a reasonable belief in its truth. Fed. R. Civ. P. 9(b) imposes a requirement that fraud must be pled with specificity. The specificity requirement is satisfied only if the pleading "identifies the circumstances constituting fraud … so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.* 885 F.2d 531, 540 (9th Cir. 1989). The pleading is required to (1) specify the alleged fraudulent representation (or omissions), (2) allege the representations were false when made, (3) identify the specific speaker, (4) state when and where the statements were made, and (5) state the manner in which the representations (or omissions) were false or misleading. *See In re GlenFed, Inc. Secur. Litig.* 42 F.3d 1541, 1547 (9th Cir. 1994), fn, 7 (en banc).

The Complaint here apparently alleges, in essence, that Defendants induced Plaintiff to finance Touch Asia's acquisition of equipment purchased from Defendants. Allegedly, Defendants then failed to turn over "documents" "warranties" and "licenses" in connection with that equipment acquisition and failed to give Plaintiff access to a promised "dongle or toggle" to shut off the equipment in the event of Touch Asia's default in the financing transaction. (Complaint ¶¶70-96) Additional allegations of fraud contained at ¶¶ 152-160 of the Complaint are indecipherable and essentially meaningless.

To properly allege fraud, Plaintiff must allege the names of the specific speakers of each alleged representations made to Plaintiff, and must also allege where and when each representation

1   was made, and the manner in which each such representation was false or misleading. *Id.* Although

2   Plaintiffs identifies the alleged speakers (Mike Bridges, Jason Pace and Lane McCarty) who made

3   certain purported representations, there is no allegation that any of the alleged representations were

4   false and, if false, how the representations were false and what the true facts were. Plaintiff alleges

5   that Bridges asked Plaintiff to finance one of Stratasoft's clients, Touch Asia, but apparently Plaintiff

6   did not want to do so because Touch Asia was not credit-worthy. (Complaint ¶¶ 70-83.) Bridges

7   allegedly then got Jason Pace to call Plaintiff in order to persuade her to do the financing. (Complaint

8   at ¶ 84.) Plaintiff alleges she was told "[t]hat they [Defendants] would take it [the equipment] back as

9   recourse, anything to induce the Plaintiff even farther, [sic] indicating the equipment had a shut off

10  dongle, or toggle, which would be manned remotely by the Plaintiff." (Complaint at ¶ 85.) But

11  Plaintiff does not say which of these representations was false and how they were false. While

12  Plaintiff implies that Defendants misrepresented to her that the equipment would contain a "dongle or

13  toggle," there is no allegation who specifically made that representation, what specifically was meant

14  by that representation, and whether the representation was made in circumstances by which Plaintiff

15  had the right to rely on it and whether it was intended for her to rely upon.

16      Plaintiff further alleges that after Bridges and Pace's calls to her, Lane McCarthy also called in

17  order to induce Plaintiff to "fund the already 'D' rated client." (Complaint at ¶ 87.) She alleges that

18  Defendants' agents apparently then stated that "nothing was needed from the Plaintiff except the P.O

19  [sic] and money." (Complaint at ¶88.) Plaintiff requested a "sales contract," and was emailed an

20  invoice listing the equipment and several equipment listings "that were to be put on the Purchase

21  Order." (Complaint at ¶89-90.) Again, Plaintiff fails to indicate what specifically was misrepresented

22  by Bridges, Pace and McCarthy and how or why those representations were false. Plaintiff also fails to

23  allege that at the time the false representations were made, the speakers knew them to be false.

24  Finally, there is no allegation as to how Plaintiff justifiably relied on those representations. Indeed, it

25  appears that the opposite was true, and that Plaintiff took a calculated risk in financing a customer with

26  whom she had had previously dealings and experience, and who was a known credit risk to her.

27  Plaintiff does not therefore appear to have justifiably relied on any representation made by Defendants.

28

1    If the "dongle" or "toggle" was what triggered Plaintiff's inducement to finance Touch Asia, Plaintiff

2    also does not say whether that devise or those devises were in fact absent from the equipment.

3          Plaintiff's allegations suggest that she entered into a financing transaction with Touch Asia of

4    her own volition and knowingly accepted the risk of the transaction.  As a further indication that no

5    fraud occurred, it is notable that in ¶ 168 of the Complaint, Plaintiff alleges that within four months

6    after entering into the transaction, Touch Asia requested Plaintiff for forbearance so it could pay

7    Plaintiff late and that two months later, stopped payment altogether.  Notably missing from those

8    allegations is any indication of any discussions arising then about the alleged "toggle" to shut off the

9    equipment in light of the late payments.  There is also no indication in the allegations that at the time

10   Touch Asia indicated it was likely to default, Plaintiff had made efforts to secure the alleged ownership

11   documents and the "warranties" and "licenses," which Plaintiff alleges Defendants had failed to deliver

12   to her.

13         In addition to Plaintiff's failure to specifically plead a general fraud claim, Plaintiff also fails to

14   plead any claim for breach of fiduciary duty or for constructive fraud.  To plead a claim for breach of

15   fiduciary duty, a plaintiff must plead the existence of a trust or confidential relationship in which the

16   plaintiff reposed trust in the defendant and the defendant accepted that trust.  *See Main v. Merrill*

17   *Lynch, Pierce, Fenner & Smith, Inc.* (1977) 67 Cal.App.3d 19, 32-33.  Confidential relationships are

18   typically relationships such as insurer/insured, lawyer/client, principal/agent, corporate

19   directors/shareholders.  Ordinary, arms-length business transactions, such as the one alleged by

20   Plaintiff here, do not generally import fiduciary obligations -- notwithstanding Plaintiff's allusions to

21   the "appropriation of corporate assets" (Complaint at ¶ 44) and to violations of Sarbanes-Oxley[5]

22   (Complaint at ¶49.)  Since Plaintiff has not alleged the circumstances by which a trust relationship

23   came into existence, Plaintiff has not adequately set forth any basis for a claim for breach of fiduciary

24   duty nor one for constructive fraud, which occurs only in the context of a fiduciary's failure to disclose

25   relevant facts.  *See Byrum v. Brand* (1990) 219 Cal. App. 3d 926, 937-938.

26   _____

27   [5] Plaintiff's reference to Sarbanes-Oxley is presumably to the Public Company Accounting Reform
     and Investor Protection Act of 2002, which has no application to the alleged facts at issue here.

28

### 4.    Plaintiff's Allegations For Imposition Of A Constructive Trust Fail To State A Claim For Relief

In ¶¶ 136-141, Plaintiff apparently attempts to set forth a claim for the imposition of a constructive trust, alleging that she is "entitled to a Constructive [sic] and or resulting trust on: funds, accounts, receivable and or other consideration obtained by or owed to defendants or sales, distribution, or marketing using or use of the Stratasoft platform, equipment, licenses, services [r]elating" to contracts established among Stratasoft, Touch Asia and U.S. Colo. Plaintiff's allegations are without any cognizable basis.

To properly allege a claim for a constructive trust requires the allegation of a fraud, breach of fiduciary duty, or other act that entitles the plaintiff to recover property wrongfully acquired by the defendant. *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal. App. 4th 1017. Here, there are no sufficient allegations that show that any of the Defendants are in wrongful possession of any property belonging to Plaintiff, let alone specific allegations that these Defendants committed fraud or breached a fiduciary obligation owed to Plaintiff. Indeed, there are no allegations that Defendants Stratasoft or INX possess any property with respect to which they can be made involuntary trustees. Plaintiff's allegations are merely conclusory statements totally devoid of any facts or legal basis and no claim for constructive trust is set forth in the complaint.

### 5.    The Complaint Fails To Set Forth Any Basis For A Breach Of Contract Claim

Plaintiff appears to allege, in ¶¶ 118-135, that Defendants Stratasoft and INX breached a contract they had with Plaintiff. Apparently, Plaintiff's theory is that Defendants' agents (Bridges and Pace) induced Plaintiff to finance Touch Asia and promised to provide Plaintiff with "remote access" as "the only way [to] control and or turn off the Stratasoft Dialer Platform" in connection with Touch Asia's acquisition of the equipment. Plaintiff appears to allege that the contract was for Plaintiff to purchase the equipment and then lease the equipment to Touch Asia.

The alleged contract appears to be an oral agreement in which Plaintiff allegedly contracted to purchase equipment from Defendant Stratasoft. However, Plaintiff fails to set forth any of the details surrounding this alleged contract. There is no allegation of when an offer was made, what the terms of

1    the offer were, when the offer was accepted and what the material terms of the contract were. The

2    Complaint says nothing about the price, the equipment involved, the terms of payment, the terms of

3    delivery, etc.

4         Moreover, it appears that the contract was an oral one – and judging from the alleged checks

5    that Plaintiff supposedly sent in payment for the equipment, the contract was allegedly one for the sale

6    of goods in excess of $500, and thus fell within the statute of frauds. Plaintiff has not alleged the

7    existence of a written memorandum evidencing the agreement signed by the Defendants as the parties

8    to be charged. The alleged contract is thus unenforceable because it violated the statute of frauds. *See*

9    *Roberts v. Wachter* (1951) 104 Cal. App. 2d 281, 284. Furthermore, to adequately plead an oral

10   contract, the plaintiff must allege the mutual promises made by the parties and show that the contract

11   was supported by consideration. *Acheson v. Western Union Tel. Co.* (1892) 96 Cal. 641, 644. A

12   plaintiff must also allege the facts constituting the defendant's breach. *Wise v. Southern Pac. Co.*

13   (1963) 223 Cal. App. 2d 50, 60. Here, Plaintiff has not alleged the mutual promises or shown the

14   consideration for the contract. Indeed, it is uncertain what the contract was. Although Plaintiff

15   appears to allege that she purchased equipment from Defendants, the allegations in the Complaint

16   suggest that Plaintiff simply agreed to finance an equipment purchase transaction for Defendant's

17   customer, Touch Asia, and not that she was the purchaser of the equipment. Therefore, as pled, it is

18   impossible to discern the actual contract or how Defendants allegedly breached it. Accordingly, the

19   Court should dismiss this purported claim for relief.

20         **6.    The Complaint Does Not Set Forth Any Semblance Of Claim For**

21              **Intentional Interference With Contractual Relations (No. 6 in**

22              **Caption)**

23         The Complaint purports in vain to set forth a claim for intentional interference with contractual

24   relations beginning at ¶¶ 145 through 159. The allegations contained there, however, bear no

25   semblance to any such claim for relief. A claim for intentional interference with contractual relations

26   requires not only the allegation of a contractual relationship with which Defendants interfered, but also

27   allegations showing the nature of the interference and showing that the interference was accomplished

28   by wrongful means. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal. 4th 376, 381 n. 2,

1   392-393. Not only does Plaintiff fail to specify the alleged contract with which Defendants interfered,

2   but Plaintiff also fails to allege any specific conduct constituting interference. To the extent the

3   allegations at ¶¶ 145-159 can be deciphered, they appear only to be a regurgitation of how Defendants

4   allegedly fraudulently induced Plaintiff to finance Touch Asia. There is no claim or interference set

5   forth.

      **7.**      **The Complaint Does Not Set Forth Any Claim For Relief For Unfair**

              **Competition In Violation Of Calif. Bus. & Prof. Code §17200 et seq.**

8         Plaintiff purports to set forth claims for relief under Calif. Bus. & Prof. Code §17200 et seq. in

9   ¶¶ 182-187. Plaintiff alleges that Defendants' conduct in participating in a RICO "enterprise"

10  translated into performing services for, or inducing, the public to enter into obligations based on untrue

11  or misleading devices or unlawful telephone solicitation of prospective buyers. However,

12  notwithstanding Plaintiff's attempt to elsewhere allege a RICO enterprise and incorporate those

13  allegations by reference, Plaintiff has not alleged actionable conduct on behalf of these Defendants.

14        To set forth a claim under Bus. & Prof. Code §17200, Plaintiff is required to allege that

15  Defendants engaged in unlawful business practices and must show both that the practice was

16  undertaken pursuant to *Defendants' business activity and also that the practice was forbidden by law.*

17  *Farmers Ins. Exch. V. Sup. Ct.* (1992) 2 Cal. 4th 377, 383. Plaintiff has not alleged any facts showing

18  that the alleged unlawful acts were undertaken by Defendants pursuant to a business practice. It is

19  simply not enough to suggest that Defendants engaged in a RICO enterprise through a pattern of

20  unlawful acts. Plaintiff must allege facts that show that conclusion.

21        Moreover, Plaintiff has not alleged that her alleged injury was caused by Defendants' alleged

22  wrongful conduct, which she is required to do in order to set forth a claim under Bus. & Prof. Code

23  §17200. *Daro v. Superior Court* (2007) 151 Cal. App. 4th 1079, 1098. Plaintiff alleges in the

24  Complaint that her injury was caused by Touch Asia's default on her alleged lease. Therefore, there is

25  no allegation of the required causal connection between Stratasoft and INX's alleged conduct and

26  Plaintiff's injury. Finally, Plaintiff does not set forth a claim for relief under this statute because she is

27  claiming "damages" whereas a private party may not recover damages under Section 17203 of the Bus.

28  & Prof. Code. *Heller v. Norcal Mut. Ins. Co.* (1994) 8 Cal. 4th 30, 45.

1    Plaintiff also does not set forth any claim under Bus. & Prof. Code §17500.  That Section

2  makes it unlawful for a person to disseminate to the public statements concerning services or property

3  if the statements are untrue or misleading and are reasonably known by the person to be so, and

4  intended to induce the public to enter into any obligation concerning such services or property.

5  Plaintiff has not alleged what untrue statements were disseminated by Defendants to the public with

6  the intent to induce the public to enter into an obligation.  As discussed in Section C.3 of this

7  Memorandum concerning the pleading of fraud and misrepresentation, Plaintiff has not sufficiently

8  alleged what representations were made by Defendants to Plaintiff (or to the public).  Nor has Plaintiff

9  alleged that any such representations were intended by Defendants to be relied on by her and were

10  false.  Accordingly, the Court should dismiss the purported claims for relief under Calif. Bus. & Prof.

11  Code §17200 et seq.

12    **8.    Plaintiff's Miscellaneous References To Certain Claims For Relief**

13    **(Negligence, Fraudulent Conversion and Conveyance (No. 17 In**

14    **Caption), Breach Guaranty (erroneously listed as No. 16 in Caption),**

15    **Injunctive Relief (No. 8 in Caption) and Civil conspiracy (No. 16 in**

16    **Caption) Must Be Disregarded As Mere Surplasage**

17    Plaintiff has made no attempt to allege any facts in support of a variety of purported claims for

18  relief that she sets forth in headings peppered around her Complaint.  Accordingly, since headings are

19  not allegations, the Court should disregard the references to these purported claims for relief as mere

20  surplasage.

21    Moreover, with respect to the alleged "conspiracy" claim, in California, there is no independent

22  cause of action for "civil conspiracy."  "Conspiracy" is a theory of relief that is wholly dependent on

23  the existence of an underlying tort.  Accordingly, the plaintiff is required to allege *an actionable wrong*

24  in which the defendant is alleged to have participated, which caused damage to the plaintiff.  *Unruh v.*

25  *Truck Ins. Exch.* (1972) 7 Cal. 3d 616, 631.  As is shown in this motion, Plaintiff has completely failed

26  to set forth actionable conduct on Defendants' part by which Plaintiff was damaged.

27

28

1    **E.    To The Extent The Court Should Not Grant The Motion To Dismiss Under**

2    **Rule 12(b)(6), Defendants Request A More Definite Statement**

3        Pursuant to Rule 12(e), a party may move for a more definite statement of a pleading if the

4    pleading is so vague or ambiguous that the party cannot be reasonably prepare a response.  As has been

5    shown above, the Complaint fails to sufficiently allege facts that set forth any claim for relief.  The

6    problem is compounded by the fact that the Complaint is by and large unintelligible and it is virtually

7    impossible to discern what Plaintiff is actually alleging.  Plaintiff has failed to number the counts in the

8    Complaint and has failed to designate which purported claims are directed to what Defendants.  While

9    the Court may be inclined to be more lenient because Plaintiff is proceeding pro se, Defendants should

10   not be required to have to prepare a response to claims that cannot reasonably be understood.

11   **III.    CONCLUSION**

12       The Court should dismiss this Complaint because Plaintiff has failed to meet her pleading

13   burden of establishing that this Court has subject matter jurisdiction on the basis of diversity or federal

14   question jurisdiction.  Alternatively, the Complaint must be dismissed pursuant to Fed. R. Civ. Proc.

15   12(b)(6) on the basis that it fails to set forth any claim for relief against Defendants.  If the Court is

16   inclined not to dismiss the Complaint altogether, at the very least the Court should order a more

17   definite statement of claims from Plaintiff.

18

19   Dated:  June 19, 2008                    Respectfully submitted

20                              WALLER LANSDEN DORTCH & DAVIS, LLP

21

22                           By:    s/ John E. McOsker

23                                 Defendants INX, Inc. and
                                   STRATASOFT, INC.

24

25

26

27

28

## <u>DECLARATION OF STEPHEN K. LUBEGA</u>

I, Stephen K. Lubega declare as follows:

1.      I am an attorney with the law firm of Waller Lansden Dortch & Davis, LLP, counsel of record for Defendants Stratasoft, Inc. and Inx, Inc. in the above-captioned action.  I am a member in good standing of the State Bar of California and have been admitted to practice before this Court.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      On June 11, 2008, I visited the on-line records of the California Secretary of State Business Portal web-site at www.sos.ca.gov/business for the status of a corporation known as "Touch Asia," which is the name of the entity named by Plaintiff as one of the defendants in this case.  I pulled up the record for "Touch Asia Outsourcing Solutions, Inc." attached hereto as Exhibit "1," which is a true and correct print-out of the on-line record I viewed.

3.      The on-line record reveals that the identified entity, Touch Asia Outsourcing Solutions, Inc., is a suspended California corporation, which coincides with the allegation to that effect made by Plaintiff in the Complaint about the defendant entity named "Touch Asia."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Los Angeles, California on this 19th day of June, 2008.

_____
Stephen K. Lubega

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT INX AND STRATASOFT'S MOTION TO DISMISS

## DECLARATION OF MAX MCCOMBS

I, Max McCombs, declare:

1.    The following statements are true and correct and based on my personal knowledge.

2.    I have been a managing member of U.S. COLO AT ONE WILSHIRE, LLC, a California limited liability company since its inception.

3.    I am unaware of any Nevada corporation or limited liability company by the name of U.S. COLO AT ONE WILSHIRE, LLC.

4.    U.S. COLO AT ONE WILSHIRE, LLC's principal place of business is 624 S. Grand Avenue, Suite 1810, Los Angeles, California 90017.

5.    U.S. COLO AT ONE WILSHIRE, LLC does not operate or have any principal place of business in the State of Nevada.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June __, 2008 in Los Angeles, California.

MAX MCCOMBS

# EXHIBIT 1

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of JUN 06, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| TOUCH ASIA OUTSOURCING SOLUTIONS, INC. | | |
| **Number:** C2474521 | **Date Filed:** 11/15/2002 | **Status:** suspended |
| **Jurisdiction:** California | | |
| **Address** | | |
| 7214-B FLORIN MALL DR | | |
| SACRAMENTO, CA 95823 | | |
| **Agent for Service of Process** | | |
| JOSE BRAGANZA | | |
| 4440 OAK HOLLOW DR #164 | | |
| SACRAMENTO, CA 95842 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                                  )    ss.:
COUNTY OF LOS ANGELES    )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

     On  June 19, 2008, I served on the interested parties in said action the within:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT INX AND STRATASOFT'S MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; DECLARATIONS OF STEPHEN K. LUBEGA AND MAX McCOMBS

[FRCP 12(b)(1); FRCP 12(b)(6); FRCP 12(e)]

     by placing a true copy thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
3344 N. Mt. View Drive
San Diego, CA  92116

In Pro Se Plaintiff

 [X]  (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

     I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

     Executed on June 19, 2008, at Los Angeles, California.

| | |
|---|---|
| Rosie A. Ortiz | |
| (Type or print name) | (Signature) |

Waller Lansden
Dortch & Davis, LLP

7082138.2