John E. McOsker (SBN 169191)
jmcosker@wallerlaw.com
Stephen K. Lubega (SBN 126849)
slubega@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (213) 362-3680
Facsimile: (213) 362-3679

Attorneys for Defendants Stratasoft, Inc. and INX, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California Company, | Case No. 3:08-cv-00138-WQH-POR |
| Plaintiff, | Date: July 28, 2008<br>Time: 11:00 a.m. |
| vs. | Judge: Hon. William Q. Hayes |
| TOUCH ASIA OUTSOURCING SOLUTIONS, INC. dba TOUCH ASIA CALL CENTER, INC., a California Corporation; RUDY NGAW, an individual; STRATASOFT, INC.; INX, INC., a Texas Corporation formerly known as I-SECTOR CORPORATION; and DOES 1 through 20, inclusive, | DEFENDANTS STRATASOFT, INC. AND INX, INC.'S OPPOSITION PLAINTIFF NOREEN RUCINSKI'S EX PARTE REQUEST TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION |
| Defendants. | (No Oral Argument) |
| | Complaint Filed: January 23, 2008 |

I. **INTRODUCTION**

Defendants Stratasoft, Inc. and INX, Inc. oppose Plaintiff Noreen Rucinski's ex parte request to continue the hearing on Defendants' motion to dismiss for lack of jurisdiction, or in the alternative, to dismiss for failure to state a claim, or in the alternative, for a more definite statement. Plaintiff's request should be denied because she has failed to comply with the requirements of Local Rule 7.1.g.2. Specifically, Plaintiff had plenty of time to seek a continuance of the due date of her opposition and of the hearing, but waited until after her time to file an opposition had expired before filing a belated request for a continuance. Plaintiff

also has misrepresented her communications with Defendants' counsel on the matter. Defendants have never told Plaintiff that they would be agreeable to a three-week continuance. Rather, Plaintiff asked Defendants' counsel for an extension of time to file an opposition and counsel informed Plaintiff that she would need to address the matter to the Court and get Defendant U.S. Colo's consent and, if she did, Defendants would not oppose a short continuance. Defendants expected Plaintiff to contact and obtain an agreement from Defendant U.S. Colo to the continuance. However, Plaintiff never contacted these Defendants again to indicate whether she had successfully obtained Defendant U.S. Colo's consent to a continuance. Thus, there never was any agreement by these Defendants to any continuance.

## II. PLAINTIFF'S REQUEST FOR A CONTINUANCE IS BELATED AND DEMONSTRATES A LACK OF DILIGENCE

Defendants' motion to dismiss was filed June 19, 2008 and was set for hearing on July 28, 2008. Thus, the hearing was more than a month from the date the motion was filed. Pursuant to Local Rule 7.1e.2, Plaintiff was required to file her opposition to the motion by July 14, 2008 (i.e. 14 calendar days prior to July 28). Thus, from June 19 until July 14, Plaintiff had almost an entire month to ponder her opposition and its due date.

On Thursday, July 10, 2008, four days before her opposition was due, Plaintiff contacted Defendants' counsel's assistant and asked if Defendants' counsel would re-send, via email, courtesy copies of the motion to dismiss.[1] Plaintiff stated that she was unable to open the PDF documents. Defendants thereupon emailed Plaintiff another set of the motion papers. The next day, Friday, July 11, Plaintiff sent Defendants' counsel another email claiming that she had sent Defendants' counsel a letter, two weeks prior, asking about an extension for her response, but had not heard back from Defendants. This allegation was questionable, because Defendants' counsel had never received such a letter from Plaintiff, and Plaintiff generally communicates with Defendants' counsel via email, and not by US mail.

---

[1] Defendants had sent an earlier courtesy copy of the motion to Plaintiff by e-mail on June 19, 2008.

In her July 11 email, Plaintiff also stated that she had not received Defendant's U.S. Colo's "responses until a request by email was done." Plaintiff stated that "this has put us behind to complete the response, as well as being on vacation in time allocated [by the court rules to file the response]." On July 11, 2008, via email, Plaintiff for the first time mentioned a need for an extension to Defendants and asked if Defendants' counsel would agree to an extension.

Defendants' counsel responded to Plaintiff's July 11 email the same day. Counsel informed Plaintiff that she needed to make the request for a continuance to the court. Defendants also informed Plaintiff that Defendants would not oppose the motion if Plaintiff also contacted Defendant U.S. Colo's counsel and obtained U.S. Colo's agreement for a continuance. However, Defendants never heard back from Plaintiff on the matter. She never indicated whether Defendant U.S. Colo ever agreed to a continuance.

On July 14, the date Plaintiff's opposition was due, Plaintiff filed no opposition. Two days later, on Wednesday, July 16, Plaintiff contacted Defendants' counsel's assistant to complain that she still could not open the PDF copies of the motion which Defendants had sent her.[2] Plaintiff made no mention to Defendants of whether she had contacted the court or Defendant U.S. Colo regarding the continuance. However, Plaintiff apparently filed her request for a continuance that same day (July 16), <u>two days after her opposition was due</u>.

Plaintiff's request for a continuance does not comply with the letter or spirit of this Court's local rules. Local Rule 7.g.2 states that "[a]ny request for continuance of a noticed motion shall be made as soon as possible to the judge to whom the matter is assigned. Prior to seeking such continuance, the party seeking the continuance shall contact all opposing parties or their counsel to determine whether they would agree to such continuance." First, the Rule requires diligence. Plaintiff has presumably known of the due date of her opposition since

---

[2] It should be noted that although Defendants sent Plaintiff the PDF documents via email on June 19, these documents were sent purely as a courtesy, since the motion papers were mail served on Plaintiff on June 19, 2008. Thus, Plaintiff should have received a full version of the motion papers via mail shortly after June 19.

June 19, yet she did not request a continuance until two days *after* the due date of the opposition. Indeed, even though Plaintiff apparently sat on the motion for more than three weeks before contacting Defendants' counsel on July 11, she still did not request the court for a continuance then. Plaintiff waited until after her opposition was due. Plaintiff's conduct reflects a lack of diligence that cannot simply be excused on the grounds that Plaintiff is in pro per. Plaintiff was aware of the need to make a prompt request to the court for the continuance at least as of July 11 if not earlier.

Second, Plaintiff also showed a similar lack of exigency by not contacting Defendant U.S. Colo directly by telephone when she realized she needed a continuance and instead chose to communicate by mail. Since counsel for Defendants Stratasoft and INX informed Plaintiff that they would not oppose a continuance only if she obtained the consent of counsel for U.S. Colo, Plaintiff should have diligently contacted U.S. Colo's counsel about the matter and then gotten back to Defendants. Instead, Plaintiff allegedly mailed a request to counsel for Defendant U.S. Colo, and apparently never got a response. Thus, Plaintiff misrepresents that Defendants' counsel agreed to an extension of up to three weeks. The matter was never discussed. Plaintiff never got back to Defendants' counsels to inform them of Defendant U.S. Colo's position in the matter. Thus, there certainly was no agreement between Defendants and Plaintiff about the length of any continuance, because none had been agreed upon.

### III.  CONCLUSION

Because Plaintiff has not been diligent in her request for a continuance and failed to confer with all of the parties in that respect, Defendants Stratasoft and INX oppose the continuance. Defendants want the court to promptly determine the issue of whether subject matter jurisdiction exists in this case because Defendants believe their position has merit and that Plaintiff has no meritorious opposition to offer. Therefore, any continuance simply protracts the day of reckoning at Defendants' expense.

/ / /

/ / /

/ / /

Waller Lansden
Dortch & Davis, LLP

7084104.1

-4-

DEFENDANTS' OPPOSITION PLAINTIFF'S EX PARTE REQUEST TO CONTINUE THE
HEARINGS ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

| | |
|---|---|
| 1  Dated: July 18, 2008 | Respectfully submitted |
| 2 | WALLER LANSDEN DORTCH & DAVIS, LLP |

By:  s/John E. McOsker
     John E. McOsker
     Attorneys for Defendants
     Stratasoft, Inc. and INX, Inc.

Waller Lansden
Dortch & Davis, LLP

7084104.1

-5-
DEFENDANTS' OPPOSITION PLAINTIFF'S EX PARTE REQUEST TO CONTINUE THE
HEARINGS ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

On July 18, 2008, I served on the interested parties in said action the within:

DEFENDANTS STRATASOFT, INC. AND INX, INC.'S OPPOSITION PLAINTIFF NOREEN RUCINSKI'S EX PARTE REQUEST TO CONTINUE THE HEARINGS ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

by placing true copies thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
Tel (619) 282-7977
e-mail: noreenr@cox.net
Plaintiff in Pro Per
Appearing Pro Se

[X] (E-MAIL OR ELECTRONIC TRANSMISSION) Based on agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed above.

[X] (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on July 18, 2008, at Los Angeles, California.

Rosie A. Ortiz
(Type or print name)                             (Signature)