John E. McOsker (SBN 169191)
jmcosker@wallerlaw.com
Stephen K. Lubega (SBN 126849)
slubega@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLP
333 S. Grand Avenue, Suite 1800
Los Angeles, California 90071
Telephone: (213) 362-3680
Facsimile: (213) 362-3679

Attorneys for Defendants Stratasoft. Inc. and INX, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California Women Owned Small (Sole Proprietor) Business,<br><br>Plaintiff,<br><br>vs.<br><br>STRATASOFT, INC. a Texas Corporation; INX/I-SECTOR, INC., a Texas Corporation; U.S. COLO One Wilshire LLC, an LLC of Nevada; TOUCH ASIA,<br><br>Defendants. | Case No. 08 CV 0138 WQH POR<br><br>Date: August 18, 2008<br>Time: 11:00 a.m.<br><br>Judge: Hon. William Q. Hayes<br><br>**DEFENDANTS STRATASOFT, INC. AND INX, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM**<br><br>[NO ORAL ARGUMENT]<br><br>Complaint Filed: January 23, 2008 |

I. **INTRODUCTION**

Defendants Stratasoft, Inc. ("Stratasoft") and INX, Inc. ("INX") respectfully submit the following reply memorandum of points and authorities in response to Plaintiff Noreen Rucinski's opposition ("Opposition") to their motion to dismiss. Defendants moved to dismiss this action because Plaintiff's First Amended Complaint (the "Complaint") fails to establish subject matter jurisdiction in that there is neither complete diversity of parties nor is a federal question presented. Alternatively, Defendants have requested that the action be dismissed because Plaintiff has failed to state a claim upon which relief can be granted. In her Opposition, Plaintiff implores the court for indulgence

because she is proceeding in pro per. However, Defendants contend that irrespective of Plaintiff's status as in pro per, she has failed to bear her burden of proof to show that this court has subject matter jurisdiction of this action. Without jurisdiction, this court cannot proceed. Therefore, Plaintiff's plea that she be allowed to continue to prosecute this action cannot be heeded -- not for a lack of empathy with Plaintiff's status as an in pro per party -- but because she has not met her burden to demonstrate the existence of complete diversity or a substantial federal question. But even if Plaintiff could somehow survive the jurisdictional inquiry, the Complaint is still woefully shy of sufficient factual allegations to state a claim against these Defendants. For all of these reasons, to allow Plaintiff yet another opportunity to amend would be prejudicial to Defendants.

## II. PLAINTIFF HAS FAILED TO MEET HER BURDEN OF PROOF REGARDING THE COURT'S DIVERSITY JURISDICTION

Preliminarily, it should be noted that the burden of establishing the existence of federal diversity jurisdiction is not on Defendants, but rests squarely on Plaintiff. Plaintiff is required *to both plead and prove* the facts establishing diversity. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 186, 56 S. Ct. 780, 784-785 (1936). Although Plaintiff has pleaded that Defendant U.S. Colo At One Wilshire, LLC is "a Nevada company" with "a primary place of business in Nevada," and that "Touch Asia is a suspended [defunct] LLC with unknown current domicile" (Complaint at ¶10), Defendants have contested those allegations in their Motion to Dismiss and Plaintiff has presented no competent proof to the contrary.

In her Opposition, Plaintiff presents no proof of her jurisdictional allegations with respect to diversity. Instead, she irrelevantly argues that she has been able to unearth a number of different entities registered with the Nevada Secretary of State whose names all resemble that of Defendant U.S. Colo At One Wilshire, LLC, or which contain various combinations of the root term "U.S. Colo" within their name. She concludes from this that Defendant U.S. Colo At One Wilshire, LLC (which is the named defendant in this case, not the other alleged entities named "U.S. Colo"), is attempting to avoid disclosing that its true domicile is Nevada. (Opposition at 3-4.) Plaintiff's conclusion is a non sequitur and is not pertinent to the issue presented to the court. Whether there are other entities in Nevada whose names are different variations of "U.S. Colo," has nothing to do with the price of tea in

China, so to say. The question here is whether this Defendant, U.S. Colo At One Wilshire, LLC, is *a citizen of California.*

Defendant U.S. Colo At One Wilshire, LLC filed a declaration with its motion to dismiss in which its managing member, Max McCombs, declared that U.S. Colo At One Wilshire, LLC is a California limited liability company. (See ¶ 2 of McComb Declaration, attached to Memorandum of Points & Authorities in Support of Defendant U.S. Colo At One Wilshire's Motion to Dismiss.) The Ninth Circuit has held that, for purposes of diversity jurisdiction, the citizenship of a limited liability company is to be determined in the same way as that of a partnership. *Johnson v. Columbia Properties Anchorage, LP* 437 F.3d 894, 899 (9th Cir. 2006). That is, a limited liability company is a citizen of every state of its members, just like a partnership. *Id.* Although Mr. McCombs did not say what the citizenship is of each of the members of U.S. Colo At One Wilshire, LLC, he did state that U.S. Colo At One Wilshire is "a California limited liability company" that does not operate or do business in Nevada. It rests on Plaintiff to show that none of the members of U.S. Colo At One Wilshire, LLC, which apparently is a California entity, is a citizen of California. Unless Plaintiff can show that none of the members of U.S. Colo At One Wilshire, LLC is a citizen of California, Plaintiff has not met her burden of demonstrating the existence of diversity.

Plaintiff has provided no such proof nor even made any such argument. Plaintiff's allegation that Defendant U.S. Colo At One Wilshire, LLC is "a Nevada company" with "a primary place of business in Nevada" does not sufficiently allege the citizenship U.S. Colo At One Wilshire. Her argument that U.S. Colo At One Wilshire, LLC is one of many entities referring to themselves as "U.S. Colo" and is organized in Nevada is not proof that this Defendant is not a citizen of California. Plaintiff attaches as an exhibit to her Opposition an unauthenticated email, allegedly of a client inquiring about U.S. Colo At One Wilshire, LLC's operations in Los Angeles. But the document is of no import to the issue of diversity jurisdiction. The document does not address any issue relating to the citizenship of the members of this limited liability company.

Plaintiff's other exhibits (Nevada Secretary of State records of the jurisdiction in which various entities were organized), which are attached to her Opposition, are irrelevant. Those exhibits do not show the citizenship of any entity that is a defendant in this action. Even if it were true that those

entities were all organized by Mr. McCombs and that Defendant U.S. Colo At One Wilshire, LLC was too, that offer of proof would not amount to proof that Defendant U.S. Colo At One Wilshire, LLC is a Nevada citizen -- and is not a California citizen. Neither is the exhibit from the on-line records of the California Secretary of State showing the jurisdiction of U.S. Colo At One Wilshire, LLC as "Nevada." First, the on-line records of the California Secretary of State are not official or certified records and therefore are not competent proof that Plaintiff can rely upon. Second, the exhibit is irrelevant anyway because it does not show the citizenship of the members of U.S. Colo At One Wilshire, LLC, which is what would determine the citizenship of that entity.

Plaintiff has another problem with respect to diversity. She has not sufficiently dealt with the fact that she also named Touch Asia Outsourcing Solutions, Inc. ("Touch Asia") as a defendant in this case, and has not established that Touch Asia is also *not* a California citizen. The Court can judicially notice Plaintiff's original allegations in her initial complaint, in which Plaintiff alleged that Defendant Touch Asia was incorporated in California with its principal place of business in Sacramento. (Original Complaint at ¶ 3.) That would make Touch Asia a California citizen. In an effort to escape this consequence, Plaintiff alleged, in her briefing in opposition to Defendants' original Rule 12(b)(1) motion, that Touch Asia was actually a Philippines company. (See Plaintiff's "Motion for Ex Parte Supplement to Memorandum in Opposition to Defendants' Motion to Dismiss From INX" [sic] at 6 and exhibits attached thereto.) Now Plaintiff again admits that Touch Asia "was indeed a California-registered corp. but it is already defunct...." (Opposition at 5.) However, Plaintiff fails to answer Defendants' argument in their motion to dismiss that even if Touch Asia is a defunct corporation, its citizenship is still determined as being California. This is because California is the state in which Touch Asia was incorporated and the state of its last business activities. (See Defendants' Memorandum of Points & Authorities in Support of the present Motion to Dismiss ("Moving Papers") at 5, citing *Circle Industries U.S.A., Inc. v. Parke Construction Group, Inc.*, 183 F.3d 105, 108 (2d Cir. 1999) (principal place of business is where corporation last transacted business); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3rd Cir. 1995) (no place of business therefore citizen only of its state of incorporation); and *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992). Since Plaintiff

presents no argument or evidence to rebut this contention, the court must conclude that Plaintiff cannot establish diversity.

### III. PLAINTIFF HAS FAILED TO ESTABLISH THAT THE COMPLAINT ADEQUATELY PLEADS ANY SUBSTANTIAL FEDERAL QUESTION

Plaintiff argues that she has established federal question jurisdiction because she is requesting the court to adjudicate whether Defendants committed fraud in violation of certain federal statutes, including RICO, 18 U.S.C. §§1961 et seq. (Opposition at 6-8.) Plaintiff has made only a perfunctory attempt to address the arguments Defendants raised in their Moving Papers. Plaintiff fails to grasp that federal courts are courts of *limited jurisdiction*. Thus, the fact that Plaintiff believes or can truly allege a case for fraud against any of these Defendants does not translate into being able to present her case in a federal court. Federal courts are not permitted to adjudicate ordinary common law fraud actions unless the plaintiff can establish subject matter jurisdiction -- diversity of citizenship or federal question. Plaintiff here simply has not established that these Defendants violated any federal statutes in order to enable Plaintiff to invoke federal question jurisdiction.

Moreover, Plaintiff did not originally allege any federal question in her initial complaint and has only attempted to do so now in order to create federal jurisdiction. She is not permitted to do so. To reiterate, Defendants have demonstrated in their Moving Papers that Plaintiff failed to allege the required elements of RICO liability or any violation of a variety of federal statutes to which Plaintiff alluded. In order to properly allege RICO liability, Plaintiff is required to allege the "predicate acts" that were committed by Defendants to constitute a "pattern of racketeering." Without a "pattern" of predicate acts, Plaintiff has failed to meet the threshold requirements for pleading RICO liability. *Sedima S.P.R.L v. Imrex*, 473 U.S. 479, 496 (1985). Plaintiff is not only required to allege that Defendants committed at least two of such predicate acts, but to demonstrate in her allegations that the commission of those predicate acts constituted a "pattern." *Id.* at 497, n. 14. Plaintiff's Complaint fails to allege the "predicate" acts that qualify as such under RICO and fails to allege that such acts constituted a pattern of racketeering.

In apparent rejoinder to Defendants' contentions, Plaintiff argues that the "vagueness of allegations in the complaint is not a ground for dismissal of the Amended Complaint." (Opposition at

7.) Plaintiff's argument misses the mark. The requirements of what is required to plead a federal claim such as RICO are imposed by the elements of the statute itself and by the various interpretations of those statutes by the courts. The fact is that Plaintiff has not pleaded any violation of RICO as required by the statute and by the Supreme Court's interpretation of that statute in *Sedima*.

But more fatal to Plaintiff is the fact that she did not originally plead RICO nor, indeed, any violation of any federal statutes by Defendants in her original complaint. Thus it is obvious that in her amended complaint, Plaintiff is attempting to create federal question jurisdiction where none originally existed. It is established that federal subject matter jurisdiction must exist *at the time the action is commenced*. *Morongo Band of Mission Indians v. California State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal jurisdiction must exist and be disclosed in the *first complaint* filed, rather than in a later amendment, because a court has no power to grant leave to amend when it lacks jurisdiction over the original complaint. *Morongo Band of Mission Indians* at 1381, n. 2. Courts may only permit amendments to cure defective allegations where jurisdiction might exist but is imperfectly alleged. *Leigh v. NASA* 860 F.2d 652, 653 (5th Cir. 1988). But where the original pleading does not "arise under" federal law, the complaint cannot be amended to allege a different claim. *Newman-Green, Inc. v. Alfonso-Larrain* 490 U.S. 826, 830-831 (1989).

In this case, the original complaint *did not allege any federal question*. That complaint alleged only diversity as the basis of federal jurisdiction. The court granted leave to amend in order to allow Plaintiff to establish the existence of diversity because hr original allegations were imperfectly alleged. Plaintiff may not now amend to allege a completely different basis of jurisdiction, because if the court did not have jurisdiction over the original complaint because of the lack of diversity, the court did not have the power to grant leave for Plaintiff to amend to allege a different claim based on federal question jurisdiction. Since the court had power only to grant leave for Plaintiff to amend her defective diversity allegations, Plaintiff was not permitted to amend to add a different basis of jurisdiction. If the court did not have jurisdiction over the original action, it had no power to allow an amendment to *add* different allegations. Thus, Plaintiff's attempts to allege federal question jurisdiction must fail.

### IV. EVEN APART FROM THE JURISDICTIONAL INQUIRY, PLAINTIFF HAS FAILED TO PROPERLY ALLEGE ANY CLAIMS ENTITLING HER TO RELIEF

Plaintiff has not attempted to substantially respond to Defendants' argument that none of her purported claims are properly pled to meet the standards of pleading required to assert such claims. Her only argument is that the vagueness of her allegations should not preclude her from presenting a case for fraud in this court. Unfortunately for Plaintiff, that is exactly what Rule 9 requires: the vagueness of her fraud allegations does preclude her from presenting her case. Since Plaintiff has demonstrated that she is unable to amend to plead more specific allegations, her Complaint should be dismissed.

### V. CONCLUSION

The Complaint must be dismissed. Plaintiff has failed to establish the existence of subject matter jurisdiction in that she has failed to demonstrate that Defendants U.S. Colo At One Wilshire, LLC and Touch Asia are not citizens of California. Furthermore, Plaintiff did not originally allege the existence of federal question jurisdiction and may not cure that defect by amending her Complaint at this stage. Nevertheless, even her attempted amendments fail to show that there is any federal question presented because her allegations of violations of federal statutes are hopelessly inadequate. Alternatively, the imprecision and vagueness of her allegations render the Complaint inadequate to state any claims for relief against these Defendants.

Dated: August 10, 2008

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: s/John E. McOsker
Attorneys for Defendants
Stratasoft. Inc. and INX, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.:
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 1800, Los Angeles, California 90071.

On August 11, 2008, I served on the interested parties in said action the within:

DEFENDANTS STRATASOFT, INC.'S AND INX, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

by placing true copies thereof in a sealed envelope(s) addressed as stated below. and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
Tel (619) 282-7977
Plaintiff in Pro Per
Appearing pro se

[X] (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by UPS, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for and causing such envelope(s) to be delivered by said express service carrier.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on August 11, 2008, at Los Angeles, California.

_____
Rosie A. Ortiz
(Type or print name)

(Signature)