MARK WRAY, #101524
mwray@markwraylaw.com
LAW OFFICES OF MARK WRAY
608 Lander Street
Reno, Nevada 89509
(775) 348-8877
(775) 348-8351 fax
Attorney for Defendant
US COLO AT ONE WILSHIRE, LLC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, a California corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STRATASOFT, INC. a Texas corporation; INX/I-SECTOR, INC. a Texas corporation; U.S. COLO ONE WILSHIRE, LLC; TOUCH ASIA OUTSOURCING SOLUTIONS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 08-CV-0138 WQH POR<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS AND OPPOSITION TO MOTION FOR LEAVE TO AMEND**<br><br>Hon. William Q. Hayes<br>Dept. 4, Fourth Floor, U.S. Courthouse<br><br>Hearing Date: August, 18, 2008<br>Hearing Time: 11:00 am<br><br>NO ORAL ARGUMENT REQUESTED |

　　　***A.***　　***Plaintiff has Failed to Demonstrate Complete Diversity Between the Parties.***

　　Plaintiff claims that Defendant U.S. COLO AT ONE WILSHIRE, LLC, improperly sued herein as "U.S. COLO One Wilshire, LLC.", is a Nevada limited liability company doing business in California. *Opposition to Motion to Dismiss,* pgs. 3-4. Much of Plaintiff's argument is based on the records provided by the California Secretary of State which claims that U.S. COLO AT ONE WILSHIRE, LLC. is a Nevada company. See Exhibit A, attached. These California Secretary of State records are inaccurate.

1

It appears the California Secretary of State switched jurisdictional information for two companies. U.S. COLO, LLC, is listed as a California company. U.S. COLO AT ONE WILSHIRE, LLC. is listed as a Nevada liability company doing business in California as a foreign company. In actuality, U.S. COLO, LLC is a Nevada liability company doing business in California as a foreign company and U.S. COLO AT ONE WILSHIRE, LLC. is a California company not incorporated in Nevada. These facts are supported by the Declaration of Max McCombs and the available Nevada Secretary of State records. The Nevada Secretary of State's website does not show any U.S. COLO AT ONE WILSHIRE, LLC. operating in Nevada. Therefore, the California Secretary of State website must be inaccurate.

Additionally, the Declaration of Max McCombs clearly states:

> 3. I am unaware of any Nevada corporation or limited liability company by the name of U.S. COLO AT ONE WILSHIRE, LLC.
> 4. U.S. COLO AT ONE WILSHIRE, LLC's principal place of business is 624 S. Grand Avenue, Suite 1810, Los Angeles, California 90017.
> 5. U.S. COLO AT ONE WILSHIRE, LLC does not operate or have any principal place of business in the State of Nevada.

Plaintiff produces no sworn statements or evidence contradicting these statements. Plaintiff offers an e-mail from Vincent Vongfak in which Defendants' allegedly describe their primary place of business as being in Nevada. *Opposition,* p. 4, lines 1-3. Ignoring the hearsay problems and the lack of a declaration or affidavit, the attached e-mail reads nothing like Plaintiff alleges. The e-mail actually states:

> We were told all arbitrations and disputes will be handled out of Nevada by the corporation attorney.

This e-mail makes no mention of U.S. COLO AT ONE WILSHIRE, LLC's principal place of business. More importantly, as corporate counsel is a California and Nevada attorney, all disputes will be "handled out of Nevada", just as this matter is being handled by Defendant's corporate counsel. Nothing in this e-mail can be interpreted as Plaintiff alleges.

Plaintiff also challenges the number of companies created or affiliated with the members of U.S. COLO AT ONE WILSHIRE, LLC. *Opposition,* pgs. 3-5. These other companies are

2

irrelevant as they are not parties to this action nor do they have any relationship to the issue of citizenship of Defendant U.S. COLO AT ONE WILSHIRE, LLC.

The law clearly states that "[a] case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388 (1998) *citing Carden v. Arkoma Associates,* 494 U.S. 185, 187 (1990). "An LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). There is no dispute that Plaintiff is a resident of California. Plaintiff has failed to show that U.S. COLO AT ONE WILSHIRE, LLC. is a resident of any state other than California. Therefore, one plaintiff and at least one defendant are citizens of the same state, making it impossible for Plaintiff to show complete diversity of citizenship.

### B. There is No Subject Matter Jurisdiction.

Plaintiff alleges that if complete diversity is not found, then the Court has subject matter jurisdiction due to Plaintiff's racketeering claims. *Opposition,* pgs. 5-8. "[T]he burden of proof is on plaintiff to show that subject matter jurisdiction exists." *Hoover v. Gershman Inv. Corp.,* 774 F. Supp 60, 63 (D. Mass 1991) (citations omitted). Plaintiff has failed to meet this burden. 18 U.S.C. § 1961 (1) defines "racketeering activity".[1] Plaintiff has failed to identify what activities

---

[1] U.S.C. § 1961 (1) defines "racketeering activity" as:

(A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), section 224 (relating to sports bribery), sections 471, 472, and 473 (relating to counterfeiting), section 659 (relating to theft from interstate shipment) if the act indictable under section 659 is felonious, section 664 (relating to embezzlement from pension and welfare funds), sections 891-894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1084 (relating to the transmission of gambling information), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1426 (relating to the reproduction of naturalization or citizenship papers), section 1427 (relating to the sale of naturalization or citizenship papers), sections 1461-1465 (relating to obscene matter), section 1503 (relating to

1  qualify as racketeering. This case is essentially a breach of contract matter involving several
2  lease agreements entered into and to be performed in the State of California. Plaintiff has failed
3  to show the existence of any federal question.
4        "A duty to be more liberal with *pro se* complainants does not require this court 'to
5  conjure up unpled allegations.'" *Hoover v. Gershman Inv. Corp.,* 774 F. Supp 60, 63 (D. Mass
6  1991) (citations omitted). "'[A] plaintiff's obligation to provide the grounds of his entitlement to
7  relief in his complaint requires more than labels and conclusions, and a formulaic recitation of

---

obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant), section 1542 (relating to false statement in application and use of passport), section 1543 (relating to forgery or false use of passport), section 1544 (relating to misuse of passport), section 1546 (relating to fraud and misuse of visas, permits, and other documents), sections 1581-1592 (relating to peonage, slavery, and trafficking in persons)., section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1953 (relating to interstate transportation of wagering paraphernalia), section 1954 (relating to unlawful welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B);

1  the elements of a cause of action will not do.... The Court need not accept inferences that are
2  unsupported by the facts set forth in the complaint or 'legal conclusions couched as ... factual
3  allegations.'" *Rae v. U.S.,* 530 F.Supp.2d 127, 129 (D.D.C. 2008) (citations omitted); *Trudeau v.*
4  *FTC,* 456 F.3d 178, 193 (D.C.Cir.2006). Other than Plaintiff's use of the word racketeering,
5  there is nothing indicating that the federal court has subject matter jurisdiction.

6      **C.**    ***Leave to Amend is Inappropriate.***

7      In the alternative, Plaintiff requests leave to file a second amended complaint.
8  *Opposition,* p. 9, lines 1-3. Although leave to amend is "freely granted where prejudice to
9  another party is not shown, the Court is not required to engage in futile gestures by allowing
10  amendments which are without legal basis or which would assert claims over which the Court
11  does not have jurisdiction." *U.S. v. Articles of Food . . . Clover Club Potato Chips,* 67 F.R.D.
12  419, 424 (D.1975) (citations omitted). Regardless of Plaintiff's proposed amendments, the
13  inability of Plaintiff to demonstrate complete diversity or show subject matter jurisdiction make
14  leave to amend futile. Plaintiff has offered no amendment or any new evidence to support a
15  finding of federal jurisdiction. Therefore, leave to amend would be futile and Plaintiff's request
16  should be denied.

18      DATED:   August 11, 2008    BY:   /MARK WRAY/
19                                           MARK WRAY
20                                           Attorney for Defendant
                                         US COLO AT ONE WILSHIRE, LLC.

## DECLARATION OF ROBERT SIMON

I, Robert Simon, depose and state:

1. I swear under the penalty of perjury that the following statements are true and correct and based on my personal knowledge.

2. I am a Nevada attorney and am employed by the Law Offices of Mark Wray which represents Defendant U.S. COLO AT ONE WILSHIRE, LLC in the lawsuit filed by Plaintiff Schneider Rucinski Enterprises in the United States District Court, Southern District of California Case No. 08-CV-0138 WQH POR.

3. On August 11, 2008, I visited the Nevada Secretary of State website and searched for all corporations and limited liability companies whose name included U.S. COLO.

4. I did not find any Nevada corporations or limited liability companies by the name of U.S. COLO AT ONE WILSHIRE, LLC or U.S. COLO ONE WILSHIRE, LLC.

5. Attached as Exhibit A is a true and correct copy of the information relating to a U.S. COLO, LLC which is a Nevada limited liability company.

6. Also on August 11, 2008, I visited the California Secretary of State website and searched for all corporations and limited liability companies whose name included U.S. COLO.

7. I found two related companies U.S. COLO AT ONE WILSHIRE, LLC and U.S. COLO, LLC. Attached hereto as Exhibit A are true and correct copies of these records.

8. I am unaware of any way U.S. COLO AT ONE WILSHIRE, LLC could be classified as a Nevada corporation without records of its existence being on file with the Nevada Secretary of State.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on August 11, 2008 in Reno, Nevada.

_Robert Simon_ (signature)
ROBERT SIMON

-1-

# EXHIBIT A

# California Business Portal
## Secretary of State DEBRA BOWEN

DISCLAIMER: The information displayed here is current as of Aug 8, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC |
|---|
| U.S. COLO AT ONE WILSHIRE, LLC |
| **Number:** 200304510097    **Date Filed:** 2/7/2003    **Status:** active |
| **Jurisdiction:** NEVADA |
| Address |
| 624 S GRAND AVE STE 1810 |
| LOS ANGELES, CA 90017 |
| Agent for Service of Process |
| DAVID L OBERG |
| 23679 CALABASAS RD STE 541 |
| CALABASAS, CA 91302 |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# California Business Portal
## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of Aug 8, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| U.S. COLO, LLC | | |
| **Number:** 199830310029 | **Date Filed:** 10/30/1998 | **Status:** active |
| **Jurisdiction:** CALIFORNIA | | |
| Address | | |
| 650 S GRAND AVE STE 1000 | | |
| LOS ANGELES, CA 90017 | | |
| Agent for Service of Process | | |
| DAVID L OBERG | | |
| 23679 CALABASAS RD STE 541 | | |
| CALABASAS, 91302 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.

# U.S. COLO. LLC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active on 7/21/2008 | File Date: | 5/10/2000 |
| Type: | Domestic Limited-Liability Company | Corp Number: | LLC4422-2000 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2009 |
| Managed By: | Managers | Expiration Date: | 5/10/2500 |

## Additional Information

| | |
|---|---|
| Name Consent Date: | 05/10/2000 |

## Resident Agent Information

| | | | |
|---|---|---|---|
| Name: | MAX MCCOMBS | Address 1: | 228 ARLETTA ST |
| Address 2: | | City: | RENO |
| State: | NV | Zip Code: | 89512 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | POB 5966 |
| Mailing Address 2: | | Mailing City: | RENO |
| Mailing State: | NV | Mailing Zip Code: | 89513 |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                                                         ☐ Include Inactive Officers

**Managing Member - RICK FISHER**

| | | | |
|---|---|---|---|
| Address 1: | 650 S GRAND AVE | Address 2: | #1620 |
| City: | LOS ANGELES | State: | CA |
| Zip Code: | 90017 | Country: | |
| Status: | Active | Email: | |

**Manager - NAVROZ HAJI**

| | | | |
|---|---|---|---|
| Address 1: | 650 S GRAND AVE | Address 2: | #1620 |
| City: | LOS ANGELES | State: | CA |
| Zip Code: | 90017 | Country: | |
| Status: | Active | Email: | |

**Managing Member - MAX MCCOMBS**

| | | | |
|---|---|---|---|
| Address 1: | 228 ARLETTA ST | Address 2: | |
| City: | RENO | State: | NV |
| Zip Code: | 89513 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | LLC4422-2000-001 | # of Pages: | 5 |
| File Date: | 05/10/2000 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC4422-2000-005 | # of Pages: | 1 |
| File Date: | 06/11/2001 | Effective Date: | |

| | | | |
|---|---|---|---|
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC4422-2000-003 | # of Pages: | 1 |
| File Date: | 10/28/2002 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC4422-2000-004 | # of Pages: | 1 |
| File Date: | 04/09/2003 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC4422-2000-002 | # of Pages: | 1 |
| File Date: | 06/29/2004 | Effective Date: | |
| List of Officers for 2004 to 2005 | | | |
| Action Type: | Annual List | | |
| Document Number: | 20050136296-54 | # of Pages: | 1 |
| File Date: | 04/15/2005 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20060263431-17 | # of Pages: | 1 |
| File Date: | 04/26/2006 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20070246051-77 | # of Pages: | 1 |
| File Date: | 04/06/2007 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20080472452-34 | # of Pages: | 1 |
| File Date: | 07/14/2008 | Effective Date: | |
| 08/09 | | | |

**CERTIFICATE OF SERVICE**

The undersigned employee of the Law Offices of Mark Wray certifies pursuant to FRCivP 5 that a true copy of the foregoing document was sealed in an envelope with first class U.S. Postage prepaid thereon and deposited in the U.S. Mail at Reno, Nevada on August 11, 2008 addressed to the following:

Noreen Rucinski
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N. Mt. View Dr.
San Diego, CA 92116

John E. McCosker
Stephen Lubega
Waller Lansden Dortch & Davis, LLP
333 S. Grand Ave., Suite 1800
Los Angeles, CA 90071

_____/Mark Wray/_____

6