**Noreen Rucinski**
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977
Plaintiff in Pro Per
Appearing *pro se*

FILED

2008 AUG 15 PM 3:00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SCHNEIDER RUCINSKI ENTERPRISES, )
)
Plaintiff, )
)
vs. )
) Case No.: 08 CV 0138 WQH POR
TOUCH ASIA )
STRATASOFT, INC ) Date: August 18, 2008
INX, INC., a Texas Corporation formerly ) Time: 11:00 am
known as I-SECTOR CORPORATION; )
US COLO AT ONE WILSHIRE a Nevada )
CORP, ) Judge: Hon. William Q Hayes
)
Defendants. )
) **PLAINTIFF'S REJOINER FOR**
_____ ) **DEFENANTS INX, STRATSOFT AND**
) **USCOLO AT ONE WILSHIRE AUGUST**
) **11TH REPSONCE**
)
) {NO ORAL ARGUMENT}
)
)
)

REJOINDER TO DEFENDANT'S REPLY TO OPPOSITION

Plaintiff Noreen Rucinski most respectfully submits this rejoinder to defendant Stratasoft's

Reply to the Opposition and states that:

1. The present amended complaint falls within the federal jurisdiction of this Court first because the requirements on diversity are fully complied with. The opposing parties in this case are citizens of different states as it is determined in our lengthy investigations and catch 22's by the defendants stating it is a mistake at the Secretary of State. Since each Secretary of State files the corporations, it is therefore that the filing corporation is considered a citizen of the state in which it maintains its jurisdiction and its principal place of business which has been established, all defendants are therefore not citizens of California where plaintiff is a citizen. Stratasoft Inc. and INX/I-Sector Inc. are both registered and maintain principal place of business in Texas and defendant US Colo LLC is

1

registered in Nevada and maintains principal office therein and as well in the State of California, as US Colo at One Wilshire a foreign corporation with it's jurisdiction in Nevada and secondary offices in multiple states.

2. The defendants US Colo (at One Wilshire) have acquiesced and agreed that the plaintiff's information is and has been correct, while stating, they would want it to be otherwise, the secretary of State for California, has in writing, as submitted by both defendants under the laws of perjury, declared it is a business in California but the jurisdiction is Nevada, evidently somehow, these people, who have filed these declarations have confused themselves, how could it be California as a primary jurisdiction? When it was written by the state and copied by the defendants, as well as the plaintiff, several times over and clearly showing as a foreign corporation doing business in California.

3. However, the defendant US Colo at One Wilshire wants us to know it is a mistake, and we should take that under advisement. The plaintiff has diligently stated from the start that IN FACT using the first company name, it was known as of US Colo along with any and all of the DBA's of, and including this one, "US Colo at one Wilshire" shows jurisdiction in the state of Nevada. Those DBA's and alter ego names, that Don't show Nevada jurisdiction only do so, because that California filed Secretary of State Corporation has an identical one sitting in the Secretary of State for Nevada with full address of the same managing people, using state and jurisdiction of Nevada, the exact same name, based on who is doing filing the complaint. The long battle to be right and undaunted by the will of the educated, I hope has kept me in good stead with the courts. My only desire is to see justice and the ability to have justice where I am injured, in this long, costly battle. I harbor no ill will for those that wished to squash this under the sheer will that I must be wrong. So I hope the courts see's and understands that there is only one right answer and it is copied on paper supplied to the state clearly showing Nevada as the jurisdiction for US Colo and or US Colo at one Wilshire as filed in the last response.

4. This amended complaint likewise falls within the federal jurisdiction of this Court as it involves a complaint for RICO act violation, a federal law, through the commission of mail and wire fraud, interstate transport of stolen properties and bank fraud;

5. As previously mentioned in plaintiff's Opposition to the Motion to Dismiss, all the elements of a RICO violation under Section 1962 (c) are present in this case. Section 1962 (c) prohibits any person from operating or managing an enterprise through a pattern of racketeering activity. Plaintiff was economically damaged or injured by reason of the herein defendants' operation of their corporate entities which together formed the enterprise contemplated in the RICO law through a pattern of racketeering activities which were laid down in the First Amended Complaint and which will be specifically stated and thoroughly shown in the Second Amended Complaint as requested by the defendants;

6. Although the statements in the First Amended Complaint were not quite enough for the other more educated Legal teams to see that along with overuse of terms, made it difficult to see that the plaintiff did in several different locations state the claims for which relief can be granted. We are compelled to ask the courts, based on asking in the alternative for a more definitive statement. The defendants have requested to see with more specifically, the allegations and the existence of the enterprise which engaged in a pattern of racketeering activities and that enterprise is composed of the defendants. Thus, plaintiff has given the courts a draft to of the more defined statement as requested in the form of a

drafted amended second complaint and begs the indulgence of this court to allow a drafted, Second Amended Complaint. This Pro Se understands and doesn't wish to waste the courts time and or cost the state more money. However, I can only hope that this court, as I am told is here for me and others injured like me to seek justice and hopes she will not suffer from a miscarriage of justice merely because she appears pro se and cannot fight with equal brilliance the well-paid lawyers of the defendants; it is provided within the laws that is not unreasonable to grant rewrites for more definitive statements for the plaintiffs.

7. Since under the law and as laid down by various jurisprudence, RICO violation under Section 1962 (c) can be generally established by plaintiff by proving that a defendant person was employed by or associated with an enterprise that engaged in or effected interstate commerce or other predicated acts such as mail or wire fraud and that the defendant person operated or managed the enterprise through a pattern of racketeering activity and the plaintiff was injured in her business by reason of the racketeering activity, then the first amended complaint have already established such facts. It was only the uneducated eye and overuse of terms, thought needed to be used to be understood. For the Pro Se' the First Amended Complaint which was a challenge to properly write the claims lacking the education, however, she has now used simpler terms that had became a hindrance, for it to be easily and clearly understood by those who are in the legal field.

8. The relatedness and continuity requirements for RICO violation under Section 1962 (c) cited in the case of *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229 (1989) are present in the first amended complaint and will be clearly shown in the second amended complaint. "To be related, the criminal actions that form the pattern must "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics." (*H.J. Inc.*, 492 U.S. at 240). These elements among others are present in the instant Complaint and only needs to be shown with particularity and conciseness by the plaintiff.

9. Thus, plaintiff now prays unto this court to grant plaintiff as requested by the defendants an opportunity to give a more either a detailed statement or a second amended complaint which is not unreasonable. A draft of the more detailed and or draft of amended second complaint is presented with this rejoinder which contains specific and concise allegations of facts and circumstances and which clearly show the acts being complained of by the plaintiff.

PRAYER

"Plaintiff prays that the Motion to Dismiss filed by defendants be denied by this court and that plaintiff be allowed to further amend her complaint with more definitive statements or to submit a Second Amended Complaint.
    Other relief just and equitable under the premises are likewise prayed for."

2 | On Behalf of

3 | SCHNEIDER RUCINSKI ENTERPRISES

6 | By: _____
7 | Noreen Rucinski,
    On behalf of SRE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15 day of August 2008, I caused to be mailed a true and correct copy of the foregoing to the following by the method described below:

*By Mail Delivery:*

_____

*BY U.S. Mail, postage prepaid:*

__August 15th 2008_____

_____

Emailed to defendants

__August 15th 2008_____

Dated:

On Behalf of

SCHNEIDER RUCINSKI ENTERPRISES

By: _____
Noreen Rucinski ,
On behalf of SRE