**Noreen Rucinski**
Dir. Strategic Business Development
Schneider Rucinski Enterprises
3344 N Mt. View Dr
San Diego CA 92116
619-282-7977
Plaintiff in Pro Per
Appearing *pro se*

FILED

2008 AUG 15 PM 3: 00

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

SCHNEIDER RUCINSKI ENTERPRISES, )
        Plaintiff, )
       )
vs. )
       )
TOUCH ASIA )
STRATASOFT, INC )
INX, INC., a Texas Corporation formerly )
known as I-SECTOR CORPORATION; )
US COLO AT ONE WILSHIRE a Nevada )
CORP, )
       )
        Defendants. )
_____ )
       )
       )
       )
       )
       )
       )
       )

Case No.:  08 CV 0138 WQH POR

Date: August 18, 2008
Time: 11:00 am

Judge: Hon. William Q Hayes

**PLAINTIFF'S EXPARTE MOTION IN REPSONSE FOR: MORE DEFINITIVE STATEMENTS FOR DEFENDANTS INX, STRATASOFT AND USCOLO AT ONE WILSHIRE AND OR DRAFT FOR SECOND AMENED COMPLAINT**

{NO ORAL ARGUMENT}

## REPSONSE FOR MORE DEFENITIVE STATEMENT OF FACTS
## OR (SECOND AMENDED COMPLAINT) DRAFT

1.     In this amended complaint, by Pro Se Plaintiff Noreen Rucinski, brings this action for civil remedies authorized by 18 U.S.C. §§ 1961-1968,  and other laws which includes remedies for damages and for all other relief which this Court deems just under 18 U.S.C. §1964,(a) (c) to recover damages caused by the defendants' deliberate, fraudulent and racketeering acts committed to deprive the plaintiff of the ownership, rights, licenses, property and money;

1

**JURISDICTION AND VENUE**

2.    Plaintiff's complaint involved federal questions as the acts complained of constitute violations of RICO, 18 U.S.C. § 1961 and 1965, mail fraud 18 U.S.C. § 1341, and 18 U.S.C. § 1343 wire fraud The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest.

3.    In the alternative, this action is brought under the federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 U.S.C. § 1961, *et seq.*, and various other California common law doctrines or statutes. Jurisdiction is vested in this Court by virtue of 28 U.S.C. § 1331. The plaintiff's claims brought under California law are so related to the plaintiff's federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy. Under Article III of the United States Constitution, the Court has jurisdiction over the plaintiff's California common law and statutory claims pursuant to 28 U.S.C. § 1367.

4.    A substantial part of the events and omissions giving rise to the claims stated herein occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and at least one defendant is found in this District and there are no districts wherein all defendants are found. Venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) and pursuant to 18 U.S.C. § 1965(b).

5.    Moreover, the amount involved which is being claimed by the plaintiff is way above the $75,000 threshold under the rules, thus this civil action is well within the federal jurisdiction of this Court;

**INTRODUCTION**

6.    This Complaint was brought about by the fraudulent acts committed by the defendants against the plaintiff which are punishable under RICO Act, federal mail and wire fraud;

7.    Plaintiff is the owner of Schneider Rucinski Enterprises based in California and was victimized by the defendants Stratasoft Inc. and INX Inc., both Texas-based corporations with other co conspirators and defendants US Colo a Nevada corporations with their Fraudulent Schemes, Swindles and Racketeering.

8.    In committing said fraudulent scheme, defendants violated the Racketeer Influenced and Corrupt Organizations Act, Mail Fraud and Wire Fraud, Bank Fraud of which are particularly and more specifically described in the paragraphs below;

## PARTIES

### The Plaintiff

9.    Plaintiff Noreen Rucinski is a California citizen and doing business under the business name Schneider Rucinski Enterprises, ("SRE") a sole proprietorship.   Plaintiff's principal place of business is located at 3344 N Mt View Dr San Diego Ca. 92116.

### The Defendants

10.    Defendant Stratasoft ("Stratasoft") is a Texas LLC Corporation who presently resides in Harris County Texas and operates a company that sells software, hardware for call center platforms. Stratasoft also sells annual and or monthly maintenance and call solutions services to the public. Sales Representative, Mike Bridges, Sales Manager Jason Pace, Chief Financial Officer Lance McCarthy, and others within the Stratasoft Company, participated in or conspired with other co defendants to engage in various acts of racketeering, fraud, obstruction of justice, and other misconduct that has caused injury to Noreen Rucinski and SRE.

11.    Defendant US COLO LLC ("US COLO") according to the secretary of state of Nevada is a Limited Liability Company with domicile and residency in Nevada.  USCOLO has satellite offices in California, Washington, and a primary business in Nevada.  USCOLO currently operates a "closed door" "lockout" operation for telecommunications, providing a location with power, and other ancillary options for connectivity to other suppliers of telecommunications.   USCOLO along with Haji Navroz, Rick Fisher and Max McCombs have participated in or conspired with other co-defendants to engage in various acts of racketeering, fraud, obstruction of justice, and other misconduct that has caused injury to Noreen Rucinski and SRE and SRE clients.

12.    Defendant I-Sector ("INX") is the parent company of Stratasoft who presently resides in Harris County, Texas and who operates as the holding company for Stratasoft and has changed its name to INX with in the last few years. INX participated in or conspired with their subsidiary Stratasoft in various acts of racketeering, fraud, bank fraud, obstruction of justice, and other misconduct that caused injury to Noreen Rucinski, SRE and SRE Clients.

## NON-PARTIES

13.    . Defendant Touch Asia, Touch Asia Call Centers and Rudy Ngaw ("Touch Asia) have never been corporations in California and not found in the Secretary of State of California. There

was a Touch Asia Call Center Solutions that has been defunct, since 2002 and to our unproven knowledge is not our defendant only Touch Asia Call Center Inc. unknown where it is incorporated but not in California. Also the name as declared by Attorney Narste's letter dated December 2005 claiming a Sales Contract with Touch Asia Call Center NOT Touch Asia Call Center Solutions a California, LLC. It is our understanding however, Rudy Ngaw presently resides in the Seattle Washington address unknown. Rudy Ngaw was president of Touch Asia, a factious and invisible company that and has fraudulently signed documentation of a non existing company and added Personal Guarantees to documentation and stolen property used in this scheme. Touch Asia, from the years 2002-2006 has had several other names and are known to by others individuals and other Co-Defendants as Pacific Call Centers, Touch Asia Solutions, Pacific Call Solutions and Touch Asia Call Centers all assumptions from the plaintiff until proven and can not be riled upon as factual until proven. Rudy Ngaw and the afore mentioned names, while working under these supposed unproven names has participated in or conspired to engage in various acts of racketeering that caused injury to Noreen Rucinski and SRE.

## CAUSES OF ACTION FOR ACTS CONSTITUTING
## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS,
## BANK FRAUD, MAIL FRAUD AND WIRE FRAUD

The antecedent facts constituting the RICO acts, mail fraud and wire fraud are as follows:

14.    On or about, early May 2004, plaintiff received a phone call from a person who introduced himself as Michael Bridges, Sales Representative of Stratasoft Inc. a Texas-based company which manufactures Telephony Dialers for Call Centers Software;

15.    Mike Bridges informed plaintiff that he was technically "cold calling" searching for a finance company and according to him, "previous calls to their in-house financier and the internet phone book had led him to the plaintiff";

16.    Michael Bridges/Stratasoft's customer, wanted to purchase the Stratasoft Telephony Dialer Platform. This automated telephony access device would be used to conduct Telephone calls purportedly through a Calling Center service between the United States and the Philippines. Michael Bridges wanted to sell this corporate customer the hardware, software and services. Stating Stratasoft has a policies and procedures in place for supplying customers with financing.

17.    Mike Bridges directly asked plaintiff if she would be interested to finance the equipment purchase of one of their corporate clients named Touch Asia because the latter was unable to get funding directly from Stratasoft's in-house financing and that Touch Asia was having a difficult time getting financing anywhere;

18.    Upon hearing Touch Asia's name, plaintiff immediately turned down Mike Bridges and clearly stated that she is not interested to finance the company knowing that Touch Asia had a terrible track record being a known delinquent. Mike Bridges begged the plaintiff to reconsider;

19.    Two days after the first call, Mike Bridges called again and asked plaintiff what would it take to have their client Touch Asia be funded by plaintiff and that Stratasoft is willing to do anything to get the deal done;

20.    Plaintiff still refused and stated that SRE is not a financing or lease company. Plaintiff clarified that she normally just purchases equipment and rents it to her clients for very short durations no longer than 18 months;

21.    Mike Bridges called several times thereafter but when he finally realized that he would not be able to go far with the plaintiff and as if on cue, his superior named Jason Pace (sales Manager) also called. Jason Pace then induced the plaintiff to do the deal. The seemingly well-thought of deal as represented by defendants being as follows:

22.  SRE indicated that Stratasoft would have to do a recourse and or that they (Mike and Jason) would sell it back into the line of business they would be currently working. SRE indicated the most critical part was to have a shutoff. A remote electronic computer generated and activated toggle, dongle shutoff that would be controlled by SRE via the internet and known as remote access.

    a.  SRE will purchase the equipment from Stratasoft

    b.  SRE will get all the sales documents, warranties and licenses for the hardware and software relating the Call Center Equipment, it would come with fully functioning licenses that would also be allowed for resale at any future time when necessary.

    c.  SRE will rent the equipment to Touch Asia to Operate from the USA;

    d.  The equipment will have a software "shut off" toggle or dongle remotely controlled via the internet and accessible by SRE so that Touch Asia cannot operate the equipment in the event of default;

    e.  Stratasoft will deliver the equipment to Touch Asia's office in California;

    f.  Touch Asia will pay rentals to SRE directly;

5

      g.  In the event of Touch Asia's default, Stratasoft will recover the equipment from Touch Asia and resell it and the proceeds of the sale shall be given to SRE plus any balance;

23.     After the call of Jason Pace, the Head of Finance of Stratasoft, Lance McCarthy called and further guaranteed the above-mentioned scheme. Pace, Bridges and McCarthy all stated repeatedly to plaintiff that all that is needed to do is for SRE to give the Purchase Order (PO) and send the initial payment to Stratasoft and that no other Sales Agreement is necessary. Their spiels appear to be coming from a well-established and long-running script;

24.     Having been in the Telecoms industry for quite sometime, and generally made most purchases from a PO and Checks. The plaintiff's reliance and acceptance, that it was possible that a PO would do for this manufacturer of said purchases. Nonetheless, plaintiff still requested the defendants for a copy of the Sales Agreements, the defendants' officers told her there wasn't one and emailed an inventory list that was to used for the plaintiff to complete a PO showing the plaintiff as the buyer to the defendants. Instead, defendants would send the Maintenance Contract, wherein defendants will also be the one to be hired for maintenance purposes;

25.     With all the inducements, representations and guarantees made by the defendants, plaintiff being a businesswoman herself agreed to purchase the equipment under the purchasing terms and conditions laid down by the defendants' officers including the maintenance contract that was to acknowledged by Touch Asia and agreed to from the Plaintiff showing the remote shut off on the equipment.

26.     Thus, in the months of May and June 2004, defendants had their US Mail Delivery Service make several picks up for the plaintiff's payments to Stratasoft using the American Express Checks of plaintiff along with the Purchase Order amounting to $ 128,000.00 from the plaintiff's Soho residence in California and delivered it to the defendant Stratasoft's office in Harris County, Texas;

27.     Plaintiff, in June and July 2004, asked Jason Pace and others in Stratasoft for the sale documents, licenses and for the software access for the "remote access" to the equipment as guaranteed by defendants, but was informed that it will be sent through the mail after the signed off approval of the installation of the equipments;

28.     Plaintiff emailed a landlord waiver contract to US Colo on or about May of 2004 for the process of getting the equipment set up in US Colo's colo per Touch Asia. Plaintiff had further conversations with Haji Navroz and Rick Fisher with regard to signing a waiver. These conversations were repeated several times over these 4 or five months and were clear that US Colo knew the plaintiff would not allow SRE Owned equipment that was to be rented or operated by

Touch Asia or Rudy Ngaw or anyone else, or to go into US Colo's leased spaces without a signed auto release waiver.

29. US Colo Haji Navroz email the plaintiff in May of 04 stating the contract was being reviewed and they have no issues. US Colo and Rudy Ngaw on a phone conversation asked the plaintiff to relent on the waiver, instead in the furtherance to get the equipment in the closed door facility, Haji Navroz told the plaintiff that the paperwork was "on it way" "signed" so that the plaintiff would be lulled in to allowing the equipment in to the facility. USColo knowingly and fraudulently conspired with Touch Asia and Stratasoft using the previous historical unlawful, containment and concealment of the plaintiff s equipment in 2003 (Seecomm VS US COLO) and SRE VS US Colo also in 2003, for stealing and harboring, aiding and abetting a theft and fraud. US Colo with this prior knowledge of ownership, knowingly and with clear intent to defraud and aided and abetted by "Association in Fact" in the second of three enterprises used to defraud the plaintiff and keep, retain, conceal the equipment unlawfully using deception and lulling. The intent to defraud was put into action from the very beginning. Requests for these documents when unanswered from US Colo

30. Thereafter, without the knowledge and consent of plaintiff who owns the equipment, and with intent to defraud the plaintiff, defendants shipped the equipment from Harris County, Texas to the Philippines in June of 2004. To divert plaintiff's attention, another delivery was made in July 2004 to Touch Asia's, US Colo Collocation in Los Angeles ( this is not open to the public) telecom hotel, to make it appear as if no fraudulent diversion of delivery was made by defendants. This scheme appears to be following a certain pattern which the defendants have been following all along as they seem to be smoothly and stealthily committing their fraudulent scheme and aiding and abetting the Interstate Transport, Transit of Stolen Goods;

31. In August of 2004 the plaintiff has to call and email Rudy Ngaw at Touch Asia, who claims the equipment is in operation and already fully installed but concealed from the plaintiff the locations where the delivers were made and any subsequent paperwork from the defendants. The plaintiff expected to receive payments but she waited in vain. Touch Asia appeared to be one of several enterprises being used by the defendants in the commission of their fraudulent scheme as can be seen clearly in the succeeding paragraphs;

32. In August of 2004 the plaintiff asked defendant's officer Jason Pace for the Sales Contract, licenses, software copies, and hardware serial numbers to complete the transaction in the plaintiff's books. The plaintiff requested the remote access information needed to set up the shutoff for the equipments and secure a UCC-1 filing of purchase for the State. Jason Pace and Julie Watkins said

they would get back would be putting it in the mail. In October of 2004 through November the plaintiff repeatedly requested the setup from the defendants Stratasoft regarding the shut off switch and was told they would get back to her. In December of 2004 the plaintiff called again to get the setup of the shutoff especially since she had not received anything further was finally told by Jason Pace that she cannot have access turn off Touch Asia. That the defendants Stratasoft would get into "trouble" for "just" shutting it off, even though it was represented to SRE, that the defendants Stratasoft could shut it off and had shown the plaintiff, prior to purchase and that it would be in Touch Asia's Maintenance contract, supplied by the defendant Stratasoft. However, instead Jason Pace repeatedly, when called by the plaintiff, from October 2004 thru November of 2004, postured, stated he was calling Touch Asia to remedy the situation.

33. After repeated calls to Jason Pace the defendant in December 2004 where he stalled, postured and finally directed the plaintiff to others internally. Gary Johnson, who stated he was an operation director with Stratasoft, stated he could find anything showing, in any book keeping or PNL that showed the plaintiff was even a customer of Stratasoft and therefore, doesn't have the right to turn off the Touch Asia equipment. Furthermore, Gary Johnson, declared to the plaintiff, "the plaintiff doesn't have any agreements and or equipment from the defendants Stratasoft", so why the plaintiff, have any rights to any equipment. That Gary Johnson found no PO's, licenses, hardware and software in the plaintiff name. However there were Sales and Maintenance contracts in the name of Touch Asia when asked by the plaintiff. The Plaintiff was stunned and shocked she felt betrayed and on hindsight, she realized that all that had transpired were part of a grand scheme to commit grand larceny and defraud her several times over of money, property through the repeated phone calls with the same misrepresentations of guarantees and false promises. She was defrauded and victimized several times over through the emails and electronic communications sent to her by the above-mentioned officers and representatives of defendant Stratasoft/INX and US Colo.

34. Plaintiff was defrauded and directly injured in the lowest amount of $254,995.00 which was the cost of the equipments purchased from Stratasoft for which relief can be granted;

35.    Upon discovering the fraudulent scheme perpetrated against plaintiff, plaintiff immediately emailed and had a telephone conversations with the president of INX Inc. Jim Long and complained about the fraudulent scheme of its subsidiary Stratasoft Inc.;

36.    Being the president of the parent company of Stratasoft, Jim Long promised that he will check into it. Instead of an explanation and apology and a clear intention of how to clear this matter up, the plaintiff received a stern and malicious letter from Attorney Michael Narsete of INX Inc. which clearly intended to intimidate and cower plaintiff into silencing her and not to divulge

this grand theft and fraudulent scheme and acts of racketeering that Mr. Long and his representatives were trying to hide, which appeared to have been perpetrated by the this same company against other entities in the Telecom industry. Said fraudulent scheme had been intending on using the enterprise's Touch Asia and US Colo in Los Angeles, California and ultimately did use in the furtherance of their unlawful and fraudulent scheme;

37.    Plaintiff repeatedly demanded from the defendants Stratasoft and US Colo the return of her payments and or equipment plus damages but her demands were all in vain. Thus, plaintiff filed the herein Second Amended Complaint.

38.    Instead of returning the money or equipment pursuant to the scheme of fraud and swindles 18 U.S.C. § 1343, the equipment, now paid for by the plaintiff, the defendants conspired to continue their well thought of scheme by effecting the transfer of all ownership rights, licenses and warranties for the equipments directly to Touch Asia, thereby systematically, knowingly and willfully depriving plaintiff all her rights, licenses and material avenues and further their scheme and implementing the obstruction of justice with regard to the equipment which she herself already paid for directly to Stratasoft;

39.    Plaintiff was clearly fraudulently induced by the defendants' material representations that they will provide a "remote access" to the equipment and that plaintiff will be the owner of the equipment which included all the licenses and software and that the defendants would sell or return defaulted equipment. That "when" such representation was made by defendants, defendants "knew" that such representations were false, yet those misrepresentations and false promises were made repeatedly so that the plaintiff will be induced to agree to pay for the equipment. That the plaintiff paid for the said equipment relying solely on the representations made by the defendants and because of this, plaintiff suffered the loss of her hard-earned money to the defendants *(Formosa Plastic Corp. USA v. Presidio Engineers and Contractors, Inc., 960 S.W. 2d 41, 47 (Tex. 1998))* and has been injured and harmed in her business.

40.    Defendants also unequivocally committed wire and mail fraud when it perpetuated their fraudulent scheme by intending and adopting the use of the wire and mail to execute their scheme when instead of personally meeting the plaintiff, defendants insisted on having telephone conversations with plaintiff to perpetuate their misrepresentations. The defendants also stealthily used the US mail services to obtain her American Express checks and Purchase Order in the amount of $128,000.00 and for which plaintiff was defrauded. "There are two elements in mail fraud: (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the purpose of executing, or attempting to execute, the

9

scheme (or specified fraudulent acts)." (*Schmuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347 U.S. 1, 8 (1954))

41.     Defendants also gravely showed their pattern of racketeering activities in the conduct of their business through the following series of actions:  (1) "cold calling"  a prospective victim who has a telecom business; (2) badgering the victim with successive phone calls offering inducements for a purported sale of an equipment and making fraudulent representations which  they know they cannot perform; (3) obtaining the money from the victim through US mail services, (4) diverting the delivery of the purchased equipment to another conspiring enterprise and obtaining "repairs and maintenance"  income from this diverted equipment all over again from the enterprise to which it was delivered; and (5)  after two years, the same equipments are again transferred or "resold" to another unknowing person or creating another or new enterprise, whereas the defendants would benefit and earn unjust enrichment income or collected illegal debit in the process so that the concealment, omission and withheld whereabouts of the equipment, which are now considered stolen, cannot be traced;  This is a clear racketeering pattern of the defendants whose officers and or representatives seem to be in sync and well-trained to commit this type of racketeering when they approached the plaintiff, with whom they premeditatedly victimized in violation of the RICO Act 18 U.S.C. §§ 1961 – 1968;  further review of other complaints that repeat these actions and allegations against the all defendants have been more than 2 acts within the last ten years. Filed and settled with Cibola Vista Resort and Spa, LLC, No. CV-06-406-PHX-SRB Fraud in the inducement, negligent misrepresentation, Negligence, Punitive Damages and other Remedies-settled 2. Premier Marketing sued under the state of Arkansas deceptive trade practices fraud and deceit against Jason Pace  Alleged trespass remote access to their equipment, went out of business due the Alleged was fraud and inducement Stratasoft sold them used equipment from another licensee. 3. Demand notice against US Colo from SRE for, theft unlawfully retaining of property and fraud. 4. SeeCommVS US Colo 2003 for fraudulent conveyance, theft of equipment, misrepresentation, wire fraud, mail fraud. We are confident we will find more in discovery.

42.   The pattern of racketeering activities of the defendants are manifested by the relatedness and continuity of their actions as shown in the preceding paragraph.  The RICO violations are likewise clearly shown in the foregoing allegations which clearly show the interstate transportation of the stolen goods or equipments from Texas, USA to US Colo in Los Angeles, California and to the Philippines, , wherein the locations of the two deliveries were concealed from the plaintiff.. Moreover, the fraudulent scheme adopted by defendants was further advanced by the use of mail fraud, bank fraud, wire fraud and interstate transport of stolen property as stated above;

43. The bank fraud was committed by defendants when Stratasoft en'cashed the American Express check of plaintiff as alleged payment for equipments which defendants in truth, never intended to transfer ownership to plaintiff and was merely used for the furtherance of their fraudulent scheme and racketeering activities. The Bank fraud committed by defendants was committed, knowingly and willfully and are punishable under 18 U.S.C. § 1344 which states that "whoever knowingly executes or attempts to execute, a scheme or artifice xxx (par. 3) defraud a financial institution, or to obtain money, xxx or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises shall be fined not more than $1,000,000 or imprisoned for not more than 30 years or both".

44. To further perpetuate the alleged the bank fraud, RICO and Interstate Transport of Stolen goods that is truly a part of the grand Scheme of this RICO. While threatening the plaintiff, to not discuss and or take any actions against the defendant, regarding the fraudulent use of the funds advanced by the plaintiff, the Plaintiff is to scared and shocked to do more, at that time.  The vehemently veiled, statements of "NO" ownership and "NO" rights to any equipment, because you haven't purchased anything,  which is part of this scheme from the early stages, from  Michael, and Jason, to Gary Johnson and then having the President Jim Long, representative attack the plaintiff with verbal abuse on phone calls. And while knowing that Stratasoft held the only path to get the fraudulently obtained money back without having to the authorities, to be protected. That the defendant's representative told the plaintiff to keep quiet in his letter dated December 2005 or the plaintiff would see him. These menacing reactions to the request for ownership and or money back is clear to the plaintiff, that the money and equipment were and are being used in an "scheme of an enterprise to make money for the defendants whereby continuing to get paid, for services and potentially other reasons unknown to the plaintiff, while using her equipment.  The fraud and enterprise expressed by these representative's emails and in this letter shows that the defendants had already signed a created by way of bank fraud and now a fraudulent enterprise that they directed and controlled, by giving a direct sales agreement and controlling use with Touch Asia, co-conspirators, and therefore fraudulently representing to the plaintiff it was a sale, while it was instead, were the ingredients needed by the all defendants, that would perpetuate the scheme of fraud, theft and RICO. Over next 14 months, unknown to the plaintiff.  The apparent scheme, as stated in this letter and emails, and by the defendants own admission, they have been either the associate in fact or the racketeering enterprise, whereas concealing and committing the Bank Fraud, Mail Fraud, Wire Fraud, whereas taking the plaintiffs money and had no intention of ever really

11

selling any equipment to the plaintiff. The defendants with the knowledge they were doing it, even as much as 30 days prior accepting and en'cashing the plaintiff checks, knew they were doing this criminal acts and Racketeering. Whereas not ever intending to tell the plaintiff, and omitting material facts or notices to the plaintiff's for more than 14 months after they has cashed the checks and used the money to further their racketeering . This is not a monetary dispute, because the defendant cleaned their books of the plaintiff as stated to the plaintiff. This is not a breach of contract, because the defendant merely took the money and used it elsewhere without consent for those actions and fraudulently said there are no contracts. This is purely a criminal act having to be handled civilly through the federal courts, showing this fraudulent illegal misrepresented, theft and conversion of money used in a racketeering scheme for the furtherance of collections of money benefiting the defendants. That the false representation of a sale was a hoax by the defendants to get the plaintiff's money. While using the ploys of "PO's" equipment, ownership and rights sold to the plaintiff. The defendants without the knowledge and consent of the Plaintiff, did, transport, steal, conceal and eventually resold it again and possibly again in the same scheme to others. Therefore with this letter and clear intent to do the above mentioned actions and enterprises with either using the plaintiff's the money or the intangible, invisible, supposed equipment that is controlled by Stratasoft's agents, reps and or clients, without the knowledge of the plaintiff, this letter and all emails show the scheme in which this premeditated scheme was put into place as the enterprise along with the falsity of the representation, promises and warrantees to purely get the money, and plan these actions by the defendant, in as much as a month before the money was sent to defendants, Stratasoft is and should be considered criminal. . .

45. Finally, the criminal predicate act of interstate transport of the stolen property was committed by all defendants whether directly or as Associate in Fact. Stratasoft, when they knowingly and fraudulently caused the transportation of the equipment, previously paid for by plaintiff. To be shipped from Stratasoft's office in Texas to the Philippines and additionally to the facilities of US Colo in Los Angeles. This shipment was done "without" the knowledge and consent of plaintiff in violation of 18 U.S.C. § 2314. Interstate transport of stolen goods. US Colo for accepting stolen merchandise with full knowledge it was not to be delivered.

46. The furtherance and intention of this enterprise including, fraudulent misrepresentation, of lulling by US Colo as associates in fact, US Colo stated to the plaintiff they are signing the contracts and sending them back the waiver, would have been the key element needed to allow the shipping and acceptance. The plaintiff did not authorize, consent to any shipping of any equipment, and feeling the waiver for future release would not be signed, (which never did happen) did not

consent to any shipping without the waiver. Therefore at the defendants Stratasoft, US Colo and Touch Asia, all of them in concert, committed, US Mails and wires fraud in the furtherance in the violation of 18 U.S.C. § 2314,. For the interstate transport of stolen goods. These emails and phone conversation with US Colo, Stratasoft and Touch Asia were in May thru August 2004. No delivery was to be made with out authorization by the plaintiff and no one was to be allowed to accept the equipment on behalf of the plaintiff for any reasons. To further enforce the protection based on the pre-signed wavier allowing the plaintiff to pickup the equipment, all deliveries would "not take place" until the "landlord waivers and agreements" were signed by US Colo to the complete disregard of US Colo creating injury of economic disadvantage and also actions of the defendants US Colo are subject to guideline issued by the State of California in the UCC-2.

47. Previous history with US Colo shows in 2001, case in fact of (SeeComm vs US Colo) whereas US Colo kept, concealed, profited and held hostage equipment from another client of the plaintiff, TAT. As in this illegal act the defendant US Colo knowingly and willfully harbored stolen or ill-gotten gained equipment. The defendant US Colo, like and similarly has kept, concealed, held hostage and profited from, without notification to the owners and part of the UCC-2 rules and laws of the state of California and continuing a pattern of business for RICO. To perpetuate this act US Colo and the defendants Stratasoft, emails in May and June stated verbally to the plaintiff that US Colo is sending back the documents signed and that they are aware the plaintiff is the owner, was there in it's self is the final "lulling: needed to execute this on going fraudulent scheme to transport stolen goods, whereby denying, defrauding and withholding all rights of the paid for equipment (property) of the plaintiff, by allowing transport of stolen goods providing a hiding place protected by locked closed doors to anyone of US Colo's choosing including the plaintiff, several times, whereby defrauding, as well as aiding and abetting a criminal or criminal acts in which to defraud, deny and take from the plaintiff, her property, which at the time would benefit the defendants allowing the collection of ill-gotten gained money, for the defendants;

48. As a result of this scheme SRE unknowingly paid for the equipment which was delivered to Stratasoft's client in the Philippines and Los Angeles California. By engaging in this subterfuge, SRE was damaged and injured in an amount over $550,000.00 which is over the amount required of $75,000.00.

## THE STRATASOFT' SCHEME

49.. Michael Bridges, Jason Pace and Lance McCarthy engaged in a scheme to defraud and therefore robbing and committing grand theft, denying the plaintiff of possession of equipment, quiet title of equipment, rights of equipment, licenses and revenue by concealing, misrepresenting, converting, conveying, transporting together through the with the intent of the acts of mail fraud, wire fraud, interstate of stolen goods, bank fraud and more violations including RICO. Where as Stratasoft offices and parent INX using all of the persons, independently and in concert used with deliberate and Stratasoft's processes of documentation of the structure, ownership, license agreement, location and deployment and whereby fraudulently omitting, concealing, misrepresenting the nature of fraudulent sale of equipment to plaintiff for monetary gain and to defraud SRE whereby selling the same sales contract of same equipment with Touch Asia, as well as the agreement for Collocation services from May 2004 , June 2004 August of 2004 and additionally in March of 2006 with new information on the on going usage of this stolen equipment and frauds in May of 2008.

50. Michael Bridges, Jason Pace and Lance McCarthy or others in Stratasoft, knowingly devised or knowingly participated in a scheme or artifice to defraud the plaintiff or to obtain the money or property of SRE by means of false or fraudulent pretenses, representations, warrantees or promises. Michael Bridges, Jason Pace and Lance McCarthy engaged in this scheme without regard to the possible legal, criminal, and professional liabilities of SRE and its clients.

### Mail & Wire Fraud -Stratasoft and INX

50. Pursuant to the Stratasoft' Scheme, the offices of Stratasoft and it's parent company INX while employing these representative and having them represent Stratasoft and INX on their behalf and thru them, causes these people, Michael Bridges , Jason Pace and Lance McCarthy that they could foresee that the U.S. Postal Service and interstate wires would be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343. In particular, Michael Bridges, Jason Pace and Lance McCarthy could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*, facsimile coversheets, invoices, billing statements, Purchase Orders, Contract, agreements, Equipment, and Equipment information sheets and or marketing materials, press releases and announcements that fraudulently portrayed Touch Asia as a named purchaser or owner of Stratasoft platform. Michael Bridges, Jason Pace and Lance McCarthy could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia* emails and correspondence among and between the parties of SRE, Stratasoft and Touch Asia would commonly be traveling in interstate commerce at the time they received or sent the subject emails or

14

correspondence; and emails and correspondence from Harris County Texas, San Diego and or Sacramento California..

51.    Michael Bridges , Jason Pace and Lance McCarthy  acting singly and in concert, personally or through their company, Stratasoft and or  parent company I-Sector and or agents, as co-conspirators, or as aiders and abettors, used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in, or carrying out the Stratasoft' Scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.

52.    It is not possible for "SRE" to plead with particularity all instances of mail and wire fraud that advanced, furthered, executed, and concealed the Stratasoft -Touch Asia' Scheme because the particulars of many such communications are (or were) within the exclusive control and within the exclusive knowledge of Stratasoft  Michael Bridges, Jason Pace and Lance McCarthy Rudy Ngaw and/or other presently unknown individuals.

53.    By way of example, however, Michael Bridges, Jason Pace and Lance McCarthy Rudy Ngaw and US Colo Haji Navroz specifically used the U.S. Postal Service or interstate wires or caused the U.S. Postal Service or interstate wires to deliver each and every SRE, STRATASOFT  and Touch Asia documents emailed and  faxed with or without coversheet, ' Michael Bridges, Jason Pace and Lance McCarthy name between May 2004 and March 2006 and to deliver all of the following communications, among others, for the purpose of advancing, furthering, executing, and concealing the Stratasoft's Touch Asia' Scheme:

| Type of Communication | Date | From | To | Regarding |
|---|---|---|---|---|
| | | | | |
| Telephone | 4/24/04 | Bridges | SRE | Michael Bridges introducing Stratasoft. |
| Email and telephone | 4/25/04 | Bridges | SRE | Request from Michael Bridges at Stratasoft. To review Touch Asia |
| Email and telephone | 5/26/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement as review |
| Email and telephone | 5/27/04 | Pace | SRE | Jason Pace asked what is needed to make the deal happen. |
| Email and telephone | 5/25/04 | Bridges | SRE | Request from Michael Bridges at Stratasoft. To review Touch Asia |
| Email and telephone | 5/26/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement stating will be signed as part of Touch Asia mt. contract |
| Email and telephone | 5/7/04 | Pace | SRE | Jason Pace asked what is needed to make the |

|  |  |  |  |  |
|---|---|---|---|---|
|  | 5/16/04 5/27/04 |  |  | deal happen. Final discussions on shut off switch and reselling the equipment in case of default. Said he would take care of all of it, if it was necessary. . |
| U.S. Post | 05/21/04 | Bridges | SRE | Michael Bridges obligations under his SRE regarding transfers of money to Stratasoft. Money and PO. |
| U.S. Post | 05/10/04 | McCarthy | SRE | Michael Bridges obligations under his SRE regarding transfers of money to Stratasoft. Money and PO. |
| Private overnight U.S.Postal | 6/04/04 | Bridges | SRE | Money and PO sent for purchase of Stratasoft Dialer platform. |
| Email | 5/24/04 | Ngaw | SRE | Contract to rent equipment |
| Email telephone | 4/04 | Navroz | SRE | Discussions regarding signed release waiver |
| Email and telephone | 4/04 | SRE | Navroz | Sent signed contract and responded to contracts resent by US Colo |
| Email and telephone | 5/04 | Navroz and Fisher | SRE | Stated it will be signed and not to worry, Rudy emailed it was okay for US Colo to sign waiver. |
| Email | 5 04 | Navroz | SRE | It was signed and sent over, yet never was to the knowledge of SRE. |
| Email | 4/04 | Ngaw | SRE and us Colo | Rudy stating for US Colo to sign the waiver that to get equipment in collocation. |
| Email | 5/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement to get money sent |
| Email | 5/10/04 | Pace | SRE | Jason Pace asked if the entire obligation had been meet. SRE asked for it on email since contracts were not done for sales, said pace. . |
| Email | 5/ 9/04 | McCarthy | SRE | Present to list of equipment with correct information and licenses for SRE. |
| Email | 5/9/04 | McCarthy | SRE | Presenting Main. contract with Shutoff option as |
| Email | 5/16/04 | Pace | SRE | Jason Pace asked what is needed to make the deal happen. |
| Email | 8/27/04 | SRE | Pace | Present to with Jason Pace for recourse of the equipment, and shutoff, resale for default |
| Email | 11/04 | SRE | Pace | Jason Pace said to contact Gary in office. This was done for the next few months. |
| Email and telephone | 12/05/05 | Jim Long | SRE | Jim Long states he is reviewing the case and will get back to SRE. . |
| Email | 12/05/05 | Jim Long | SRE | Jim Long states he is reviewing the case and |

| | | | | will get back to SRE. . |
|---|---|---|---|---|
| U.S. Post | 12/05/05 | Jim Long and Michael Narste | SRE | Jim Long states he is reviewing the case and will get back to SRE again after giving it to attorney's stated I had no claims except that my checks did go to Stratasoft for equipment that is not recognized by Stratasoft as owned by SRE. . |

54.    In advancing, furthering, executing, concealing, conducting, participating in, or carrying out the Stratasoft ' Scheme, Michael Bridges, Jason Pace and Lance McCarthy also used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used, *inter alia*, to negotiate the terms under which SRE agreed to purchase equipment and to exchange correspondence with Stratasoft representatives Michael Bridges, Jason Pace and Lance McCarthy to make payments to Stratasoft whereas to transfer funds from the SRE personal and business accounts to the account of INX/Stratasoft in the hands and pockets of Michael Bridges, Jason Pace and Lance McCarthy, to deposit funds from SRE into INX's holding account at Southwest Bank of Texas ABA 113011258 account number 0133329 for it's subsidiary, Stratasoft's .

55    Each and every use of the U.S. Postal Service or interstate wires described above was committed by Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw with the specific intent to defraud SRE and others or for obtaining the money or property of SRE and others by means of false or fraudulent pretenses, representations, warranty or promises. Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(B).

56.    SRE justifiably relied on Michael Bridges, Jason Pace, Lance McCarthy fraudulent representations and omissions made pursuant to the above-described scheme in that, among other things, SRE agreed to allow Rudy Ngaw to become a client and lessee with Stratasoft and the StrataDialer computer equipment and platform that unknowingly allowed Michael Bridges, Jason Pace, Lance McCarthy to take advancements on said equipment of which to build based on Touch Asia's platform's criteria as SRE client. Then unknowingly and without consent of SRE, fraudulently stated and misrepresented the Ownership and Maintenance services Contracts provided by Michael Bridges, Jason Pace, Lance McCarthy and Stratasoft. Whereas SRE anticipated profits that have been

diverted to Stratasoft' bank account on the basis of Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw's fraudulently schemes.

**Mail & Wire Fraud US Colo, Haji Navroz**

57.    Pursuant to the Stratasoft' Scheme, Michael Bridges , Jason Pace , Lance McCarthy, Rudy Ngaw and US Colo Haji Navroz could foresee that the U.S. Postal Service and interstate wires would be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.  In particular, Michael Bridges, Jason Pace and Lance McCarthy and US Colo could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*, facsimile coversheets, invoices, billing statements, Purchase Orders, Contract, agreements, Equipment information sheets and or marketing materials, press releases and announcements that portrayed Touch Asia as a named purchaser or owner of Stratasoft platform.  Jason Pace and Lance McCarthy  and US Colo Haji Navroz could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*  emails and correspondence among and between the parties of SRE, Stratasoft and Touch Asia would commonly be traveling in interstate commerce at the time they received or sent the subject emails or correspondence; and emails and correspondence from Harris County Texas, San Diego and or Sacramento and Los Angeles, California..

58    Michael Bridges , Jason Pace and Lance McCarthy and US Colo Haji Navroz acting singly and in concert, personally or through their company, Stratasoft and or  parent company I-Sector/INX and or agents, as co-conspirators, or as aiders and abettors, used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in, or carrying out the Stratasoft' Scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.

59    It is not possible for "SRE" to plead with particularity all instances of mail and wire fraud that advanced, furthered, executed, and concealed the Stratasoft -Touch Asia' Scheme using US Colo as a closed door facility scheme to avoid, conceal and hold hostage the equipment because the particulars of many such communications are (or were) within the exclusive control and within the exclusive knowledge of Stratasoft  Michael Bridges, Jason Pace and Lance McCarthy Rudy Ngaw and US Colo Haji Navroz and /or other presently unknown individuals.

60    By way of example, however, Michael Bridges, Jason Pace and Lance McCarthy Rudy Ngaw and US Colo Haji Navroz specifically used the U.S. Postal Service or interstate wires or caused the U.S. Postal Service or interstate wires to deliver each and every SRE, STRATASOFT and Touch Asia and US Colo's documents to be shipped, transported,  emailed and  faxed with or without

coversheet, ' Michael Bridges, Jason Pace, Lance McCarthy, Rudy Ngaw and Haji Navroz named between May 2004 and March 2006 and to deliver all of the above emails.

### Bank Fraud

61.     Pursuant to the Stratasoft Scheme, Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly executed a scheme or artifice to obtain the moneys, funds, credits, assets or other property under the custody or control of various financial institutions by means of false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344 in that the scheme, among other things, caused SRE's bank to transfer funds from SRE's account(s) in California to the INX's holding account at Southwest Bank of Texas ABA 113011258 account number 0133329. For it's subsidiary Stratasoft's

### Interstate Transportation of Stolen Property

62     Pursuant to the Stratasoft' Scheme, Michael Bridges, Jason Pace, and Lance McCarthy under the direction and control of Stratasoft /INX and with Rudy Ngaw devised and intended to devise a scheme or artifice to defraud and obtain money by false pretenses, representations or promises warrantees and, pursuant to said scheme, to transmit, transported, or transfer caused to be transported and induced persons to travel and be transported in interstate commerce in the execution or concealment of the scheme or artifice to defraud in violation of 18 U.S.C. § 2314.   In particular, pursuant to their scheme to fraudulently creating a sale and ownership of Stratasoft Computer based, Startadial Telephony Platform including licenses, rights and resale options to Stratasoft clients for SRE,   Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw, among other things, transported and caused to be transported in interstate commerce payments from SRE's bank to transfer funds from SRE's account(s) in California to the INX's holding account at Southwest Bank of Texas ABA 113011258 account number 0133329. for it's subsidiary Stratasoft's

### Obstruction of Justice

63. Pursuant to the Stratasoft' Scheme, Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly engaged in misleading conduct to another persons (i.e., the landlords of building or leased spaces where the equipment would be collocated at and or other clients of SRE) by (among other things) altering, destroying, mutilating, or concealing SRE's accurate ownership, rights, billing records and any other pertinent information with intent to impair the integrity or the availability of SRE's recording of financial ownership, contracts and records to prevent its use in an official proceeding in violation of 18 U.S.C. § 1512.

**Obstruction of Justice – US Colo**

64.    Pursuant to the Stratasoft' Scheme, Michael Bridges, Jason Pace, Lance McCarthy, Rudy Ngaw and US Colo knowingly engaged in misleading conduct to another persons (located at US Colo's collocation facility and or other clients of US Colo or Stratasoft ) by (among other things) altering, destroying, mutilating, or concealing SRE's accurate ownership, rights, billing records and any other pertinent information with intent to impair the integrity or the availability of SRE's recording of financial ownership, contracts and records to prevent its use in an official proceeding in violation of 18 U.S.C. § 1512

### The STRATASOFT, TOUCH ASIA, US COLO SCHEME

65.    Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw was engaged in a two part scheme to defraud SRE: 1) Michael Bridges, Jason Pace, Lance McCarthy and Rudy  Ngaw initially engaged in unauthorized efforts to negotiate a sale between Stratasoft and Touch Asia other unknown equipment leasing companies or sales of equipment companies 2) when their unauthorized Sales and contracting efforts failed, Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw sought to defraud SRE of money, equipment and earned revenues in an effort to establish for a competing Sale of equipment to Touch Asia and others  (hereinafter referred to as "the Michael Bridges, Jason Pace, Lance McCarthy ").  Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly devised or knowingly participated in a scheme or artifice to defraud SRE or to obtain the money or property of SRE by means of false or fraudulent pretenses, representations, or promises.

### Mail & Wire Fraud Mail & Wire Fraud

67    Pursuant to the Stratasoft/INX, and Touch Asia's Scheme. Lance McCarthy,  Jason Pace, and Mike Bridges for Stratasoft and Rudy Ngaw could foresee that the U.S. Postal Service and interstate wires would be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in or carrying out the scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.  In particular, could foresee that the U.S. Postal Service and interstate wires would be used to receive and/or deliver, *inter alia*, confidential Stratasoft and INX confidential legal documents, financial, strategic planning and equipment lists, and client information materials such as brochures, marketing materials and potentially other unknown people and information regarding them.

68.    It is not possible for SRE to plead with particularity all instances of mail and wire fraud that advanced, furthered, executed, concealed the Stratasoft/INX Scheme because the particulars of most such communications are (or were) within the exclusive control and within the exclusive

knowledge of Michael Bridges, Jason Pace, Lance McCarthy and/or other particular unknown individuals at Stratasoft/INX and potentially other unknown people and companies.

69.    By way of example, however, Michael Bridges, Jason Pace and Lance McCarthy specifically used the U.S. Postal Service or interstate wires or caused the U.S. Postal Service or interstate wires to deliver each and every one of the following communications, among others, for the purpose of advancing, furthering, executing, concealing, conducting, participating in or carrying out the Stratasoft/INX Scheme:

| Type of Communication | Date | From | To | Regarding |
|---|---|---|---|---|
| Telephone | 4/24/04 | Bridges | SRE | Michael Bridges introducing Stratasoft. |
| Email and telephone | 4/25/04 | Bridges | SRE | Request from Michael Bridges at Stratasoft. To review Touch Asia |
| Email and telephone | 5/26/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement as review |
| Email and telephone | 5/27/04 | Pace | SRE | Jason Pace asked what is needed to make the deal happen. |
| Email and telephone | 5/25/04 | Bridges | SRE | Request from Michael Bridges at Stratasoft. To review Touch Asia |
| Email and telephone | 5/26/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement stating will be signed as part of Touch Asia mt. contract |
| Email and telephone | 5/7/04 5/16/04 5/27/04 | Pace | SRE | Jason Pace asked what is needed to make the deal happen. Final discussions on shut off switch and reselling the equipment in case of default. Said he would take care of all of it, if it was necessary. . |
| U.S. Post | 05/21/04 | Bridges | SRE | Michael Bridges obligations under his SRE regarding transfers of money to Stratasoft. Money and PO. |
| Private overnight U.S.Postal | 6/07/04 | Bridges | SRE | Money and PO sent for purchase of Stratasoft Dialer platform. |
| Email | 5/24/04 | Ngaw | SRE | Contract to rent equipment |
| Email telephone | 4/04 | Navroz | SRE | Discussions regarding signed release waiver |
| Email and telephone | 4/04 | SRE | Navroz | Sent signed contract and responded to contracts resent by US Colo |
| Email and telephone | 5/04 | Navroz and Fisher | SRE | Stated it will be signed and not to worry, Rudy emailed it was okay for US Colo to sign waiver. |
| Email | 5 04 | Navroz | SRE | It was signed and sent over, yet never was to the knowledge of SRE. |

| | | | | |
|---|---|---|---|---|
| Email | 4/04 | Ngaw | SRE and us Colo | Rudy stating for US Colo to sign the waiver that to get equipment in collocation. |
| Email | 5/04 | Pace | SRE | Presenting Main. contract with Shutoff option as inducement to get money sent |
| Email | 5/10/04 | Pace | SRE | Jason Pace asked if the entire obligation had been meet. SRE asked for it on email since contracts were not done for sales, said pace. . |
| Email | 5/ 9/04 | McCarthy | SRE | Present to list of equipment with correct information and licenses for SRE. |
| Email | 5/9/04 | McCarthy | SRE | Presenting Main. contract with Shutoff option as |
| Email | 5/16/04 | Pace | SRE | Jason Pace asked what is needed to make the deal happen. |
| Email | 8/27/04 | SRE | Pace | Present to with Jason Pace for recourse of the equipment, and shutoff, resale for default |
| Email | 11/04 | SRE | Pace | Jason Pace said to contact Gary in office. This was done for the next few months. |
| Email and telephone | 12/05/05 | Jim Long | SRE | Jim Long states he is reviewing the case and will get back to SRE. . |
| Email | 12/05/05 | Jim Long | SRE | Jim Long states he is reviewing the case and will get back to SRE. . |
| U.S. Post | 12/05/05 | Jim Long and Michael Narste | SRE | Jim Long states he is reviewing the case and will get back to SRE again after giving it to attorney's stated I had no claims except that my checks did go to Stratasoft for equipment that is not recognized by Stratasoft as owned by SRE. . |

70.    Michael Bridges and Jason Pace acting singley and in concert, personally or through their agents, as co-conspirators, or as aiders and abettors, used the U.S. Postal Service and interstate wires or caused the U.S. Postal Service or interstate wires to be used "for the purpose of" advancing, furthering, executing, concealing, conducting, participating in, or carrying out the Stratasoft/INX Scheme, within the meaning of 18 U.S.C. §§ 1341 and 1343.

71.    Each and every use of the U.S. Postal Service or interstate wires described above was committed by Michael Bridges, Jason Pace and Lance McCarthy with the specific intent to defraud SRE

72. For Each and Every use of the US Postal Service or interstate wires described above were committed by Michael Bridges, Jason Pace and Lance McCarthy in with the specific intent to defraud SRE or for obtaining the money or property of SRE by means of false or fraudulent pretenses, representations, or promises. Michael Bridges' and Jason Pace's acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(B).

73.. SRE was the target of the fraudulent scheme described-above in that the objective of the scheme was to enable Michael Bridges to take direct control of SRE's client and revenue by way of a maintenance contract that would result in Michael Bridges becoming the managing Representative of Touch Asia's operations or to take indirect control of SRE's client's platforms and revenue to be made by said maintenance and sales contract. To the extent SRE or client relied on Michael Bridges' and Jason Pace's false representations, and to the extent SRE's relied Michael Bridges' and Jason Pace's false representations in deciding to abandon SRE, Michael Bridges' and Jason Pace's fraudulent statements, promises and guarantees, proximately caused injury to SRE.

**Interstate Transportation of Stolen Property**

74. Pursuant to the Stratasoft/INX Scheme, Michael Bridges and or Jason Pace transported in interstate commerce property of SRE (StrataDail platform, hardware, software, licenses) which had a value of more than $5,000. Michael Bridges and Jason Pace knew the same to have been stolen, converted or taken by fraud in violation of 18 U.S.C. § 2314.

75. It is not possible for SRE to specifically identify the confidential and proprietary information of the equipment stolen by Michael Bridges and Jason Pace because such information is within the exclusive control and within the exclusive knowledge of Michael Bridges, Jason Pace, Lance McCarthy and/or particular unknown individuals at Stratasoft/INX and potentially other known or unknown parties and or companies.

**Obstruction of Justice**

76. Pursuant to the Stratasoft/INX Scheme, and in violation of 18 U.S.C. § 1512, Michael Bridges, Jason Pace knowingly and corruptly attempted to persuade Touch Asia by signing a direct sales contract with Rudy Ngaw for the sale of the Stratasoft Dialer platform, hardware and software equipment and presenting the clear bill of sale and a bill of lading as receipt of ownership to equipment paid by and that belonged to the Plaintiff. Michael Bridges and Jason Pace did with the intent to influence, delay, or prevent (by conflict of interest or otherwise) the request for shut off of the dialer platform. Michael Bridges and Jason Pace engaged in mail or wire fraud when they engaged in unauthorized, unknown release of receipt an authorized sales contract, maintenance contract in the

23

name of Touch Asia or Rudy Ngaw, resulting in continued operations of the Plaintiff's Stratasoft equipment at Touch Asia location.

<u>COUNT ONE</u>

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

**18 U.S.C. § 1962(c)**

**(The Stratasoft' Scheme)**

77.    SRE realleges and restates paragraphs 14 through 76.

78.    At all relevant times, Stratasoft constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that it was a corporation.

(a)    Michael Bridges was an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who associated with and/or participated in the conduct of said enterprise's affairs.

(b)    Between May 2004 and 2006, Michael Bridges conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962

(c).  Michael Bridges' pattern of racketeering activity consisted each separate use United States or Interstate Wire Communications in the furtherance of the defendants fraud and scheme constitutes a racketeering activity under the 18 U.S.C. §§ 1961(1)(B) (as described with particularity in paragraphs 46-67 14-76 and elsewhere, *supra*), bank fraud (as described in paragraph 61,62 , *supra and elsewhere*), interstate transportation and conversion of stolen property (as described in paragraph 62,74 and elsewhere, *supra*), obstruction of justice (as described in paragraph 63,76 and elsewhere, *supra*);

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

79.    In the alternative to and at all relevant times, some or all of the following individuals constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they were "a group of individuals associated in fact":   Michael Bridges,  Jason Pace and Lance McCarthy and other Stratasoft representatives..

(a)    Michael Bridges and Lance McCarthy are "persons," within the  meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who each individually associated with and/or participated in the conduct of said enterprise's affairs.

24

(b)    Between May 2004 and, 2006, Michael Bridges and Lance McCarthy each individually conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962(c).  Michael Bridges and Lance McCarthy' pattern of racketeering activity consisted each separate use United States or Interstate Wire Communications in the furtherance of the defendants fraud and scheme constitutes a racketeering activity under the 18 U.S.C. §§ 1961(1)(B)  (as described with particularity in paragraphs 46-67 14-76 and elsewhere, *supra*), bank fraud (as described in paragraph 61, *supra*), interstate transportation and conversion of stolen property (as described in paragraph 62,74 and elsewhere, *supra*), obstruction of justice (as described in paragraph 63,76 and elsewhere, *supra*);

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

80.    In the alternative to  Michael Bridges' business relationship with Stratasoft and  to Lance McCarthy constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that it was a legal entity or constituted two individuals associated in fact, although not a legal entity.

(a)    Michael Bridges and Lance McCarthy are "persons," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who each individually associated with and/or participated in the conduct of said enterprise's affairs.

(b)    Between May  2004 and 2006, Michael Bridges and Lance McCarthy each individually conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) and 1962

(c).    Michael Bridges and Lance McCarthy'  pattern of racketeering activity consisted each separate use United States or Interstate Wire Communications in the furtherance of the defendants fraud and scheme constitutes a racketeering activity under the 18 U.S.C. §§ 1961(1)(B)  (as described with particularity in paragraphs 46-67 14-76 and elsewhere, *supra*), bank fraud (as described in paragraph 61 , *supra*), interstate transportation and conversion of stolen property (as described in paragraph 62,74 and elsewhere, *supra*), obstruction of justice (as described in paragraph 63,76 and elsewhere, *supra*);

These acts all occurred after the effective date of RICO and more than two such acts occurred within ten years of one another.

25

81.    At all relevant times, the enterprises alleged in paragraphs 14-77 (*supra*) were engaged in, and their activities affected, interstate commerce and foreign commerce.

82.    All of the predicate acts described in paragraphs 14-76 (*supra*) were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c), in that their common purpose was to defraud SRE, their common result was to defraud SRE of money; deprive and or rob SRE of ownership, licenses and clients.  Michael and Lance McCarthy, personally or through their agent or agents, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; SRE was the victim of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

83.    All of the predicate acts described in paragraphs  14-76 (*supra*) were continuous so as to form a pattern of racketeering activity in that Michael and Lance McCarthy engaged in the predicate acts over a substantial period of time or in that such predicate acts had become Michael and Lance McCarthy' regular way of conducting business and said business practices would have continued indefinitely into the future in 2008 when Stratasoft has sold SRE's equipment again to another unsuspecting client Jonathan Miller, when it is owned by SRE and stolen by the defendants.. .

84.    As a direct and proximate result of, and by reason of, the activities of Michael, Jason and Lance McCarthy, and their conduct in violation of 18 U.S.C. §§ 1962(c), SRE has been injured in its business or property, within the meaning of 18 U.S.C. § 1964(c).  Among other things, SRE has suffered damages to the extent it made money monetary advances to Michael Bridges, Jason Pace and Lance McCarthy on the basis of Jason Pace fraudulently stated guarantees of the shutoff switch that would be remotely controlled by the Plaintiff to turn off equipment and resell it and to the extent it has yet  to settle claims with clients adversely affected by the Bridge's Stratasoft  Scheme, to the extent it had to refund amounts fraudulently used depriving other SRE clients, and/or to the extent it was forced to write-off client payments that were uncollectible because they had been fraudulently stated as sold to SRE by Michael Bridges.  SRE is, therefore, entitled to recover threefold the damage it has sustained together with the cost of the suit including costs, reasonable attorneys' fees and reasonable experts' fees.

## COUNT TWO

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### 18 U.S.C. § 1962(d)

### (Conspiracy – Lance McCarthy –Bridges Scheme)

85.    SRE realleges and restates paragraphs 1 through 141.

86.     With regard to Lance McCarthy, SRE alleges in the alternative to Count One that Lance McCarthy conspired with Michael Bridges to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises through a pattern of racketeering activity (*see supra* ¶¶ 9-76) in violation of 18 U.S.C. § 1962(d).  In particular, Lance McCarthy intended to further an endeavor of Michael Bridges which, if completed, would satisfy all of the elements of a substantive RICO criminal offense and adopted the goal of furthering or facilitating the criminal endeavor.

87.     SRE was injured by Lance McCarthy' overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail and wire fraud (as described with particularity in paragraphs 46-56, 63-71  14-176 *supra and elsewhere*), bank fraud (as described in paragraph 61, *supra*), interstate transportation of stolen property (as described in paragraph 62,74, *supra and elsewhere*), obstruction of justice (as described in paragraph 63,76, *supra*).

88.     As a direct and proximate result of, and by reason of, the activities of Lance McCarthy, and his conduct in violation of 18 U.S.C. §§ 1962(d), SRE has been injured in its business or property, within the meaning of 18 U.S.C. § 1964(c).   Among other things, SRE has suffered damages to the extent it made money to  Lance McCarthy on the basis of Michael Bridges' and Jason Pace's fraudulently guarantee of remote shutoffs and promises for resale, recourse, to the extent it had to settle claims with clients adversely affected by the Bridge's  Scheme, to the extent it had to refuse other sales and contract amounts based  on the fraudulently sale of goods and or misrepresentation of contracts by Michael Bridges to clients, and/or to the extent it was forced to write-off client payments that were uncollectible because they had been fraudulently  told SRE owned the equipment  as misrepresented by Michael Bridges.  SRE is, therefore, entitled to recover threefold the damages it has sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## COUNT THREE

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### 18 U.S.C. § 1962(c)

### (Stratasoft/INX Scheme Jason Pace)

89.     SRE realleges and restates paragraphs 14 through 76.

90.     Between May of 2004 and 2006, some or all of the following individuals constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) in that they were "a group of individuals associated in fact":    Michael Bridges, Jason Pace, Lance McCarthy, Stratasoft, INX USColo and Touch Asia, Rudy Ngaw.

27

(a)    Michael Bridges and Jason Pace are "persons," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) who each individually associated with and/or participated in the conduct of said enterprise's affairs.

(b)    Between May 2004 and 2006, Michael Bridges and Jason Pace each individually conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962

(c)    Michael Bridges and Jason Pace's pattern of racketeering activity consisted each separate use United States or Interstate Wire Communications in the furtherance of the defendants fraud and scheme constitutes a racketeering activity under the 18 U.S.C. §§ 1961(1)(B)  (as described with particularity in paragraphs 46-67, 50-56,68 14-76 and elsewhere, *supra*), bank fraud (as described in paragraph 61 ,14-76, *supra*), interstate transportation and conversion of stolen property (as described in paragraph 61,74 ,68-76 and elsewhere, *supra*), obstruction of justice (as described in paragraph 63, 76 and elsewhere, *supra*);

These acts all occurred after the effective date of the federal RICO Acts and more than two such acts occurred within ten years of one another, and the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.

91.    In the alternative to the above paragraphs, between May of 2004  March 2006 some or all of the following individuals constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c)  in that they were "a group of individuals associated in fact":   Michael Bridges and Jason Pace and Lance McCarthy.

(a)    Michael Bridges, Jason Pace and Lance McCarthy are "persons," within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c) who each individually associated with and/or participated in the conduct of said enterprise's affairs.

(b)    Between May 2004 and 2006, Michael Bridges and Jason Pace each individually conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962

(c)    Michael Bridges and Jason Pace's  pattern of racketeering activity consisted each separate use United States or Interstate Wire Communications in the furtherance of the defendants fraud and scheme constitutes a racketeering activity under the 18 U.S.C. §§ 1961(1)(B)  (as described with particularity in paragraphs 46-56, 63-68, 14-76 and

elsewhere, *supra*), bank fraud (as described in paragraph 61, *supra*), interstate transportation and conversion of stolen property (as described in paragraph 62 and elsewhere, *supra*), obstruction of justice (as described in paragraph 63,76 and elsewhere, *supra*);

These acts all occurred after the effective date of the federal RICO Act having more than two such acts occurred within ten years of one another.

92.     In the alternative to paragraphs 14-76, between May 2004 and March of 2006, constituted an "enterprise," within the meaning of 18 U.S.C. §§ 1961(4) & 1962(c) in that it was a corporation.

.     93.     At all relevant times, the enterprises alleged in paragraphs 14-77 (*supra*) that Stratasoft was engaged in, and their activities affected, interstate commerce and foreign commerce.

94.     All of the predicate acts described in paragraphs  14-76 (*supra*) were related so as to establish a pattern of racketeering activity, within the meaning of 18 U.S.C. § 1962(c) in their common purpose was to defraud SRE of money, their common result was to defraud SRE of money and equipment ownership and rights and licenses ; Michael Bridges, Jason Pace, Lance McCarthy along with Rudy Ngaw, personally or through their agent or agents, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission; SRE was the victim of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

95.     All of the predicate acts described in paragraphs 14-76(*supra*) were continuous so as to form a pattern of racketeering activity in that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw engaged in the predicate acts over a substantial period of time or in that engaging in such predicate acts had become Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw regular way of conducting business and said business practices would have continued indefinitely into the future.

96.     As a direct and proximate result of, and by reason of, the activities of Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw, and their conduct in violation of 18 U.S.C. §§ 1962(c), SRE has been injured in its business or property, within the meaning of 18 U.S.C. § 1964(c).  Among other things, SRE has suffered damages to the extent its confidential and proprietary information, to the extent its ownership, rights, and property, have been infringed upon, and to the extent it has lost clients, advance  money paid, revenues, equipment, and potentially banking associates from this scheme.  SRE is, therefore, entitled to recover threefold the damage it has sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## COUNT FOUR

### RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### 18 U.S.C. § 1962(d)

### (Conspiracy – Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy and US Colo

### CIVIL REMEDIES FOR CRIMINAL PRACTICES

### Stratasoft / Ngaw Scheme)

97.   SRE realleges and restates paragraphs 1 through 176.

98.   With regard to Stratasoft's, Jason Pace Michael bridges , lance McCarthy , SRE alleges in the alternative to Count Three that US Colo and Haji Navroz and or any other DBA of said name, location of US Colo, conspired with Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises through a pattern of racketeering activity (*see supra ¶¶ 9-74*) in violation of 18 U.S.C. § 1962(d).  In particular, Haji Navroz intended to further an endeavor of Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw  scheme which, if completed  (as it was in the year of 2006 or 2007)  and did satisfy all of the elements of a substantive RICO criminal offense and adopted the goal of furthering or facilitating the criminal endeavor.

99.   SRE was injured by US Colo's overt acts that are acts of racketeering or otherwise unlawful under the RICO statute, which included (among other acts) acts of mail and wire fraud (as described with particularity in paragraphs, 46-56, 53-67 14-76 *supra*), interstate transportation of stolen property (as described in paragraph 62, *supra*), and obstruction of justice (as described in paragraph 64, *supra and elsewhere*).

100.   As a direct and proximate result of, and by reason of, the activities of US Colo Haji Navroz, and his conduct in violation of 18 U.S.C. § 1962(d) and other  CA Codes, SRE has been injured in its business or property, within the meaning of 18 U.S.C. § 1964(c)   Among other things, SRE has suffered damages to the extent its money and property  fraudulently were concealed, converted, conveyed and stolen away from  SRE is, therefore, entitled to recover threefold the damages it has sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

## COUNT FIVE

### INTENTIONAL INTERFERENCE WITH

### BUSINESS OR ECONOMIC RELATIONSHIPS

30

(Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy
Rudy Ngaw and USColo (Haji Navroz)

101.    SRE realleges and restates paragraphs 1 through 163.

102.    SRE had business or economic relationships with clients, associates and staff members that Michael Bridges, Jason Pace, Lance McCarthy and US Colo, Haji Navroz lured and attempted to lure away from SRE, including but not limited to Touch Asia and others future potential call centers clients.

103.    At all relevant times, it was probable that SRE would experience future economic benefit from its business or economic relationships with Touch Asia and others future potential call centers among others.

104.    Michael Bridges, Jason Pace, Lance McCarthy and US Colo knew of SRE's business or economic relationships with Touch Asia and others future potential call centers among others.

105.    Michael Bridges, Jason Pace, Lance McCarthy and US Colo took intentional actions that were designed to disrupt SRE's business or economic relationships with Touch Asia among others, and/or intentionally and unjustifiably interfered with SRE's relationships Touch Asia and others future potential call centers among others.

106.    Michael Bridges, Jason Pace, Lance McCarthy and US Colo's intentional actions did, in fact, disrupt SRE's business or economic relationships with Touch Asia and others future potential call centers among others.

107.    As a direct and proximate result of Michael Bridges, Jason Pace, Lance McCarthy and US Colo's  intentional interference with SRE's business or economic relationships with Touch Asia and other future potential clients , SRE has incurred and/or will incur loss and damages in excess of seventy-five thousand dollars ($75,000).

## COUNT SIX
### CONSPIRACY TO INTENTIONALLY INTERFERE WITH
### BUSINESS OR ECONOMIC RELATIONSHIPS
(Michael Bridges, Jason Pace, Lance McCarthy and US Colo's)

108.    SRE realleges and restates paragraphs 1 through 176.

109.    With regard to Michael Bridges, Jason Pace, Lance McCarthy and US Colo's, SRE alleges in the alternative to Count Eight that it had business or economic relationships with clients, associates and staff members that Michael Bridges, Jason Pace, and Lance McCarthy lured and attempted to lure away from SRE, including but not limited to Touch Asia and others future potential call centers among others.

110.    At all relevant times, it was probable that SRE would experience future economic benefit from its business or economic relationships Touch Asia and others future potential call centers among others.

111.    Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knew of SRE's business or economic relationships with Touch Asia and others future potential call centers among others among others.

112.    Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy Rudy Ngaw and US Colo, Haji Navroz took intentional actions that were designed to disrupt SRE's business or economic relationships with   Touch Asia and others future potential call centers among others and/or intentionally and unjustifiably interfered with SRE's relationships with Touch Asia and others future potential call centers among others.

113.    Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy Rudy Ngaw and US Colo, Haji Navroz 's intentional actions did, in fact, disrupt SRE's business or economic relationships with Touch Asia and others future potential call centers among  others.

114.    US Colo Haji Navroz had an agreement with Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy Rudy Ngaw  whereby he knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise further Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw' intentional interference with SRE's business or economic relationships with clients, associates and staff members.

115.    Upon information and belief, US Colo, Haji Navroz engaged in numerous wrongful acts pursuant to his agreement with Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw, including (among other acts) communicating false or finding a customer in which to take ownership, rights and or use, the equipment of SRE, thusly, obstructing justice to further an unlawful sale of owned equipment to further a sales and or maintenance contracts for Jonathan Miller or any other customer or client of Stratasoft using a maintenance contract for unjustified enrichment used in a conspiracy to defraud, .

116.    As a direct and proximate result of US Colo's , Stratasoft's Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw's conspiracy to intentionally interfere with SRE's business

or economic relationship with clients, associates and staff members, SRE has incurred and/or will incur loss and damages in excess of seventy-five thousand dollars ($75,000).

### COUNT SEVEN

### CONSPIRACY TO ENGAGE IN PROMISSORY FRAUD

**(Michael Bridges, Jason Pace, Lance McCarthy Stratasoft and INX)**

117.    SRE realleges and restates paragraphs 1 through 176.

118.    SRE alleges that Michael Bridges, Jason Pace, Lance McCarthy fraudulently induced SRE to send money falsely for a sale of equipment to SRE by promising, pursuant to the purchase agreement, structured on phone calls and emails, with promises or resale, recourse and shut off switch SRE in the event of default of client, Touch Asia, that Stratasoft wanted to have SRE rent the operation of the system to. .

119.    SRE justifiably relied on Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw' promises of warranty's guarantees for the shutoff switch, recourse and resale of defaulted equipment. .

120.    Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw had an agreement with SRE whereby they knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise further Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw' scheme to engage in promissory fraud with regard to SRE.

121.    As a direct and proximate result of Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw conspiracy to engage in promissory fraud, SRE has suffered damages in an amount which is unknown at this time, but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

### COUNT EIGHT

### BREACH OF FIDUCIARY DUTY

**(Stratasoft- Michael Bridges, Jason Pace and Lance McCarthy and others)**

122.    SRE realleges and restates paragraphs 1 through 176.

123.    By virtue of her execution of the SRE purchase order and Checks for the Stratasoft computer Telephony, Call Center Software, Hardware Platform it creates and takes the place in fact acting as the agreement, establishing a fiduciary relationship existed between Stratasoft and SRE. Whereas Stratasoft owed fiduciary duties (in particular, the duty of disclosure) to SRE.

124.    In the alternative, Stratasoft owed fiduciary duties to SRE by virtue of the confidential relationship that existed between Stratasoft and SRE whereby SRE justifiably placed trust and confidence in the integrity and fidelity of Stratasoft.

125.    As a fiduciary of Stratasoft Jason Pace and Lance McCarty were required to act with the utmost good faith for the benefit of SRE and was prohibited from taking advantage from their acts relating to the interests of SRE without SRE's knowledge and consent.

126.    Stratasoft breached the fiduciary duties she owed to SRE, or engaged in constructive fraud, by (among other things) failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy had planned and executed a sales contract with directly with Rudy Ngaw of Touch Asia whereas they stated verbally and on emails there was none signed. .  Whereas breaching fiduciary duties by failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy had signed a Sales Contract as stated by Michael Narste on Emails and not just a Maintenance contract. Rudy Ngaw would have to sign  and had concealed that fact from SRE before, during and after the sale, by failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw were engaged in various schemes to defraud SRE, by seeking monetary advances on equipment and request of SRE to then rent the operation of the Stratasoft Dialer to Touch Asia, then Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw  knowingly created, concealed, avoided rightful ownership documentation to SRE that  would be deemed useless and uncollectible since Stratasoft signed a sales contract directly between Stratasoft to Touch Asia, allowing Touch Asia a theft in property and no longer a purchase of SRE as indicated by a signed document stated in Attorney Narsets Letter dated Dec 2005, stating Sales Documents Signed by Touch Asia in April of 2004, One month before Stratasoft approached SRE.

127.    As a direct and proximate result of Stratasoft' breach of fiduciary duties, SRE has suffered damages in an amount which is unknown at this time in total but exceeds $555,000.00 which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00) standard for Federal District Court.

**COUNT NINE**

**CONSPIRACY TO BREACH FIDUCIARY DUTIES**

**(Stratasoft)**

128.    SRE realleges and restates paragraphs 1 through 176.

130.    In the alternative to Count Nine, SRE alleges that a fiduciary relationship existed between Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw and that Michael Bridges,

Jason Pace, Lance McCarthy owed fiduciary duties (in particular, the duties of disclosure and omissions) to SRE and not to Touch Asia since they did not purchase the equipment..

131.    As a fiduciary of Stratasoft ownership rights and licenses , Michael Bridges, Jason Pace, Lance McCarthy are required to act with the utmost good faith for the benefit of Stratasoft and was prohibited from taking advantage from their acts relating to the interests of Stratasoft without Stratasoft's knowledge and consent, therefore,

132. Stratasoft breached the fiduciary duties she owed to SRE, or engaged in constructive fraud, by (among other things) failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy had planned and executed a sales contract with directly with Rudy Ngaw of Touch Asia. Whereas breaching fiduciary duties by failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy had signed a Sales Contract as stated by Michael Bridges on Emails and not just a Maintenance contract Rudy Ngaw would have to sign and had concealed material facts from SRE before, during and after the sale, by failing to disclose to SRE that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw were engaged in various schemes to defraud SRE, by seeking monetary on equipment and request of SRE create a rental operating contract to Touch Asia, then Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly created, concealed, avoided rightful ownership documentation to SRE that would be deemed useless and uncollectible since Stratasoft signed a sales contract directly between Stratasoft to Touch Asia, defrauding SRE whereby allowing Touch Asia the purchase rights and licenses instead of SRE as indicated by a signed document stated in Attorney Narsets Letter dated Dec 2005, stating Sales Documents Signed by Touch Asia in April of 2004, One month before Stratasoft approached SRE.

133.    Stratasoft had an agreement with Michael Bridges, Jason Pace, Lance McCarthy and independently with Rudy Ngaw whereby knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise further Stratasoft's fraudulent transactions and or fraudulent purchase and sale of stated calling center equipment thru Michael Bridges, Jason Pace, Lance McCarthy's breach of fiduciary duties owed to SRE, by requests of SRE create a rental operator agreement to Touch Asia, then Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly created, concealed, avoided rightful ownership of equipment, services, license and documentation to SRE that would be deemed useless and uncollectible since Stratasoft signed a sales contract directly between Stratasoft to Touch Asia, allowing Touch Asia the purchase rights and licenses instead of SRE as indicated by a signed document stated in Attorney Narsets Letter dated Dec 2005, stating Sales Documents Signed by Touch Asia in April of 2004, One month before Stratasoft approached SRE..

134.    Stratasoft Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw engaged in numerous wrongful acts pursuant to their agreement with Stratasoft and SRE including (among other acts) falsely misleading any one from SRE who telephoned Stratasoft to investigate the whereabouts of paperwork sent by Michael Bridges, Jason Pace, Lance McCarthy Stratasoft, concealing from SRE that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw has a sales contract signed directly Touch Asia, and concealed and fraudulently misrepresented material facts from SRE. Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw were engaged in various schemes to defraud by seeking monetary advances on equipment and request of SRE create a rental operating agreement to Touch Asia, then Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw knowingly created, concealed, avoided rightful ownership documentation to SRE that would be deemed useless and uncollectible since Stratasoft signed a sales contract directly between Stratasoft to Touch Asia, allowing Touch Asia the purchase rights and licenses instead of SRE

135.    As a direct and proximate result of Stratasoft' conspiracy to breach fiduciary duties owed by Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw to SRE, SRE has suffered damages in an amount which is unknown at this time, but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

**COUNT TEN**

**FRAUD**

**(Stratasoft)**

136.    SRE realleges and restates paragraphs 1 through 176.

137.    Stratasoft Michael Bridges, Jason Pace, Lance McCarthy Scheme engaged in numerous misrepresentations pursuant to the Michael Bridges, Jason Pace, Lance McCarthy Scheme, set forth with particularity at paragraphs 14-76.

138.    Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy Scheme made these misrepresentations with knowledge of their falsity.

139.    In making these misrepresentations, Stratasoft Michael Bridges, Jason Pace, Lance McCarthy Scheme intended to defraud SRE and to induce SRE's reliance and rob from SRE.

140.    SRE justifiably relied on Stratasoft' misrepresentations.

141.    As a direct and proximate result of Stratasoft' fraud, SRE has suffered damages in an amount which is unknown at this time, but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT ELEVEN

### CONSPIRACY TO DEFRAUD

#### (Stratasoft)

142.   SRE realleges and restates paragraphs 1 through 176.

143.   In the alternative to Count Eleven, SRE alleges that Michael Bridges, Jason Pace, Lance McCarthy and others  engaged in numerous misrepresentations, frauds, omissions with others and  pursuant to the Stratasoft, Michael Bridges, Jason Pace, Lance McCarthy  Scheme' Scheme, set forth with particularity at paragraphs 14-77.

144.   Michael Bridges, Jason Pace, Lance McCarthy and others made these misrepresentations with knowledge of their falsity.

145.   In making these misrepresentations, Michael Bridges, Jason Pace, Lance McCarthy and others intended to defraud SRE and to induce SRE's reliance.

146.   SRE justifiably relied on Michael Bridges, Jason Pace, Lance McCarthy and others misrepresentations, warrantees, and guarantees.

148.   Stratasoft Michael Bridges, Jason Pace, Lance McCarthy  had an agreement with each other, singley and or in concert, whereby they knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise further Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw and others' scheme to defraud SRE.

149.   Stratasoft Michael Bridges, Jason Pace, Lance McCarthy  Scheme engaged in numerous wrongful acts pursuant to their agreement with SRE, including (among other acts) falsely misleading any one from SRE who telephoned Stratasoft to investigate the whereabouts of paperwork sent by  Michael Bridges, Jason Pace, Lance McCarthy  Stratasoft, concealing from SRE that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw has a sales contract signed directly Touch Asia, and misrepresented, omitted and falsely sated, as well as concealed that fact from SRE.  Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw were engaged in various schemes to defraud SRE by seeking  monetary advances on equipment and request of SRE create a rental operating agreement  to Touch Asia, then Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw  who knowingly created, concealed, avoided rightful ownership and licenses or documentation to SRE that would be deemed useless and uncollectible since Stratasoft knowing signed a sales contract directly between Stratasoft to Touch Asia, allowing Touch Asia the purchase rights and licenses instead of SRE as indicated by a signed document stated in Attorney Narsets Letter dated Dec 2005, stating Sales Documents Signed by Touch Asia in April of 2004. One month before Stratasoft approached SRE.

150.    As a direct and proximate result of Stratasoft' conspiracy to defraud, SRE has suffered damages in an amount which is unknown but over $555,000.00 at this time, but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT TWELVE

### CONSPIRACY TO ENGAGE IN PROMISSORY FRAUD

#### (Stratasoft)

151    SRE realleges and restates paragraphs 1 through 167.

152.    SRE alleges that Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw fraudulently induced SRE to enter the an agreement to purchase the Stratasoft computer based, telephony call center platform to then create a rental lease contract and or review new banks in which to get Touch Asia funded.

154.    Pursuant to the May 2004 Stratasoft a sales agreement and advance of moneys sent to complete the purchase of equipment from Stratasoft, were sent to Stratasoft by SRE.  Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw falsely represented that his unethical and fraudulent scheme to get the advance money for the equipment from SRE, but in a letter from attorney Narsete, indicating no sale was done for SRE. That the client of Stratasoft, Touch Asia, when in fact one was signed between Touch Asia and Stratasoft in April of 2004, 14 months after sending the money.

155.    SRE justifiably relied on Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw' representations concerning their willingness to agree to terms of 1. Recourse or resale of equipment should the client default, 2.  A shut off switch to stop any traffic or moneys being made unjustly 3. Licensees and ownership for payment of equipment in good faith.

156.    Michael Bridges, Jason Pace, Lance McCarthy  made the promises to (in good faith) install the switch for shut off, without the intention to perform the promise. Take the advancement payments and use them for the purchase of the equipment, licenses and ownership to SRE without the intention to perform the promise.  Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw instead only intended to maintain the appearance of purchase and that he was abiding by the agreement so that he could perpetuate his scheme to defraud SRE.

157.    Stratasoft had an agreement with Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw whereby they knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise further Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw' scheme to engage in promissory fraud with regard to SRE.

158.    As a direct and proximate result of Stratasoft's Michael Bridges, Jason Pace, Lance McCarthy and Rudy Ngaw's conspiracy to engage in promissory fraud, SRE has suffered damages in an amount which is unknown at this time but over $555,000.00 , but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00) allowed for Federal court.

**WHEREFORE,** Plaintiff Schneider Rucinski Enterprises demands judgment from the Court as follows:

1.    To award damages against Stratasoft and US Colo for a sum of money equal to the amount of damages and/or losses SRE has sustained or will sustain;

2.    To treble the amount of said damages pursuant to 18 U.S.C. § 1964(c) and/or CA; statues to be defined by the courts or at trial. .

3.    To award prejudgment interest on the amount of damages and/or losses that SRE has sustained;

4.    To award all costs of litigation incurred by SRE, including its reasonable litigation fees for any legal assistance all Pro Se time and fees, as well as any legal or attorneys' fees, costs, disbursements and expenses, including experts and forensic accounting, pursuant to 18 U.S.C. § 1964(c) and/or Ca. Stat. § to be determined by the courts or at trial.;

5.    To enjoin Stratasoft and US Colo from further unjust enrichment and usage of SRE's property, and or clients and to compel Stratasoft and US Colo to pay in time and money an estimated amount of no less than 4X's the amount of original losses annually for the injury and damage to SRE reputation and repair of it.

6.    To demand that Stratasoft to sell at 2004 pricing owed as well as return to SRE all equipment and information wrongfully obtained by them; and

7.    And to award such other and further relief as the Court deems just and equitable.

Pro Se:

August 15, 2008

Noreen Rucinski

**On be half of Schneider Rucinski Enterprises**

1
2
3
4 **CERTIFICATE OF SERVICE**

5 I HEREBY CERTIFY that on this 15 day of August 2008, I caused to be mailed a true and correct

6 copy of the foregoing to the following by the method described below:

7
8
9
10
11 *By Mail Delivery:*

12 _____

13
14 *BY U.S. Mail, postage prepaid:*

15 __August 15th 2008_____.

16 _____

17 Emailed to defendants

18 ___August 15th 2008_____

19 Dated:

20                     On Behalf of

21                     SCHNEIDER RUCINSKI ENTERPRISES

22
23
     By:_____
24
                     Noreen Rucinski,
25                     On behalf of SRE
26
27
28