# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHNEIDER RUCINSKI ENTERPRISES, | CASE NO. 08cv138-WQH-POR |
| Plaintiff, | ORDER |
| vs. | |
| TOUCH ASIA; STRATASOFT, INC.; INX, INC.; US COLO AT ONE WILSHIRE, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are (1) the motion to dismiss for lack of diversity jurisdiction (Doc. # 52) filed by Defendant US COLO at One Wilshire; (2) the motion to dismiss for failure to state a claim or, in the alternative motion for more definite statement (Doc. # 53) filed by Defendant US COLO at One Wilshire; (3) the motion to dismiss for lack of subject matter jurisdiction or, in the alternative to dismiss for failure to state a claim, or in the alternative, for a more definite statement (Doc. # 54) filed by Defendants INX, Inc. and Stratasoft, Inc.; and (4) the motion for leave to file a second amended complaint filed by Plaintiff Schneider Rucinski Enterprises (Doc. # 59).

## BACKGROUND

On January 23, 2008, Plaintiff Schneider Rucinski Enterprises filed a complaint against Defendants Touch Asia Outsourcing Solutions, Inc. (Touch Asia), Rudy Ngaw, Stratasoft, Inc. (Stratasoft), INX, Inc. (INX), Lane McCarty, Jason Pace, Mike Bridges, Michael Bridges, Jr., Navros Haji, and US COLO.  (Doc. # 1).  The complaint alleged twenty claims for relief,

including claims for specific performance, breach of contract, breach of lease agreement, breach of guarantee, claim and delivery, conversion, fraud and deceit, declaratory relief, account stated, imposition of constructive trust, injunctive relief, unfair competition, intentional and negligent interference with contractual relations, intentional and negligent interference with prospective economic advantage, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent inducement, and civil conspiracy. (Doc. # 1).

On February 19, 2008, and March 14, 2008, Defendants INX, Inc. and Stratasoft, Inc. filed motions to dismiss for lack of subject matter jurisdiction. (Docs. # 7, 8, 17, 18). On April 29, 2008, this Court entered an order granting Defendants' motions to dismiss the complaint for lack of subject matter jurisdiction. (Doc. # 48). The Court found that the complaint had failed to establish diversity jurisdiction or federal question jurisdiction. The Court dismissed the complaint its entirety without prejudice and granted Plaintiff leave to file and serve an amended complaint on or before May 30, 2008.

On May 30, 2008, Plaintiff filed a First Amended Complaint (FAC) against Defendants Stratasoft, Inc.; INX Inc.; US COLO One Wilshire; and Touch Asia. (Doc. # 51). In the FAC, Plaintiff asserts eighteen claims for relief, including intentional fraud and intentional misrepresentation, fraud and deceit, constructive trust fund, RICO violations, unfair business practices, intentional interference with contractual relations, negligent misrepresentation, injunctive relief, breach of contract, breach of implied good faith, computer fraud, fraudulent inducement, telemarketing fraud, warranty fraud, breach of fiduciary duty, civil conspiracy, fraudulent conversion and conveyance, and breach of guaranty. (Doc. # 51).

On June19, 2008 Defendant US COLO filed a motion to dismiss for lack of diversity jurisdiction (Doc. # 52) and a motion to dismiss for failure to state a claim or, in the alternative, motion for a more definite statement (Doc. # 53). US COLO contends that the FAC fails to provide a short and plain statement of the nature of the dispute between the parties; and that it fails to identify the essential elements of each claim for relief or provide facts supporting these elements. (Doc. # 53-2). Defendants INX, Inc. and Stratasoft, Inc filed a motion to dismiss for lack of subject matter jurisdiction or, in the alternative to dismiss for failure to state a claim or, in

the alternative, for a more definite statement. (Doc. # 54). Defendants INX and Stratasoft contend that the FAC does not establish subject matter jurisdiction because there is neither complete diversity of parties nor any federal question presented. Defendants, contend in the alternative, that the FAC should be dismissed because Plaintiff has failed to make sufficient factual allegations by which Defendants may be held liable for the alleged claims.

On August 4, 2008, Plaintiff filed a motion for leave to further amend her complaint. (Doc. # 59). On August 15, 2008, Plaintiff filed a "response for more definitive statement of facts or (second amended complaint) draft." (Doc. # 62). The proposed second amended complaint alleges that "this amended complaint likewise falls within the federal jurisdiction of this Court as it involves a complaint for RICO act violation, federal law, through the commission of mail and wire fraud, interstate transport of stolen properties and bank fraud." (*Id*. at 2). Plaintiff contends that the RICO violations alleged in her FAC, "will be specifically stated and thoroughly shown in the Second Amended Complaint as requested by defendants." (*Id*.)

**DISCUSSION**

The Court concludes that the first amended complaint does not establish diversity jurisdiction and fails to adequately allege a federal RICO claim. Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, "leave to amend should be granted as unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("[u]ndue delay, bad faith, futility of amendment, and prejudice to opposing party are all relevant in determining propriety of a motion for leave to amend . . .").

In this case, Plaintiff moves to file her second amended complaint in an attempt to provide "a more defined statement as requested" by Defendants. (Doc. # 62 at 2). The proposed second amended complaint attempts to allege facts to support a federal RICO claim. Allowing Plaintiff to file a second amended complaint will not create undue delay and will not unduly prejudice the

1 | Defendants. The Court cannot conclude that the proposed amendments would be futile based on
2 | the pleadings or that Plaintiff is proceeding in bad faith.

## CONCLUSION

IT IS HEREBY ORDERED that (1) the motion to dismiss for lack of diversity jurisdiction (Doc. # 52) filed by Defendant US COLO is GRANTED; (2) the motion to dismiss for failure to state a claim or, in the alternative motion for more definite statement (Doc. # 53) filed by Defendant US COLO is GRANTED; (3) the motion to dismiss for lack of subject matter jurisdiction or, in the alternative to dismiss for failure to state a claim, or in the alternative, for a more definite statement (Doc. # 54) filed by Defendants INX, Inc. and Stratasoft, Inc. is GRANTED; and (4) the motion for leave to file a second amended complaint filed by Plaintiff Schneider Rucinski Enterprises (Doc. # 59) is GRANTED. Plaintiff shall file the Second Amended Complaint specifically set forth in Document # 62 within 10 days of the date of this order.

DATED: November 7, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge